Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Matthew D. Resnik, Esq. (SBN 182562)
**RESNIK HAYES MORADI, LLP**
510 W. 6th Street, Ste 1220
Los Angeles, CA 90014
(213) 572-0800  Fax: (213) 572-0880
E-mail : matt@rhmfirm.com

*Attorney(s) for Plaintiff*

FOR COURT USE ONLY

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re:

**ROBERT BENJAMIN SAUTTER**

Debtor(s).

CASE NO: **1:19-bk-11301-MT**

CHAPTER: 13

ADVERSARY NO.:

**ROBERT BENJAMIN SAUTTER,**

Plaintiff(s)

Versus

**SANTA FE GENERAL CONSTRUCTION, INC., a California corporation; JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; JOHN WHITE, an individual; All Persons Or Entities Unknown Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint, or any Cloud On Title Thereto; Does 1 to 10, Inclusive,**

Defendant(s)

**SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**
**[LBR 7004-1]**

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _ | Address: |
|---|---|
| Time: _ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: _ | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

> **KATHLEEN J. CAMPBELL**
> **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary
Proceeding:                                                                          June 24, 2019

By: _____
                              Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFF(S)<br>ROBERT BENJAMIN SAUTTER<br>5711 Reseda Blvd<br>Tarzana, CA 91356 | DEFENDANT(S)<br>SANTA FE GENERAL CONSTRUCTION, INC., a California corporation;   JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; JOHN WHITE, an individual; All Persons Or Entities Unknown Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint, or any Cloud On Title Thereto; Does 1 to 10, Inclusive |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Matthew D. Resnik, Esq.<br>**RESNIK HAYES MORADI, LLP.**<br>510 W. 6th Street, Ste 1220<br>Los Angeles, CA 90014<br>(213) 572-0800 Fax: (213) 572-0860 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

1) **FRAUD;**
2) **CIVIL CONSPIRACY;**
3) **EXPUNGMENT OF MECHANICS LIENS;**
4) **QUIET TITLE;**
5) **CANCELLATION OF INSTRUMENTS;**
6) **SLANDER OF TITLE;**
7) **ELDER ABUSE;**
8) **DECLARATORY RELIEF; and**
9) **INJUNCTIVE RELIEF**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | | FRBP 7001(6) - Dischargeability (continued) | |
|---|---|---|---|
| [ ] | 11-Recovery of money/property - §542 turnover of property | [ ] | 61-Dischargeability - §523(a)(5), domestic support |
| [ ] | 12-Recovery of money/property - §547 preference | [ ] | 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [ ] | 13-Recovery of money/property - §548 fraudulent transfer | [ ] | 63-Dischargeability - §523(a)(8), student loan |
| [ ] | 14-Recovery of money/property - other | [ ] | 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| | | [ ] | 65-Dischargeability - other |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | | | |
| [X] | 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** | |
| | | [ ] | 71-Injunctive relief - imposition of stay |
| **FRBP 7001(3) - Approval of Sale of Property** | | [X] | 72-Injunctive relief - other |
| [ ] | 31-Approval of sale of property of estate and of a co-owner - §363(h) | | |
| | | **FRBP 7001(8) Subordination of Claim or Interest** | |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | | [ ] | 81-Subordination of claim or interest |
| [ ] | 41-Objection / revocation of discharge - §727(c),(d),(e) | | |
| | | **FRBP 7001(9) Declaratory Judgment** | |
| **FRBP 7001(5) - Revocation of Confirmation** | | [X] | 91-Declaratory judgment |
| [ ] | 51-Revocation of confirmation | | |

B1040 (FORM 1040) (12/15)

| FRBP 7001(6) - Dischargeability | FRBP 7001(10) Determination of Removed Action |
|---|---|
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | [ ] 01-Determination of removed claim or cause |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| **(continued next column)** | [X] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Reasonable Attorneys Fees |

**Other Relief Sought:**

Damages, compensatory damages, consequential damages, Statutory damages, Expungment of Mechanics Liens, Quiet Title, Cancellation of Instruments, and Slander of Title

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Robert Benjamin Sautter | BANKRUPTCY CASE NO.<br>1:19-bk-11301-MT |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Maureen Tighe |
|---|---|---|

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>N/A | DIVISION OFFICE<br>N/A | NAME OF JUDGE<br>N/A |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

Matthew D. Resnik

| DATE<br>June 24, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew D. Resnik |
|---|---|

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**B1040 (FORM 1040) (12/15)**

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Matthew Resnik, Esq. (SBN 182562)
matthew@rhmfirm.com
David M. Kritzer, Esq. (SBN 170545)
david@rhmfirm.com
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd, Suite 314
Encino, California 91316
Telephone: (818) 285-0100
Facsimile: (818) 855-7013

Attorneys for Debtor
ROBERT BENJAMIN SAUTTER

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BENJAMIN SAUTTER,<br><br>Debtor,<br><br>――――――――――――――――――――<br><br>ROBERT BENJAMIN SAUTTER,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA FE GENERAL CONSTRUCTION, INC., a California corporation; JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; JOHN WHITE, an individual; All Persons Or Entities Unknown Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint, or any Cloud On Title Thereto; Does 1 to 10, Inclusive,<br><br>Defendants. | Case No.: 1:19-bk-11301-MT<br><br>Adv. No.:<br><br>Chapter 13<br><br>**VERIFIED ADVERSARY COMPLAINT FOR:**<br>**1) FRAUD;**<br>**2) CIVIL CONSPIRACY;**<br>**3) EXPUNGMENT OF MECHANICS LIENS;**<br>**4) QUIET TITLE;**<br>**5) CANCELLATION OF INSTRUMENTS;**<br>**6) SLANDER OF TITLE;**<br>**7) ELDER ABUSE;**<br>**8) DECLARATORY RELIEF;**<br>**9) INJUNCTIVE RELIEF** |

1  **COMES NOW DEBTOR/PLAINTIFF, ROBERT BENJAMIN**

2  **SAUTTER** (hereinafter "Debtor" or "Plaintiff" or "SAUTTER") and does hereby

3  complain and allege as follows:

4  <u>**PARTIES**</u>

5     1.   Plaintiff, is now, and at all times relevant to this Complaint, was an

6  individual residing in the County of Los Angeles, and the owner and resident of real

7  property commonly known as **3859 Sherwood Place, Sherman Oaks, California**

8  **91423** (hereinafter the "Subject Property"). Plaintiff is 88 years old, born June 21,

9  1930. Plaintiff is the co-trustee of the KINGSLEY TRUST (hereinafter the

10 "TRUST").

11    2.   Plaintiff is informed and believes, and based upon such information and

12 belief, thereon alleges, that at all times hereinafter mentioned, **Defendant, SANTA**

13 **FE GENERAL CONSTRUCTION, INC., a California corporation** (hereinafter

14 "SANTA FE") is, and at all times mentioned and relevant herein, a corporation

15 organized and existing under the laws of the State of California and conducting

16 business in the County of Los Angeles, State of California.

17    3.   Plaintiff is informed and believes, and based upon such information and

18 belief, thereon alleges, that at all times hereinafter mentioned, **Defendant, JUBILIO**

19 **ESCALERA, an individual** (hereinafter "ESCALERA") is, and at all times

20 mentioned and relevant herein, an individual residing and/or conducting business in

21 the County of Los Angeles, State of California.

22    4.   Plaintiff is informed and believes, and based upon such information and

23 belief, thereon alleges, that at all times hereinafter mentioned, **Defendant,**

24 **CHAIDEZ CONSTRUCTION, INC., a California corporation** (hereinafter

25 "CC") is, and at all times mentioned and relevant herein, a corporation organized

26 and existing under the laws of the State of California and conducting business in the

27 County of Los Angeles, State of California.

28    5.   Plaintiff is informed and believes, and based upon such information and

**ADVERSARY COMPLAINT**

1    belief, thereon alleges, that at all times hereinafter mentioned, **Defendant, CESAR**

2    **CHAIDEZ, an individual** (hereinafter "CHAIDEZ") is, and at all times mentioned

3    and relevant herein, an individual residing and/or conducting business in the County

4    of Los Angeles, State of California.

5        6.    Plaintiff is informed and believes, and based upon such information and

6    belief, thereon alleges, that at all times hereinafter mentioned, **Defendant,**

7    **LORENA LARA an individual** (hereinafter "LORENA") is, and at all times

8    mentioned and relevant herein, an individual residing and/or conducting business in

9    the County of Los Angeles, State of California.

10       7.    Plaintiff is informed and believes, and based upon such information and

11    belief, thereon alleges, that at all times hereinafter mentioned, **Defendant,**

12    **HUMBERTO LARA, an individual** (hereinafter "HUMBERTO") is, and at all

13    times mentioned and relevant herein, an individual residing and/or conducting

14    business in the County of Los Angeles, State of California.

15       8.    Plaintiff is informed and believes, and based upon such information and

16    belief, thereon alleges, that at all times hereinafter mentioned, **Defendant, JOHN**

17    **WHITE, an individual** (hereinafter "WHITE") is, and at all times mentioned and

18    relevant herein, an individual residing and/or conducting business in the County of

19    Clark, State of Nevada.

20       9.    The true names and capacities, whether individual, corporate, associate,

21    or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to

22    Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiff is

23    informed and believes, and on that basis alleges, that each of the Defendants

24    designated herein as a DOE is responsible in some manner, way, form and to some

25    extent for the events and occurrences referred to herein, and for the damages

26    resulting to Plaintiff. At such times as Plaintiff learns the true name and capacity of

27    any Defendant named as a DOE herein, Plaintiff will seek leave of court to amend

28    this Complaint to identify said Defendant, and include accompanying charging

**ADVERSARY COMPLAINT**

1 | allegations.

2 |     10.   Plaintiff is informed and believes, and based upon such information
3 | and belief, thereon alleges, that each Defendant named in this Complaint, including
4 | DOES, was at all times herein mentioned, and now is, the agent, servant,
5 | subsidiary, partner, member, associate, representative or employee of each of the
6 | other Defendants, including DOES, and all of the things alleged to have been done
7 | by the Defendants were done in the course and scope of agency, employment,
8 | service, subsidiary relationship, partnership, membership, association, or
9 | representative relationship, with knowledge and consent of their respective
10 | principals, employers, masters, parent corporations, partners, members, associates
11 | or representatives. Plaintiff is informed and believes, and based upon such
12 | information and belief, thereon alleges, that each defendant named as a DOE is
13 | responsible for each and every obligation hereinafter set forth.

14 | **SUBJECT REAL PROPERTY**

15 |     11.   The real property which is the subject of this action (the "Subject
16 | Property") is a single family residence located at **3859 SHERWOOD PLACE,**
17 | **SHERMAN OAKS, CALIFORNIA 91423** and legally described as **LOT(S) 28**
18 | **OF TRACT NO. 10150, IN THE CITY OF LOS ANGELES, COUNTY OF**
19 | **LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN**
20 | **BOOK 143 PAGE(S) 21 TO 24, INCLUSIVE OF MAPS, IN THE OFFICE OF**
21 | **THE COUNTY RECORDER OF SAID COUNTY.. ASSESSOR'S PARCEL**
22 | **NUMBER 2272-005-016**.

23 | **JURISDICTION AND VENUE**

24 |     12.   The Court has jurisdiction over the instant Adversary Proceeding
25 | pursuant to 28 U.S.C. §§157(a) and 1334, and Rule 7001 of the Federal Rules of
26 | Bankruptcy Procedure.

27 |     13.   This Adversary Proceeding is a core proceeding as defined under 28
28 | U.S.C. §§157(a)(2)(A),(E), and (K).

14.    Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

15.    The Debtor commenced his bankruptcy case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on March __, 2019.

**FACTUAL ALLEGATIONS**

16.    In 1978, Plaintiff purchased the Subject Property with his then wife MISUE SAUTTER via an Grant Deed dated February 22, 1978 which was recorded with the Los Angeles County Recorder's Office on May 1, 1978 as Instrument Number 78-456664, a true and correct copy of which is attached hereto as **Exhibit "A"** and is incorporated herein by this reference as though set forth in full.

17.    In October 2002, Plaintiff and MISUE SAUTTER created the MISUE SAUTTER TRUST and subsequently placed the Subject Property in the MISUE SAUTTER TRUST with MISUE SAUTTER and Plaintiff serving as Co-Trustees thereof.

18.    On July 16, 2005, MISUE SAUTTER as Trustee for the MISUE SAUTTER TRUST executed a Deed of Trust ("DOT") favor of FINANCIAL FREEDOM SENIOR FUNDING CORP a subsidiary of INDYMAC BANK, F.S.B. ("FF") securing a reverse mortgage against the Subject Property in a maximum amount of $1,354,374.00 from FF (hereinafter the "subject loan").    A true and correct copy of the DOT for the subject loan, recorded with the Los Angeles County Recorder's Office on July 21, 2005 as Instrument Number 05-1725467 is attached hereto as **Exhibit "B"** and is incorporated herein by this reference as though set forth in full.    Identified in the DOT as "Lender", and "Trustee" are FF and ALLIANCE TITLE (hereinafter "ALLIANCE") respectively.

19.    On May 29, 2016, MISUE SAUTTER died, and as a result Plaintiff became the sole Trustee of the MISUE SAUTTER TRUST.

20.    Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that at an unknown time, CLEAR RECON CORP. (hereinafter "CLEAR") became the Trustee for the subject loan.

## NOTICE OF DEFAULT

21.    Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that on October 26, 2016, CLEAR presumably at the request of FF or its successor, executed a Notice of Default ("NOD"), alleging a balance owing on the subject loan of $1,476,689.02 as of October 26, 2016. A true and correct copy of the NOD recorded with the Los Angeles County Recorder's Office on October 28, 2016 as Instrument Number 20161331981 is attached hereto as **Exhibit "C"** and is incorporated herein by reference as though set forth in full.

## NOTICE OF TRUSTEE'S SALE

22.    Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that on January 30, 2017, CLEAR executed a Notice of Trustee's Sale ("NOTS") against the Subject Property, identifying a sale date of March 1, 2017 at 10:30 am. A true and correct copy of the NOTS recorded with the Los Angeles County Recorder's Office on February 8, 2017 as Instrument Number 20170158341 is attached hereto as **Exhibit "D"** and is incorporated herein by reference as though set forth in full.

23.    Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that in February 2017, he was introduced to Defendant ESCALERA who, under the guise of promising assistance with saving Plaintiff's home from foreclosure, induced Plaintiff to sign a fractional interest in the Subject Property to a trust he had formed without Plaintiff's knowledge, THE KINGSLEY TRUST.

## FRAUDULENT GRANT DEED 1

24.    On February 27, 2017, under the influence and direction of Defendant ESCALERA, Plaintiff executed a Grant Deed (hereinafter "GD1") in which he conveyed a one-eighth (1/8) interest in the Subject Property to ROBERT B. SAUTTER as Co-Trustee of THE KINGSLEY TRUST. A true and correct copy of GD1 recorded with the Los Angeles County Recorder's Office on February 28,

1  2017 as Instrument Number 20170232407 is attached hereto as **Exhibit "E"** and is

2  incorporated herein by reference as though set forth in full.

3      25.    Plaintiff has no affiliation with THE KINGSLEY TRUST, did not

4  participate in its formation and is unaware of who the named trustees are for THE

5  KINGSLEY TRUST. Plaintiff is informed and believes, and based upon such

6  information and belief, thereon alleges, that Defendants LORENA and

7  HUMBERTO apparently are Co-Trustees of the KINGSLEY TRUST along with

8  him. Plaintiff has never met LORENA or HUMBERTO and does not know them or

9  otherwise conduct any business with them. As a result, Plaintiff contends that GD1

10 is fraudulent, void, and of no force and effect as to his title to the Subject Property.

11          **UNAUTHORIZED BANKRUPTCY FILING**

12     26.    Plaintiff is informed and believes, and based upon such information

13 and belief, thereon alleges, that on February 28, 2017, **the day before the**

14 **foreclosure sale**, unbeknownst to Plaintiff, LORENA dba THE KINGSLEY

15 TRUST filed a petition under Chapter 13 of the United States Bankruptcy Code in

16 the United States Bankruptcy Court for the Eastern District of California-Modesto

17 Division, Case Number 17-90146 in which she included her interest in the Subject

18 Property as one of her assets.

19     27.    Plaintiff did not know about this filing, does not know LORENA, and

20 did not authorize her to include the Subject Property in her bankruptcy filing.

21     28.    Plaintiff is further informed and believes, and based upon such

22 information and belief, thereon alleges, that on March 30, 2017, LORENA's

23 bankruptcy case was dismissed.

24          **FIRE AT THE SUBJECT PROPERTY**

25     29.    On May 25, 2017, the Subject Property suffered a devastating fire

26 which rendered it uninhabitable. In fact, the Subject Property was subsequently "red

27 tagged" by the City of Los Angeles.

28     ///

**ADVERSARY COMPLAINT**

## **FALSE MECHANIC LIENS**

30.    Unbeknownst to Plaintiff, Defendants ESCALERA and CHAIDEZ on behalf of their companies SANTA FE and CC and HUMBERTO as Co-Trustee of THE KINGSLEY TRUST engineered a scheme to interfere with Plaintiff's title to the Subject Property by executing and recording false Mechanics Liens against the Subject Property despite the absence of any written contract with Plaintiff or any authorization by Plaintiff to conduct any work at the Subject Property.

31.    Specifically, Plaintiff is informed and believes, and based upon such information and belief thereon alleges that a review of title reveals the following unauthorized Mechanics Liens recorded against the Subject Property:

      a. On September 1, 2017, Defendant SANTA FE by and through Defendant ESCALERA recorded a Mechanics Lien (hereinafter "ML1") in the amount of $141,231.00 against the Subject Property with the Los Angeles County Recorder's Office as Instrument Number 20171000698, a true and correct copy of which is attached hereto as **Exhibit "F"** and is incorporated herein by this reference as though set forth in full. Notably, ML1 references that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST";

      b. On February 16, 2018, Defendant CC by and through Defendant CHAIDEZ recorded a Mechanics Lien (hereinafter "ML2") in the amount of $91,250.00 against the Subject Property with the Los Angeles County Recorder's Office as Instrument Number 20180162794, a true and correct copy of which is attached hereto as **Exhibit "G"** and is incorporated herein by this reference as though set forth in full. Notably, ML2 also references that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST";

c. On February 16, 2018, Defendant SANTA FE by and through Defendant ESCALERA recorded a Mechanics Lien (hereinafter "ML3") in the amount of $141,231.00 against the Subject Property with the Los Angeles County Recorder's Office as Instrument Number 20180162795, a true and correct copy of which is attached hereto as **Exhibit "H"** and is incorporated herein by this reference as though set forth in full. Notably, ML3 references also that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST" and is for the exact same amount as ML1, and further appears to just be an altered version of ML1, which Plaintiff believes is an improper way to circumvent the statutory deadlines by Defendant;

d. On April 11, 2019, Defendant SANTA FE by and through Defendant ESCALERA recorded a Mechanics Lien (hereinafter "ML4") in the amount of $141,231.00 against the Subject Property with the Los Angeles County Recorder's Office as Instrument Number 20190326560, a true and correct copy of which is attached hereto as **Exhibit "I"** and is incorporated herein by this reference as though set forth in full. Notably, ML4 references also that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST" and is for the exact same amount as ML1 and ML3, and further appears to just be an altered version of ML3, which Plaintiff believes is an improper way to circumvent the statutory deadlines by Defendant;

32. Plaintiff is further informed and believes, and based upon such information and belief thereon alleges that none of ML1 through ML4: 1) was supported by any written or verbal contract with Plaintiff; 2) was preceded by any required Preliminary Notice (as mandated under California *Civil Code* sections

1   8100, et seq. and 8410) or 3) was the subject of any action to enforce said liens

2   within the 90 day period set forth in California *Civil Code* section 8460.

3      33.    Plaintiff is further informed and believes, and based upon such

4   information and belief thereon alleges that ML1, ML3, and ML4 are not based upon

5   separate claims but are all duplicative of one another and were recorded

6   fraudulently by Defendants SANTA FE, CC, CHAIDEZ, and ESCALERA solely to

7   renew their false claims against Plaintiff and the Subject Property so as to

8   fraudulently extend any expired statute of limitation for enforcement of said liens.

9      34.    Plaintiff is informed and believes, and based upon such information

10   and belief thereon alleges that a recent review of a Title Report for the Subject

11   Property revealed that ML1 through ML4 were still recorded against the Subject

12   Property, thereby clouding title thereto.

13                      **FRAUDULENT GRANT DEED 2**

14      35.    Plaintiff is informed and believes, and based upon such information

15   and belief thereon alleges that on February 11, 2019, without any knowledge or

16   authorization of Plaintiff, someone purporting to be Plaintiff in his capacity of

17   authorized Trustee for the KINGLSEY TRUST executed a Grant Deed (hereinafter

18   "GD2") in which Plaintiff conveyed title to the Subject Property to Defendant

19   WHITE. A true and correct copy of GD2 recorded with the Los Angeles County

20   Recorder's Office on April 1, 2019 as Instrument Number 20190281558 is attached

21   hereto as **Exhibit "J"** and is incorporated herein by reference as though set forth in

22   full.

23      36.    Plaintiff has no affiliation with THE KINGSLEY TRUST, did not

24   participate in its formation and is unaware of who the named trustees are for THE

25   KINGSLEY TRUST. Plaintiff also did not sign the **Exhibit "J"** GD2, does not

26   know Defendant WHITE and did not authorize anyone to sign GD2 on his behalf.

27   As a result, Plaintiff contends that GD2 is fraudulent, void, and of no force and

28   effect as to his title to the Subject Property.

**ADVERSARY COMPLAINT**

# FIRST CAUSE OF ACTION
## FRAUD
### (Against All Defendants)

37.    Plaintiff realleges and incorporates by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

38.    Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, that the Defendants ESCALERA, CHAIDEZ and their companies SANTA FE and CC intentionally created false Mechanics Liens (ML1 through ML4) without his knowledge and without performing any work, intentionally re-recorded duplicative Mechanics Liens so as to renew the statute of limitations period, and refused to release the Mechanics Liens when they expired so that they could interfere with Plaintiff's title to the Subject Property.

39.    Plaintiff is further informed and believes, and based upon such information and belief, thereon alleges, that the Defendants ESCALERA, CHAIDEZ and their companies SANTA FE and CC intentionally misrepresented that they had a written agreement with Plaintiff or that Plaintiff ever consented to or otherwise authorized any work to be performed at the Subject Property by them.

40.    Plaintiff is further informed and believes, and based upon such information and belief, thereon alleges, that Defendants HUMBERTO fraudulently represented himself as an owner of the Subject Property in order to allegedly authorize Defendants ESCALERA, CHAIDEZ and their companies SANTA FE and CC to perform work at the Subject Property as a precursor of recording the false ML1 through ML4.

41.    Plaintiff is further informed and believes, and based upon such information and belief, thereon alleges, that the Defendant ESCALERA misrepresented to Plaintiff the true purpose of the **Exhibit "E"** GD1, took advantage of Plaintiff's diminished capacity, and convinced him to sign it and thereafter recorded it in Official Records Recorder's office, Los Angeles County, California.

42.    Plaintiff is further informed and believes, and based upon such

1  information and belief, thereon alleges, that Defendants ESCALERA, LORENA and

2  HUMBERTO created THE KINGSLEY TRUST and named themselves as Co-

3  Trustees thereof in order to improperly acquire an interest in the Subject Property for

4  no consideration in order to deprive Plaintiff, a senior citizen, of his property.

5      43.    Plaintiff is further informed and believes, and based upon such

6  information and belief, thereon alleges, that the **Exhibit "J"** GD2, is fraudulent,

7  unauthorized, void was not signed by him, and was recorded it in Official Records

8  Recorder's office, Los Angeles County, California without his knowledge or

9  authority.

10     44.    All of the representations made by Defendants were in fact false. At no

11 time did Plaintiff ever agree to voluntarily transfer any interest in the Subject

12 Property and he would not have transferred any interest if he had known the

13 Defendants' true motives.

14     45.    Plaintiff is informed and believes, and based upon such information and

15 belief, thereon alleges, that when the Defendants made these representations to him

16 they knew them to be false, and these representations were made by Defendants with

17 the intent to defraud the Plaintiff.

18     46.    Plaintiff is informed and believes, and based upon such information and

19 belief, thereon alleges, that Defendants knowingly made false representations of a

20 matter of fact that was intended to deceive Plaintiff and Plaintiff's Lender to believe

21 the transfer to the Defendants through the GD1 and GD2 and further that ML1

22 through ML4 were true and correct.

23     47.    Defendants' forgery and material fraud has caused Plaintiff actual

24 damages in the sum in excess of the jurisdiction minimums of this court, subject to

25 proof at time of trial. Plaintiff also lost equity in the Subject Property and attorney's

26 fees associating with attempting to unravel this fraudulent scheme, all in the total

27 amount to be shown according to proof at time of trial.

28     48.    As a further proximate result of Defendant's fraud and deceit and the

1  facts herein alleged, Plaintiff was forced to take actions to undo the fraudulent

2  recordings by reason of which Plaintiff has been damaged in a sum to be

3  determined.

4      49.    As a further direct and proximate result of Defendant's actions Plaintiff

5  was forced to retain counsel to enforce his rights to the Subject Property. Plaintiff is

6  therefore entitled to and award of attorney's fees and costs of suit according to proof

7  at the conclusion of this case.

8      50.    The aforementioned conduct and misrepresentations of Defendants and

9  each of them, acting through responsible authorized agents and employees, was an

10 intentional fraud, misrepresentation, deceit, or concealment of a material fact known

11 to the Defendants with the intention on the part of the Defendants of thereby

12 depriving Plaintiff of property or legal rights or otherwise causing injury, and was

13 despicable conduct that subjected Plaintiff to a cruel and unjust hardship in

14 conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and

15 punitive damages.

**SECOND CAUSE OF ACTION**
**CIVIL CONSPIRACY**
**(Against All Defendants)**

16
17

18      51.    Plaintiff realleges and incorporates by this reference all the allegations

19  of the preceding paragraphs of this Complaint as though fully set forth herein.

20      52.    Plaintiff is informed and believes, and based upon such information and

21  belief, thereon alleges that Defendants and each of them, participated in a civil

22  conspiracy with each other to intentionally defraud the actual owner of the Subject

23  Property by intentionally creating, notarizing and submitting fraudulent documents

24  to set up THE KINGSLEY TRUST, to convince him to transfer the title to the

25  Subject Property to THE KINGSLEY TRUST to the detriment and loss of the

26  Plaintiff.

27      53.    Plaintiff is informed and believes, and based upon such information and

28  belief, thereon alleges, that Defendants and each of them shared a common plan or

**ADVERSARY COMPLAINT**

1 | design.

2 | 54.    Plaintiff is informed and believes, and based upon such information and
3 | belief, thereon alleges that Defendants and each of them committed the underlying
4 | fraudulent and malicious acts against the Plaintiff as described above in furtherance
5 | and completion of that common plan or design.

6 | 55.    As a direct and proximate result of the formation and operation of the
7 | commons plan or design to commit fraud and malicious acts against the Plaintiff's
8 | interests, civil conspiracy between Defendants and each of them, Defendants now
9 | claim an interest in title to Subject Property through the false GD1 and GD2 and
10 | claim lien interests against the Subject Property through ML1 through ML4.

11 | 56.    As a direct and proximate result thereof, Plaintiff has suffered damages
12 | to his continuing detriment in an amount to be proven at trial, and continue to suffer
13 | damages, far in excess of the jurisdictional minimum of this Court.

14 | 57.    In committing the acts herein alleged, Defendants and each of them
15 | acted with malice, and committed intentional acts of fraud, and thus Plaintiff is
16 | entitled to an award of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**
**EXPUNGEMENT OF MECHANICS LIENS**
**(Against All Defendants)**

19 | 58.    Plaintiff realleges and incorporates by this reference all the allegations
20 | of the preceding paragraphs of this Complaint as though fully set forth herein.

21 | 59.    At all times herein mentioned, Plaintiff is the owner of the Subject
22 | Property described hereinabove.

23 | 60.    At all times relevant herein, Defendants were engaged in the businesses
24 | of general contracting, subcontracting, supplying labor, material, or equipment, etc.
25 | and claim to have contributed to the work of improvement on the Subject Property.

26 | 61.    On the above described dates ML1 through ML4 were recorded, in the
27 | Official Records of Los Angeles County, State California in the amounts indicated
28 | in **Exhibits "F"** through **"I"**.

1    62.    Defendants failed to bring an action to enforce the ML1 through ML4

2  liens within 90 days after the recordation of the claim of lien, as required by

3  California *Civil Code* § 8460. No action has been filed to foreclose the liens; no

4  extension of credit has recorded; and the time period during which suit can be

5  brought to foreclose the lien has expired. Moreover, ML4 is merely duplicative of

6  the previously expired ML3 and is therefore subject to expungement in full.

7    63.    Despite repeated demands by Plaintiff, Defendants are unwilling to

8  execute a release of the **Exhibits "F"** through **"I"** liens ML1 through ML4.

9    64.    As a result, Plaintiff is entitled to an Order expunging the **Exhibits "F"**

10  through **"I"** ML1 through ML4.

11    65.    The aforementioned recordings made it necessary for Plaintiff to retain

12  attorneys and to bring this action to cancel the instruments casting doubt on

13  Plaintiff's title. Therefore, Plaintiff is entitled to recover attorneys' fees incurred in

14  cancelling the ML1 through ML4 liens. The exact amount of such damages is not

15  known to Plaintiff at this time and Plaintiff will amend this complaint to state such

16  amount when the same becomes known, or on proof thereon.

**FOURTH CAUSE OF ACTION**
**QUIET TITLE**
**(Against All Defendants)**

19    66.    Plaintiff realleges and incorporates by this reference all the allegations

20  of the preceding paragraphs of this Complaint as though fully set forth herein.

21    67.    Plaintiff is informed and believes, and based upon such information and

22  belief, thereon alleges, that Defendants, and each of them in derogation of Plaintiff's

23  rights, claim an ownership interest in and title to and possession of the Subject

24  Property.

25    68.    Plaintiff seek to quiet title against the ownership claim of Defendants as

26  of the day prior to any alleged transfer because Defendants' claims are without any

27  right and Defendants have no right, title, estate, lien, or interest in the Subject

28  Property. The Subject Property is described above and in the **Exhibit "A"** Grant

1  Deed.

2      69.    Plaintiff claims the right to title to the Subject Property because the
3  **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the
4  **Exhibit "J"** GD2 were executed as the result of fraud and without the authorization
5  of Plaintiff, making them void entirely.

6      70.    Plaintiff names as Defendants in this action all persons unknown
7  claiming (a) any legal or equitable right, title, estate, lien, or interest in the Subject
8  Property adverse to Plaintiff's title, or (b) any cloud on Plaintiff's title to the Subject
9  Property.  The claims of each unknown Defendants are without any right, and these
10  Defendants have no right, title, estate, lien, or interest in the Subject Property
11  beyond those granted by virtue of the Note and Deed of Trust securing the subject
12  loan.

13      71.    Plaintiff desires and is entitled to a judicial declaration quieting title to
14  the Subject Property in Plaintiff's favor as of the day before the **Exhibit "E"** GD1,
15  the **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2 were
16  executed and restoring complete title to Plaintiff.

17                          **FIFTH CAUSE OF ACTION**
                  **CANCELLATION OF INSTRUMENTS**
18                          **(Against All Defendants)**

19      72.    Plaintiff realleges and incorporates by this reference all the allegations
20  of the preceding paragraphs of this complaint as though fully set forth herein.

21      73.    Defendants may claim an estate or interest in the Subject Property
22  described hereinabove adverse to that of Plaintiff's by virtue of the **Exhibit "E"**
23  GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2
24  recorded with the Los Angeles County Recorder, but Defendants' claims are without
25  any right because Defendants have no estate, right, title, or interest in the real
26  property in light of the aforementioned fraudulent conduct.

27      74.    The claims of Defendants are based on the void **Exhibit "E"** GD1, the
28  **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2 described

hereinabove, and purporting secure unsupported amounts against the Subject Property to Defendants.

75.    Although the **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2 once reviewed may appear valid on their faces, based upon the aforementioned misconduct and omissions of Defendants they are invalid and void and of no legal force or effect regarding Plaintiff's interest in the Subject Property for the reasons set forth hereinabove.

76.    The estate or interest in the Subject Property claimed by Defendants, strips Plaintiff's rightful title, interest and equity in the Subject Property, restricts Plaintiff's full use and enjoyment of the real property, and hinders Plaintiff's right to unrestricted alienation of it.  If the **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through M4 and the **Exhibit "J"** GD2 are not canceled, there is an absolute certainty that Plaintiff will suffer serious and irreparable injury.

77.    Plaintiff therefore is entitled to an Order cancelling the fraudulent **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2.

### SIXTH CAUSE OF ACTION
### SLANDER OF TITLE
**(Against All Defendants)**

78.    Plaintiff realleges and incorporates by this reference all the allegations of the preceding paragraphs of this complaint as though fully set forth herein.

79.    On or about February 10, 2017, Plaintiff was the owner in fee simple title to the Subject Property described above in Paragraph 1 pursuant to the **Exhibit "A"** Grant Deed recorded on Los Angeles County Recorder's Office on May 1, 1978 as Instrument Number 78-456664. Plaintiff's sole ownership will be established at the time of trial by judicial notice of the recorded instruments in the chain of title.

80.    On or about February 28, 2017, Defendants, and each of them, willfully, wrongfully, without justification, and without privilege published or

1   caused to be recorded the **Exhibit "E"** GD1 concerning the Subject Property after

2   taking advantage of Plaintiff's diminished capacity.

3       81.    On the dates indicated above, Defendants, and each of them, willfully,

4   wrongfully, without justification, and without privilege published or caused to be

5   recorded the **Exhibits "F"** through **"I"** ML1 through ML4.

6       82.    On or about April 1, 2019 Defendants, and each of them, willfully,

7   wrongfully, without justification, and without privilege published or caused to be

8   recorded the **Exhibit "J"** GD2 concerning the Subject Property.

9       83.    The aforesaid **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1

10  through ML4 and the **Exhibit "J"** GD2 were and are void, or false, and have caused

11  doubt to be cast on Plaintiff's title to the Subject Property.

12      84.    The publication and recording of the aforesaid **Exhibit "E"** GD1, the

13  **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2 without

14  authorization of Plaintiff depreciates the market value of the Subject Property,

15  restricts Plaintiff's full use, enjoyment and right to develop the Subject Property, and

16  directly impairs the vendibility of the Subject Property on the open market.

17      85.    As a direct and proximate result thereof, Plaintiff has suffered damages

18  to his continuing detriment in an amount to be proven at trial, and continue to suffer

19  damages, far in excess of the jurisdictional minimum of this Court.

20      86.    The aforementioned publication and recording made it necessary for

21  Plaintiff to retain attorneys and to bring this action to cancel the instrument casting

22  doubt on Plaintiff s title. Therefore, Plaintiff is entitled to recover attorneys' fees

23  incurred in cancelling the **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1

24  through ML3 and the **Exhibit "J"** GD2. The exact amount of such damages is not

25  known to Plaintiff at this time and Plaintiff will amend this complaint to state such

26  amount when the same becomes known, or on proof thereon.

27      87.    Further, the aforementioned publication and recording was motivated

28  by oppression and malice on the part of defendants. Therefore, the awarding of

exemplary and punitive damages is justified, and thus Plaintiff is entitled to an award of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION
### ELBER ABUSE
### (Against All Defendants)

88.     Plaintiff realleges and incorporates by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

89.     This cause of action is brought pursuant to California *Welfare & Institutions Code* sections 15600 et seq. (The Elder Abuse and Dependent Adult Protection Act).

90.     At the time of Defendants and each of them acts, Plaintiff was 87 years old. He was an "elder" as defined by California *Welfare & Institutions Code* section 15610.27 and is, therefore, entitled to the statutory protections from abuse provided by *Welfare & Institutions Code* sections 15610.07. Defendants knew Plaintiff was an elder.

91.     By their actions, Defendants are responsible for elder abuse because their treatment of Plaintiff, as described above, resulted in physical harm and/or pain and/or mental suffering in violation of California *Welfare & Institutions Code* § 15610.07(a) and Plaintiff is entitled to the remedies provided by the Elder Abuse Act.

92.     As a legal result of Defendants' conduct, Plaintiff has suffered damages, including general and economic damages, including mental distress, in an amount according to proof at trial.

93.     As a legal result of Defendants' conduct, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this litigation. Plaintiff, if successful in this action, is entitled to recover such fees and costs from Defendants, under the provisions of California *Welfare & Institutions Code* Section 15657.5(a).

94.     In committing the actions and conduct described above, Defendants, and each of them, acted with recklessness, oppression, fraud, and malice, and

1   Plaintiff is therefore is entitled to an award of exemplary or punitive damages

2   pursuant to California *Welfare & Institutions Code* Section 15657.5 and California

3   *Civil Code* Section 3294 and treble damages pursuant to California *Civil Code*

4   Section 3345.

### EIGHTH CAUSE OF ACTION
### DECLARATORY RELIEF
### (Against All Defendants)

95.   Plaintiff realleges and incorporates by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

96.   An actual controversy has arisen and now exists between Plaintiff and Defendants regarding Defendants' claim of ownership to the Subject Property.

97.   Plaintiff contends that as a result of the fraudulent conduct identified hereinabove, Defendants have no rightful claim of title to or possession of the Subject Property.

98.   Defendants are expected to claim that they are entitled to title and possession of the Subject Property based on Plaintiff's alleged agreements with them.  Defendants are also expected to argue that the subject Mechanics Liens 1 and 2 are valid and were lawfully recorded and that nothing was done to affect their interest in the Subject Property.

99.   Plaintiff therefore desires and is entitled to a judicial determination of the parties' rights and duties, and a declaration as to whether Defendants have a duty to rescind the **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2and restore full title to the Subject Property in the name of Plaintiff. A judicial determination is needed because Defendants are anticipated to attempt to foreclose upon the Subject Property and possibly sell it to a third party, which will permanently deprive Plaintiff of the equity, title and use and enjoyment thereof.

///

///

### NINTH CAUSE OF ACTION
#### INJUNCTIVE RELIEF
#### (Against All Defendants)

100.    Plaintiff realleges and incorporates by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

101.    As stated above, Defendants have wrongfully claimed and acquired title to the Subject Property as a result of the above-described wrongful acts. As a result, Plaintiff contends that Defendants have no claim of right or title to the Subject Property.

102.    Defendants' claim of title is based on the above-referenced false **Exhibit "E"** GD1, the **Exhibits "F"** through **"H"** ML1 through ML4 and the **Exhibit "J"** GD2.

103.    Plaintiff has alleged that the **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2 are void and he is therefore entitled to seek injunctive relief.

104.    Based on the foregoing, any claim of title by the Defendants is unlawful and void, including as to any subsequent third-party buyers.

105.    By reason of the wrongful and unlawful theft of title, Plaintiff will sustain great and irreparable injury because he will permanently lose his property and its substantial equity, and it will be impossible for him to obtain adequate relief by way of money damages because of the unique nature of real property and, Plaintiff therefore, is without an adequate remedy at law.

106.    In addition, if Defendants sell the Subject Property to a third party, it will be difficult if not impossible for Plaintiff to recover said property because said third party could be protected as a bona fide purchaser for value.

107.    Plaintiff will have sustained damages in excess of the jurisdictional limit of this Court, and, **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2 are not cancelled, will sustain further damages in an undetermined amount.

1    108.    Plaintiff therefore seeks to enjoin any further efforts to sell or transfer

2 the Subject Property as well as to evict him from the Subject Property.

3    **PRAYER FOR RELIEF**

4    **WHEREFORE**, Plaintiff/Debtor, prays for judgment against Defendants as

5 follows:

6    1.    For actual damages according to proof;

7    2.    For compensatory damages as permitted by law;

8    3.    For consequential damages as permitted by law;

9    4.    For statutory damages as permitted by law;

10    5.    For expungement of ML1 through ML4;

11    6.    For equitable relief as permitted by law including cancellation of the

12        fraudulent GD1 and GD2 and ML1 through ML4 and restoration of title

13        to Plaintiff's name alone;

14    7.    For an Order quieting title in the Subject Property to Plaintiffs' name

15        alone as of February 27, 2017;

16    8.    For reasonable attorneys' fees and costs;

17    9.    For such other and further relief as this Court deems just and proper.

18        **RESNIK HAYES MORADI, LLP**

19

20 Dated: June 24, 2019        By:    _____

21            MATTHEW D. RESNIK,
            DAVID M. KRITZER,

22            Attorneys for Plaintiff,
            ROBERT BENJAMIN SAUTTER

23

24

25

26

27

28

**ADVERSARY COMPLAINT**

# VERIFICATION

COUNTY OF LOS ANGELES                    )

STATE OF CALIFORNIA                      )

    I, ROBERT BENJAMIN SAUTTER am the Debtor and the Plaintiff in this action.

    I have read the attached Verified Adversary Complaint and the facts and allegations contained therein are true to the best of my knowledge and recollection, except as to those matters stated on information and/or belief and, as to those matters, I believe them also to be true.

    We hereby declare under penalty of perjury that the foregoing is true and correct.

    Executed at the City of _Encino_____, California on June _29_, 2019

_____

ROBERT BENJAMIN SAUTTER

**ADVERSARY COMPLAINT**

# EXHIBIT "A"

RECORDING REQUESTED BY

RECORDED AT THE REQUEST OF CALIF. LAND TITLE CO.

**78- 456664**

AND WHEN RECORDED MAIL TO

Name
Street Address
City & State

Robert & Misue Sautter
3859 Sherwood Place
Sherman Oaks, Ca.

MAIL TAX STATEMENTS TO

Name
Street Address
City & State

RECORDING REQUESTED BY AND MAIL TO

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

MAY 1 1978 AT 8 A.M.

Recorder's Office

SPACE ABOVE THIS LINE FOR RECORDER'S USE

FEE
$4
2T

# Grant Deed

### THIS FORM FURNISHED BY COMMONWEALTH LAND TITLE COMPANY

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 154.00
(XX) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area:  ( XX) City of __Los Angeles__ , and

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

   MELVIN B. BOXER, an unmarried man, and
   JANET M. ZAVATTO, a single woman
hereby GRANT(S) to

   ROBERT SAUTTER AND MISUE SAUTTER, husband and wife, as joint tenants

the following described real property in the city of Los Angeles
County of  Los Angeles            , State of California:

   Lot 28 of Tract 10150 as per map recorded in Book 143 Pages 21
   through 24 inclusive of maps in the office of the County Recorder
   of said County.

Dated   February 22, 1978

_Melvin B Boxer_
MELVIN B. BOXER

STATE OF CALIFORNIA,
COUNTY OF Los Angeles
On  Feb. 27 , 1978   before me, the under-
signed, a Notary Public in and for said State, personally appeared
Melvin B. Boxer, and
Janet M. Zavatto

_Janet M. Zavatto_
JANET M. ZAVATTO

, known to me
to be the person S whose name S are scribed to the within
instrument and acknowledged that they executed the same.
WITNESS my hand and official seal.

Signature _Frances Sievert_

Name (Typed or Printed)

OFFICIAL SEAL
FRANCES SIEVERT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires DEC. 1 1980

(This area for official notarial seal)

Title Order No.                    Escrow or Loan No.

MAIL TAX STATEMENTS AS DIRECTED ABOVE        8707084-20

78— 456664

2

(Individual)

STATE OF CALIFORNIA } ss.
COUNTY OF Los Angeles }

On April 5, 1978 before me, the undersigned, a Notary Public in and for said
State, personally appeared MELVIN B. BOXER

, known to me

to be the person whose name is subscribed
to the within instrument and acknowledged that she
executed the same.

WITNESS my hand and official seal.

Signature _____

OFFICIAL SEAL
FRANCES SIEVERT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires DEC. 1, 1980

(This area for official notarial seal)

Name (Typed or Printed)

← STAPLE HERE →

END OF RECORDED DOCUMENT

Requested By: , Printed: 3/5/2019 12:33 PM
Page 2 of 2
Order: QuickView_
Doc: 1978-456664

# EXHIBIT "B"

**▲** **This page is part of your document - DO NOT DISCARD** **▲**

**05 1725467**

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**07/21/05 AT 08:00am**

# TITLE(S) :

**▲**  **▲**

L E A D    S H E E T

**FEE** **D.T.T.**

| FEE $50—M |
| DAF $ 4 |
| C-20 |

13
2T

NOTIFICATION SENT-$4

**CODE**
**20**

**CODE**
**19**

**CODE**
**9____**

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

**▲** **THIS FORM IS NOT TO BE DUPLICATED** **▲**

WHEN RECORDED MAIL TO

NAME: FINANCIAL FREEDOM
SENIOR FUNDING CORP

MAILING
ADDRESS 3009 DOUGLAS BLVD

CITY, STATE
ZIP CODE ROSEVILLE CA
95661

05 1725467

2

_____

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**TITLE(S)**

DEED OF TRUST

7/21/05

**Recording Requested by:**
Financial Freedom Senior Funding Corp
a Subsidiary of IndyMac Bank, F.S.B.

05 1725467

**When recorded mail to:**
Financial Freedom Senior Funding Corp
a Subsidiary of IndyMac Bank, F.S.B.
3009 Douglas Boulevard, Suite 210
Roseville, California 95661

3

**LOAN NO: 7044079**

------- [Space Above This Line for Recording Data] -------

## DEED OF TRUST

### THIS DEED OF TRUST SECURES A REVERSE MORTGAGE LOAN.

**THIS DEED OF TRUST SECURES AN OPEN-END (REVOLVING) LINE OF CREDIT WHICH PROVIDES FOR PAYMENTS, FUTURE ADVANCES AND A VARIABLE RATE OF INTEREST AS SET FORTH IN A CASH ACCOUNT ADJUSTABLE RATE REVERSE MORTGAGE LOAN ACCOUNT DISCLOSURE STATEMENT AND AGREEMENT DATED THE SAME DATE AS THIS DEED OF TRUST ("AGREEMENT"). THE PROVISIONS OF THE AGREEMENT ARE INCORPORATED HEREIN BY THIS REFERENCE.**

THIS DEED OF TRUST ("Security Instrument") is made on **JULY 16, 2005**. The trustor is **MISUE SAUTTER, TRUSTEE OF THE MISUE SAUTTER TRUST DATED OCTOBER 29, 2002 (A MARRIED PERSON'S SEPARATE PROPERTY TRUST)**, ("Borrower") (unless the context indicates otherwise, the terms "Borrower", "I", "we", "us", "me", "my", "mine" and "our" refer collectively to all trustors under this Security Instrument). The trustee is **ALLIANCE TITLE** ("Trustee") with a mailing address of 3005 DOUGLAS BOULEVARD, SUITE 200, ROSEVILLE, CA 95661. The beneficiary is Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., a Delaware corporation, and whose office address is 3009 Douglas Boulevard, Suite 210, Roseville, California 95661 ("Lender") (unless the context indicates otherwise, the terms "Lender", "you" and "your" refer to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B.. "Loan" and "Account" refer to the loan evidenced by the Agreement. Borrower owes Lender a maximum principal sum of **ONE MILLION THREE HUNDRED FIFTY FOUR THOUSAND THREE HUNDRED SEVENTY FOUR DOLLARS AND NO CENTS (U.S. $1,354,374.00)**, plus all interest and other amounts due as set forth below.

This debt is evidenced by the Agreement, which provides for a single payment due and payable in the ordinary course, upon the earliest to occur of any of the Maturity Events as set forth more fully in

7/21/05

Section 6 of the Agreement, which are as follows: (a) the sale, conveyance, transfer or assignment of any part of the Property, as defined below, or any of Borrower's rights in the Property, whether voluntarily or involuntarily, by operation of law or otherwise, to a person other than any of the original Borrowers, without Lender's prior written consent, (b) the Borrower's death or, if there is more than one Borrower, the death of the last living Borrower; and (c) all Borrowers ceasing to use the Property as their principal residence.

This Security Instrument secures to you (a) repayment of the debt evidenced by the Agreement, including principal (which includes the Initial Advance (as referred to in the Agreement) and all future Advances made after the date of this Security Instrument), all interest thereon, all other amounts and charges set forth in the Agreement or this Security Instrument and all renewals, replacements, extensions and modifications of the Agreement and this Security Instrument; (b) the payment of all other amounts, with interest, advanced under the Agreement or Section 6 of this Security Instrument to protect the security of this Security Instrument; and (c) the performance of my obligations and agreements under this Security Instrument and the Agreement. For this purpose, I irrevocably grant and convey to Trustee, in trust, with power of sale, the following described property located in **LOS ANGELES** County, **California**:

[See Exhibit "A" attached hereto.]

which has the address of **3859 SHERWOOD PLACE, SHERMAN OAKS, CALIFORNIA 91423**
("Property Address");

TOGETHER WITH all the improvements now or in the future erected on such property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures which are now or in the future become a part of said property. All replacements and additions shall also be covered by this Security Instrument. All of the property described above and in Exhibit "A" is referred to in this Security Instrument as the "Property".

I HEREBY WARRANT that all of the statements and representations I have made in the Agreement with respect to the Property are true and correct.

I FURTHER COVENANT AND AGREE as follows:
1      **Payment of Principal, Interest and Fees.**
       I will promptly pay, or cause to be paid, to Lender when due the principal of the debt evidenced by the Agreement (the "Principal Amount"), all interest thereon, and all fees, charges and other amounts due under the Agreement or this Security Instrument.
2      **Charges; Liens.**
       I will pay prior to delinquency all taxes, assessments, charges, fines and impositions attributable to the Property, and I will pay these obligations directly to the person or entity owed payment. I will, upon your request, promptly furnish to you all notices of amounts to be paid under this Section and all receipts evidencing those payments.

       I will promptly discharge any lien on the Property which may attain priority over this Security Instrument (other than as listed in the title insurance policy ("Title Policy") issued to you and insuring this Security Instrument) unless I (a) agree in writing to pay the obligation secured by the lien in a manner acceptable to you; (b) contest in good faith the lien by, or defend against enforcement of the lien in, legal proceedings which in your opinion operate to prevent

7/21/05

enforcement of the lien or forfeiture of any part of the Property; or (c) secure from the holder
of the lien an agreement satisfactory to you subordinating the lien to this Security Instrument.
If you determine that any part of the Property is subject to a lien, you may immediately cease
making any further Advances, and give me a notice identifying the lien. I will satisfy the lien
or take one or more of the actions set forth above within ten (10) days of your giving me this
notice.

3    **Hazard Insurance.**
I will keep the improvements now existing or erected in the future on the Property insured
against loss by fire, hazards included within the terms "extended coverage" and "all risk", and
any other hazards, including floods or flooding, for which you require insurance, through an
insurance company and on terms satisfactory to you, and which provides you with at least ten
(10) days prior written notice before any change or cancellation can be made. I understand
that all insurance policies and renewals must be acceptable to you and include a standard
mortgagee clause in your favor. You have the right to hold the policies and renewals. If you
require, I will promptly give you all receipts for paid premiums and renewal notices. In the
event of loss, I will give prompt notice to the insurance carrier and to you. You may submit
proof of loss if I do not do so promptly. I hereby authorize you to contact the insurance
carrier to verify the coverage and to ensure that you are named as loss payee under a standard
mortgagee clause. In the event that you are not so named, I authorize you to instruct the
insurance carrier to so name you.

If I do not provide you with evidence of insurance satisfactory to you upon your request you
may, but are not obligated to, in accordance with Section 6, obtain such insurance on your
own behalf or on my behalf, at your option, naming you as the insured or otherwise, at your
sole option. I acknowledge that insurance you obtain in this way may provide less protection
to me and may be more expensive than insurance I could obtain.

Unless you and I agree differently in writing, insurance proceeds will be applied to restore or
repair the damaged Property, if (a) the restoration or repair is economically feasible within a
reasonable period of time, (b) I am willing and able to repair or restore the Property as
necessary within a reasonable period of time, and (c) the value of your security would not be
lessened. If the foregoing requirements are not all met you may, at your option, use the
insurance proceeds to repair or restore the Property or to pay sums secured by this Security
Instrument, whether or not they are then due, with any excess paid to me. If I abandon the
Property or do not answer within 30 days a notice from you that the insurance carrier has
offered to settle a claim, you may collect the insurance proceeds and use them to repair or
restore the Property or to pay sums secured by this Security Instrument, whether or not they
are then due. The thirty-day period will begin when the notice is given.

If under this Security Instrument you acquire the Property, my right to any insurance policies
and proceeds resulting from damage to the Property before you acquire it will pass to you to
the extent of the amounts secured by this Security Instrument immediately prior to the
acquisition.

4    **Preservation and Maintenance of Property.**
I will at my expense keep the Property in at least the same condition as it exists on the later of
the date of this Security Instrument or the date upon which all repairs, if any, funded by you
from the Initial Advance made under the Agreement are completed. I will not remove or

05 1725467

demolish any building on the Property, and I will repair and restore promptly and in good and workmanlike manner any building which may be damaged or destroyed thereon and will pay, when due, all claims for labor performed and materials furnished therefor. I will comply with all laws affecting the Property or requiring any alterations or improvements to be made thereon.  I will not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property, nor will I commit, suffer or permit any act upon the Property in violation of law or any required insurance policy relating to the Property.  I will cultivate, irrigate, fertilize, fumigate, prune and do all other acts, which from the character or use of the Property may be reasonably necessary to maintain its condition as required by the Agreement and this Security Instrument.

I understand that I will be in default under this Security Instrument if any forfeiture action or proceeding, whether civil or criminal, is begun that in your good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or your security interest.  You may immediately cease making any further Advances upon the commencement of any such forfeiture action or proceeding, and give me a notice identifying the proceeding.  I may cure this default and reinstate, as provided in Section 13, by causing the action or proceeding to be dismissed with a ruling that, in your good faith determination, precludes forfeiture of my interest in the Property or other material impairment of the lien created by this Security Instrument or your security interest. I understand that I will also be in default if I gave materially false or inaccurate information or statements to you (or failed to provide you with any material information) in connection with the Agreement, including, but not limited to, representations concerning my occupancy of the Property as a principal residence.

**5**    **Hazardous Substances.**
I will not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on, in, or from the Property.  The preceding sentence does not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses, as distinct from commercial uses, and to maintenance of the Property.  I will not do, nor allow anyone else to do, nor am I aware of, anything affecting the Property that is in violation of any Environmental Law.

I will promptly give you written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge.  If I learn, or am notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I will promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this Section and in the Agreement, "Hazardous Substances" means hazardous wastes, hazardous substances, toxic substances, hazardous air pollutants, pesticides, contaminants or other pollutants as those terms are used in any Environmental Law, and the following substances:  gasoline, diesel fuel, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, lead paint, and radioactive materials.  As used in this Section and in the Agreement, "Environmental Law" means federal laws and regulations and laws and regulations of each of the other jurisdictions in which the Property is located that relate to health, safety or environmental protection, including laws regulating the handling, use, storage, disposal or transportation of Hazardous Substances.

05 1725467

7/21/05

**6** **Protection of Lender's Rights in Property.**

**6.1** If I fail to perform any of my material obligations contained in the Agreement or any of my obligations set forth in this Security Instrument, or if legal proceedings are commenced that may significantly affect your rights in the Property (such as proceedings in bankruptcy, probate, for condemnation or to enforce laws or regulations), then you may, but are not obligated to, do or pay for whatever is necessary to protect the value of the Property and your rights in the Property. This may include, for example, paying the cost of maintaining the Property during my absence; paying all taxes, assessments, charges, fines and impositions attributable to the Property; discharging liens, appearing in court and paying reasonable attorneys' fees; paying insurance premiums or paying the cost of repair or to prevent deterioration or waste to the Property; all as provided in the Agreement or in this Security Instrument. Any payments you make will not create an obligation on your part to make any further payment.

**6.2** If you do make such payments, you may at your option add any amounts paid to the balance of my Account owed under the Agreement and reduce my Advance Limit by an equal amount. Any amounts so paid and added to the balance of my Account will be secured by this Security Instrument and have priority as if made on the date of this Security Instrument. These amounts will bear interest from the date of disbursement at the interest rate provided under the Agreement and will be payable at the same time as other debt is payable under the Agreement or this Security Instrument.

**7** **Inspection.**

I will permit you or your representative to visit and walk through the Property on reasonable prior notice (at least 24 hours).

**8** **Condemnation of the Property.**

I hereby assign to you the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, and the same are to be paid to you.

In the event of a total taking of the Property or a conveyance in lieu of condemnation, the proceeds will be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to me. If the Property is partially taken and the Appreciated Value of the Property (as determined pursuant to Section 8(a) of this Security Instrument) immediately before the taking is equal to or greater than the sums secured by this Security Instrument immediately before the taking, unless you and I otherwise agree in writing, the sums this Security Instrument secures will be reduced by applying thereto a portion of the proceeds equal to the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the Appreciated Value of the Property immediately before the taking as so determined. Any balance will be paid to me. If the Property is partially taken and the Appreciated Value of the Property (as determined pursuant to Section 8(a) of this Security Instrument) immediately before the taking is less than the amounts secured immediately before the taking, unless you and I agree otherwise in writing or unless applicable law otherwise provides, the proceeds will be applied to the sums secured by this Security Instrument, whether or not they are then due.

If I abandon the Property or if, after you notify me that the condemnor has offered to make an award or settle a claim for damages, I fail to respond to you within thirty (30) days after the date the notice is given, you are authorized to collect and apply the proceeds, at your option, either to restore or repair the Property or to the amounts secured by this Security Instrument, whether or not they are then due.

05 1725467

7/21/05

(a) **Appreciated Value.** The "Appreciated Value" of the Property will be determined as follows:

(i) Except as provided in paragraphs (ii), (iii), (iv) or (v) below, the Appreciated Value of the Property will be the larger of (a) the total value given for or gross selling price of the Property in any sale or transfer of the Property (including all consideration to the seller or transferor and before subtracting selling costs and repaying the Account) to a bona fide third-party purchaser unrelated to Borrower, or (b) the appraised value of the Property as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, as of the first occurrence of a Maturity Event as described in Section 6 of the Cash Account Loan Agreement or the date on which you declare the Account due and payable, whichever date you in your sole discretion choose. If the Property is sold or transferred you may, if you desire, base the Appreciated Value of the Property on the gross selling price of the Property and not conduct an appraisal of the Property. I will advise you of the total value given for (or the gross selling price of) the Property sufficiently in advance of the closing to permit the Account to be repaid directly from the proceeds of the sale or transfer.

(ii) If I prepay the entire unpaid balance of the Account in full, the Appreciated Value of the Property will be the appraised value of the Property, as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, if applicable, as of the later of thirty (30) days prior to the date of prepayment or the date you receive my written notice that I intend to prepay.

(iii) If you foreclose on the Property and acquire the Property at the foreclosure sale, the Appreciated Value of the Property will be the larger of (a) the appraised value of the Property as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, if applicable, as of the date upon which repayment became due, or (b) the price at which you resell the Property pursuant to the Security Instrument.

(iv) If you foreclose on the Property and someone other than you acquires the Property at the foreclosure sale, the Appreciated Value of the Property will be the total consideration paid for the Property at the foreclosure sale.

(v) If the Property is totally condemned, or totally taken by eminent domain, its Appreciated Value will be equal to the proceeds of any award or claim for damages in connection with the condemnation or taking (or for conveyance in lieu of condemnation) (the "Condemnation Award"); provided, however, that if you have not received timely written notice of any condemnation proceedings, or you have not had an opportunity to participate in those proceedings, then the Appreciated Value of the Property will be whichever of the following you in your sole discretion

05 1725467

7/21/05

choose: (a) the amount of the Condemnation Award, or (b) the value of the Property as of the day immediately before the condemnation or taking as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, if applicable. If the Property is partially condemned or partially taken by eminent domain, its Appreciated Value will be determined by appraisal as provided in the Equity Guard Feature Rider to the Cash Account Loan Agreement, if applicable, as of the day immediately before the condemnation or taking.

**9**     **Borrower Not Released; Forbearance by Lender Not a Waiver.**
I understand that any extension of the time for payment of the amounts secured by this Security Instrument which you grant to me or to any of my successors in interest will not operate to release my liability or that of my successors in interest. You will not be required to start proceedings against any successor in interest or refuse to extend time for payment of the amounts secured by this Security Instrument by reason of any demand made by me or any of my successors in interest. Any forbearance by you in exercising any of your rights or remedies will not constitute a waiver, or preclude the exercise, of any of your other rights or remedies.

**10**     **Successors and Assigns Bound; Joint and Several Liability.**
The warranties and agreements of this Security Instrument and the Agreement shall bind and benefit you and your successors and assigns, and me and my executors, administrators, heirs, successors and assigns. Borrower's warranties and agreements are and will be joint and several. Anyone who co-signs this Security Instrument as a Borrower but does not execute the Agreement (i) is co-signing this Security Instrument only to mortgage, grant, warrant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (ii) is not personally obligated to pay the amounts secured by this Security Instrument; and (iii) agrees that Lender and any other Borrower may agree, subject to applicable law, to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Agreement without that Borrower's consent.

**11**     **Notices.**
Any notice to me described in the Agreement or in this Security Instrument will be given by private delivery service or by mailing it by first class mail, postage prepaid, unless applicable law or the terms of this Security Instrument or the Agreement require using another method. The notice will be directed to the Property Address or any other address all Borrowers designate to you in writing. I understand that any notice to you must be given by private delivery service or by first class mail, postage prepaid, to your address stated in this Security Instrument or any other address you designate to me in writing, unless applicable law or the terms of this Security Instrument or the Agreement require using another method. Any notice given by private delivery service in this way will be considered to have been given when delivered, and any notice given by mail in this way will be considered to have been given five (5) business days after being deposited in the mail.

**12**     **Governing Law; Severability.**
This Security Instrument will be governed by applicable federal law (including the Federal Arbitration Act as it applies to this Security Instrument through the arbitration provisions as specified in Section 17 herein), and, where not preempted by applicable federal law, the laws of the state where the Property is located (without regard to such sate's rules pertaining to conflict of laws), The provisions of this Security Instrument are severable, as provided in Section 17.8 of the Agreement.

05  1725467

7/21/05

**13   Borrower's Right to Reinstate.**
If, upon the occurrence of an Event of Default as described in Section 13 of the Agreement
and, after demanding mandatory prepayment of the Loan, you seek enforcement of this
Security Instrument by commencing foreclosure, whether pursuant to any power of sale
contained in this Security Instrument or by filing an action in a court of law, if I meet certain
conditions, I will have the right to have enforcement of this Security Instrument discontinued
at any time before the earlier of (i) five (5) business days (or such other period as applicable
law may specify for reinstatement) before sale of the Property pursuant to any power of sale
contained in this Security Instrument; or (ii) entry of a judgment enforcing this Security
Instrument. Those conditions are that I (a) pay you all amounts which then would be due
under this Security Instrument and the Agreement had you not required mandatory
prepayment; (b) cure any breach or default in the performance of any other warranty or
agreement; (c) pay all expenses incurred in enforcing this Security Instrument, including, but
not limited to, reasonable attorneys' fees; and (d) take any action you may reasonably require
to ensure that the lien of this Security Instrument, your rights in the Property and my
obligation to pay the amounts secured by this Security Instrument continue unchanged. Upon
my reinstatement, this Security Instrument and the obligations it secures will remain fully
effective as if you had not required mandatory prepayment.

**14   Events of Default; Mandatory Prepayment and Other Remedies.**
I understand that if an Event of Default occurs, as described in Section 13 of the Agreement
(including but not limited to, the sale, conveyance, transfer or assignment of all or any part of
the Property, or any of my rights in the Property, whether voluntarily or involuntarily, by
operation of law or otherwise, to a person other than any of the original Borrowers, without
your prior written consent ("Due on Sale")), and is continuing, you may immediately stop
making any further Advances, and that if I do not cure that default within the period specified
in the notice of Event of Default described in this Section, you may require mandatory
prepayment of the Loan together with all other amounts owed under the Agreement and this
Security Instrument. You will notify me, following the occurrence of an Event of Default,
before requiring mandatory prepayment, specifying (i) the Event of Default; (ii) the action
required to cure the default; (iii) a date by which the default must be cured; and (iv) that if I
do not cure the default on or before the date specified in the notice you may require
mandatory prepayment of the Loan or sale of the Property, or both. The notice will further
inform me of my right to reinstate after you have called for mandatory prepayment and of my
right to assert the non-existence of an Event of Default or any other defense I may have to
mandatory prepayment and sale.

If the default is not cured on or before the date specified in the notice, you may at your
option, subject to applicable law, require immediate prepayment in full of all amounts due
under the Agreement and this Security Instrument without further demand, and may foreclose
on the Property and invoke any other remedies provided by the Agreement or this Security
Instrument or permitted by applicable law.

Any forbearance by you in exercising any right or remedy under this Section will not waive
your right to exercise any right or remedy in the future. Your exercise of this right will not
cure or waive any default or notice of Event of Default under this Security Instrument, or
invalidate any act done pursuant to such a notice.

**15   Procedures for Sale.**
If you invoke the power of sale, you will execute, or cause the Trustee to execute, a written
notice of the occurrence of an Event of Default and of your election to cause the Property to

05  1725467

7/21/05

be sold. The Trustee will cause this notice to be recorded in the county in which the Property is located. You or the Trustee will mail copies of the notice to me and other persons as prescribed by applicable law. The Trustee will give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law the Trustee, without demand on me, will sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale. The Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender may bid at any foreclosure sale.

The Trustee will deliver to the purchaser a Trustee's deed conveying the Property without any covenant or warranty, express or implied. Recitals in the Trustee's deed will be prima facie evidence of the truth of the statements made in the deed.

If you acquire the Property at a foreclosure sale, your only obligation to me will be to pay me out of your proceeds from reselling the Property to a third party an amount, if any, equal to the resale price less the sum of all debt secured by this Security Instrument plus all expenses of the resale, including but not limited to any brokerage commissions.

**16    Reconveyance.**

Upon payment of all amounts secured by this Security Instrument, you will request the Trustee to reconvey the Property and will surrender this Security Instrument and any notes evidencing debt secured by this Security Instrument to the Trustee; provided, however, that if my Account balance is $00.00 at any time prior to the occurrence of a Maturity Event or your demand for early repayment, you shall not request the Trustee to reconvey this Security Instrument unless I specifically instruct you in writing to terminate my Account under the Agreement, and then only if there are no unpaid finance charges, attorneys' fees or any other sum owing to you under the Agreement. The Trustee will reconvey the Property without warranty, at the charge agreed to in the Agreement, to the person or persons legally entitled to it. That person or persons will pay any recordation costs.

**17    Substitute Trustee.**

You may, at your option, from time to time appoint a successor trustee to any Trustee appointed under this Security Instrument by an instrument executed and acknowledged by you and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee in this Security Instrument and by applicable law. This procedure for substitution of trustee will govern to the exclusion of all other provisions for substitution, except to the extent applicable law requires otherwise.

**18    Statement of Obligation Fee.**

You may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**19    Remedies Cumulative.**

All of your remedies under this Security Instrument are cumulative to any other right or remedy under this Security Instrument or the Agreement, or which is afforded by law or equity, and may be exercised concurrently, independently or successively.

05 1725467

7/21/05

**20   Arbitration.**

Any controversy or claim arising out of or relating to this Security Instrument, the Agreement or any other document relating to the Account, the breach of any of them or the default under any of them, other than an action or proceeding to foreclose on the Property pursuant to this Security Instrument, will be settled by binding arbitration under the jurisdiction of the American Arbitration Association in accordance with its Commercial Arbitration Rules. The arbitration will be conducted in the county in which the Property is located, unless you and I agree in writing on a different location. Judgment upon any award rendered by the arbitrator may be entered in any appropriate court. Such arbitration may not, however, without your consent, delay or adversely affect your ability to exercise any of the remedies available to you under this Security Instrument or the Agreement. Your pursuit of such remedies will not constitute a waiver by you of your rights to submit any controversy or claim to arbitration. No arbitration conducted hereunder shall be consolidated or combined with any other arbitration absent Lender's express written consent.

Notwithstanding anything that may be contained in this Section to the contrary, this Section does not limit your right to foreclose against the Property (whether judicially or non-judicially by exercising your right of sale or otherwise), to exercise self-help remedies such as set-off, or to obtain injunctive relief for the appointment of a receiver from any appropriate court, whether before, during or after any arbitration.

**21   Request for Notices.**
I request that a copy of any notice of default and a copy of any notice of sale thereunder be mailed to me at my address, which is the Property Address.

**22   Loan Advances.**
This Security Instrument secures future advances. All advances and indebtedness arising and accruing from time to time under the Agreement or under this Security Instrument shall be secured by this Security Instrument. Advances shall be made and indebtedness shall be incurred from time to time on and after the date of this Security Instrument under the Agreement, but each such advance or indebtedness shall be secured by this Security Instrument and have priority as if made on the date of this Security Instrument.

**23   Counterpart Execution.**
This Security Instrument may be executed by one or more of the parties hereto on any number of separate counterparts and all of said counterparts taken together shall be deemed to constitute one and the same document. One set of the copies of this Security Instrument signed by all the parties shall be submitted for recordation.

05 1725467

7/21/05

**24. Riders to this Security Instrument.**

If I execute one or more riders and they are recorded together with this Security Instrument, the warranties and agreements of each such rider shall be incorporated into and shall amend and supplement the warranties and agreements of this Security Instrument as if the rider(s) were part of this Security Instrument. [Check applicable box(es)]:

13

☐     Condominium Rider      ☐     PUD Rider

☐     1-4 Family Rider      ☐     Other:

**BY SIGNING BELOW,** I hereby accept and agree to the terms and agreements contained in this Security Instrument and in any rider(s) I execute and which are recorded with it.

**BORROWER:**

_____      07-16-05
MISUE SAUTTER (Borrower)             Date

MISUE SAUTTER TRUST
_____      07-16-05
MISUE SAUTTER, AS TRUSTEE         Date

*Misue Sautter, as Trustee*

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On July 16, 2005, before me, Christina Rust, notary public, personally appeared MISUE SAUTTER personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Christina Rust*

My commission expires on: March 14, 2007

CHRISTINA RUST
Commission # 1405379
Notary Public - California
Ventura County
My Comm. Expires Mar 14, 2007

7/21/05

**Exhibit "A"**

14

Legal description of property:

LOT 28 OF TRACT 10150 AS PER MAP RECORDED IN BOOK 143 PAGES 21 THROUGH 24
INCLUSIVE MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN
NO: 2272-005-016

*m. A.*
_____          _____
Borrower's Initials                    Borrower's Initials

05  1725467



**This page is part of your document - DO NOT DISCARD**





## 20161331981



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/28/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 34.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 34.00 |



**L E A D S H E E T**



**201610280240035**

**00012850510**



**007906290**

**SEQ:**
**02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E464790

160274576 DL

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117
866-931-0036

T.S. No.: 048361-CA
APN: 2272-005-016                          SPACE ABOVE THIS LINE FOR RECORDER'S USE

Property Address: 3859 SHERWOOD PLACE,      Title Order No.: 160274576-CA-VOI
SHERMAN OAKS, CALIFORNIA 91423

# NOTICE OF DEFAULT

### Pursuant to CA Civil Code 2923.3
## NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
### 注：本文件包含一个信息摘要
### 참고사항: 본 첨부 문서에 정보 요약서가 있습니다
## NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
## TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
## LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).**

**This amount is $1,476,689.02 as of 10/26/2016, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in**

CRC NOD 09122014

Trustee Sale No.: **048361-CA**  Title Order No.: **160274576-CA-VOI**

good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

CIT BANK, N.A.
C/O Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117
Phone: 858-750-7600

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: CLEAR RECON CORP. is either the original trustee, the duly appointed substituted trustee or the designated agent of the holder of the beneficial interest under a deed of trust dated 7/16/2005, executed by MISUE SAUTTER, TRUSTEE OF THE MISUE SAUTTER TRUST DATED OCTOBER 29, 2002 (A MARRIED PERSON'S SEPARATE PROPERTY TRUST), as Trustor, to secure certain obligations in favor of the beneficiary thereunder, recorded 7/21/2005, as Instrument No. 05-1725467, of Official Records in the Office of the Recorder of Los Angeles County, California, encumbering the land as fully described on said Deed of Trust

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

CRC NOD 09122014

Trustee Sale No.: **048361-CA**  Title Order No.: **160274576-CA-VOI**

**FAILURE TO PAY THE PRINCIPAL BALANCE WHICH BECAME ALL DUE AND
PAYABLE BASED UPON THE DEATH OF ALL MORTGAGORS.**

That by reason thereof, CIT BANK, N.A., the present beneficiary under such Deed of
Trust has deposited with said trustee such Deed of Trust and all documents evidencing
obligations secured thereby and has declared and does hereby declare all sums secured
thereby immediately due and payable and has elected and does hereby elect to cause the
trust property to be sold to satisfy the obligations secured thereby.

CLEAR RECON CORP.

Date Executed: OCT 2 6 2016        BY: _____

FIDEL GARZA, JR.                      , Authorized Signor

CLEAR RECON CORP.
4375 Jutland Drive Suite 200
San Diego, California 92117

CRC NOD 09122014

## Declaration of Mortgage Servicer Pursuant to
## Civil Code §2923.55(c)

Borrower(s): Misue Sautter
Mortgage Servicer: CIT Bank, N.A.
Property Address: 3859 Sherwood Place Sherman Oaks, CA 91423
T.S. No.:

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code §2923.55(f), but has not made contact despite such due diligence. Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☒ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4. ☐ The requirements of California Civil Code §2923.55 do not apply because the loan encumbering the above-referenced property is not secured by a first lien mortgage or first lien deed of trust that secures a loan, or that encumbers real property, described in California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

CIT Bank, N.A.

Dated: 08/31/2016          By: _Donnetta M E Grew_
                               Name (Print): Donnetta McGrew
                               Title (Print): Specialist IV

# EXHIBIT "D"



**This page is part of your document - DO NOT DISCARD**

## 20170158341





**Pages:**
**0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/08/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |



**L E A D S H E E T**



**201702080120018**

**00013338001**



**008132789**

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

160274576 SP20

RECORDING REQUESTED BY
And When Recorded Mail To:

**CLEAR RECON CORP.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**
**Phone: 866-931-0036**

T.S. No. 048361-CA
APN: 2272-005-016

Space Above This Line For Recorder's Use

# NOTICE OF TRUSTEE'S SALE

## Pursuant to CA Civil Code 2923.3
### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 7/16/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER

On 3/1/2017 at 10:30 AM, **CLEAR RECON CORP.**, as duly appointed trustee under and pursuant to Deed of Trust recorded 7/21/2005, as Instrument No. 05-1725467, of Official Records in the office of the County Recorder of Los Angeles County, State of CALIFORNIA executed by:

**MISUE SAUTTER, TRUSTEE OF THE MISUE SAUTTER TRUST DATED OCTOBER 29, 2002 (A MARRIED PERSON'S SEPARATE PROPERTY TRUST)**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

**BEHIND THE FOUNTAIN LOCATED IN CIVIC CENTER PLAZA, 400 CIVIC CENTER PLAZA, POMONA, CA 91766**

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as:

**LOT 28 OF TRACT 10150 AS PER MAP RECORDED IN BOOK 143 PAGES 21 THROUGH 24 INCLUSIVE MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

The street address and other common designation, if any, of the real property described above is purported to be:
**3859 SHERWOOD PLACE**
**SHERMAN OAKS, CALIFORNIA 91423**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

CRC NOS 012914

T.S. No. **048361-CA**

## NOTICE OF TRUSTEE'S SALE

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$1,511,615.01**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(844) 477-7869** or visit this Internet Web site **WWW.STOXPOSTING.COM**, using the file number assigned to this case **048361-CA**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR SALES INFORMATION: **(844) 477-7869**

Date Executed: ___1\3U\1⁷___

**CLEAR RECON CORP.**

_____
Authorized Signature
**CHRISTINE RATZLAFF**

**CLEAR RECON CORP.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**

CRC NOS 012914

# EXHIBIT "E"



**This page is part of your document - DO NOT DISCARD**

## 20170232407





**Pages:**
**0002**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/28/17 AT 09:26AM**

| | |
|---|---|
| FEES: | 42.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 42.00 |

**PCOR SURCHARGE $20.00**



**L E A D S H E E T**



201702280940011

**00013413742**



008173191

**SEQ:
01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

E516354

0RECORDING REQUESTED BY:

   MAIL TAX STATEMENTS AND
   WHEN RECORDED MAIL TO:

The Kingsley Trust
3859 Sherwood Pl.
Sherman Oaks, Ca. 91423

APN: 2272-005-016           SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):    DOCUMENTARY TRANSFER TAX IS $ NONE TRANSFER TO A TRUST
       \_\_\_\_\_ Computed on full value of property conveyed, or
       X    Computed on full value less liens and encumbrances remaining at time of sale.
       \_\_\_\_\_ Unincorporated area  X  City of Los Angeles

For valuable consideration, receipt of which is hereby acknowledged,

Robert B. Sautter, Co-Trustee of The Misue Sautter Trust Dated October 29, 2002

Hereby GRANT(S) to           Robert B. Sautter, Co-Trustee, The Kingsley Trust

An undivided one eighth interest in
the real property situated in the County of Los Angeles  State of California, more particularly described as
follows:  Lot 28 of Tract 10150 as per Map recorded in Book 143 pages 21 through 24 inclusive of Maps in
the office of the County Recorder of said County.
Commonly known as 3859 Sherwood Pl. Sherman Oaks, Ca. 91423

Dated: July 2, 2016                 _[signature]_

                Robert B. Sautter, Co-Trustee of The Misue Sautter Trust
                Dated October 29, 2002

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

STATE OF CALIFORNIA          )
COUNTY OF _LOS ANGELES_     ) SS.
On _2/27/17_ before me, _ERIKA ZECCA_ , Notary Public, personally
appeared _ROBERT B. SAUTER_ ,
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies).
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _[signature]_

             MAIL TAX STATEMENTS AS DIRECTED ABOVE

_[Notary seal:]_
ERIKA ZECCA
Commission # 2141520
Notary Public - California
Los Angeles County
My Comm. Expires Mar 1, 2020

# EXHIBIT "F"

**This page is part of your document - DO NOT DISCARD**

## 20171000698





Pages:
0004

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/01/17 AT 01:27PM**

|  |  |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201709010740020

00014190298



008565986

**SEQ:
01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By and When Recorded Mail To:

Santa Fe General Construction, Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Space above this line for recorder's use only
*(To be recorded in the county recorder's office
in the county in which the property is located.)*

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant __Santa Fe General Construction, Inc.__

__7912 Ventura Canyon Ave., Panorama City, CA 91402__ (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of __Los Angeles__, State of California, said land described as follows:

**STREET ADDRESS:** 3859 Sherwood Place, Sherman Oaks, CA 91423
     and/or
**LEGAL DESCRIPTION:** Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant: __General construction repair including electrical, plumbing, and HVAC.__ (describe generally). Claimant is owed $ __141,231.00__ for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is: __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:

__3859 Sherwood Place, Sherman Oaks, CA 91423__   *Humberto Lara, CoTrustee of THE KINGSLEY TRUST and CLEARVIEW TRUST*

Name of Claimant: __Santa Fe General Construction, Inc.__

Date: __Aug. 14, 2017__        By: _____
                                              Signature
                                    Jubilio Escalera, President
                                    Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the __Jubilio Escalera, President__ (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien; I am authorized to make this verification for the Claimant: I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __Aug 14__ , 20__17__ at __Los Angeles__, California. _____
                                                                     Signature of Claimant or Authorized Agent

C&B Forms · revised March 2012 – effective July 1, 2012                                    Page One

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)). Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER
California Civil Code Section 8416 (a)(7) and (c)(1)

I, _Jubilio Escalera_____ (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__.

Title or capacity of person or entity served: _Owner, Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST_

Service Address: _818 Poppy Ct, Oakdale, CA 95381_____.

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on _Aug 14, 2017_ (date), at _Los Angeles_ (city), California.

By: _____

(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR
California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____ (name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered mail, certified mail, or first-class mail. Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate):_____

Service Address: _____

Executed on_____, 20____ (date), at _____(city), California.

By:_____

(signature of person serving)

## NOTICE OF MECHANIC'S LIEN
## ATTENTION!

Upon the recording of the enclosed MECHANIC'S LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanic's lien is recorded.

The party identified in the mechanic's lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanic's lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanic's lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANIC'S LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.

# EXHIBIT "G"



**This page is part of your document - DO NOT DISCARD**

## 20180162794





**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/16/18 AT 04:14PM**

| | |
|---|---:|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**



201802161900033

00014905529



008912808

**SEQ:**
**01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

E538330

Recording Requested By and When Recorded Mail To:

Chaidez Construction

4050 Camino DeLa Cumbre
Sherman Oaks, Ca 91423

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located.)

# MECHANICS LIEN

NOTICE IS HEREBY GIVEN that Claimant  Chaidez Construction, 4050 Camino De La Cumbre Sherman Oaks, Ca 91423  (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein.  The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of  Los Angeles , State of California, said land described as follows:

STREET ADDRESS:  3859 Sherwood Place, Sherman Oaks, CA 91423
and/or
LEGAL DESCRIPTION:  Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:
General construction repair including electrical, plumbing, and HVAC. (describe generally).  Claimant is owed $ 91,250.00  for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is:  Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST.
3859 Sherwood Place, Sherman Oaks, CA 91423
Name of Claimant:  Chaidez Construction

Date: 2 - 2 - 18                          By: _____,
                                          Signature
                                   Cesar Chaidez      president
                                          Print Name & Authorized Capacity

                             president,
I, the undersigned, declare:  I am the  Cesar Chaidez  (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien:  I am authorized to make this verification for the Claimant:  I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge.  I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2 - 2 18 , 20 18 at Los Angeles California. _____,
                                                        Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012                          Page One

## NOTICE OF MECHANICS LIEN

### ATTENTION!

(Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code section 8416(e)).  Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor.  Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien.  This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER

California Civil Code Section 8416 (a)(7) and (c)(1)

I, _Cesar Chaidez_____ (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST____

Title or capacity of person or entity served: _Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST_

Service Address: _818 Poppy Ct, Oakdale, CA 95361_____.

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on _2 - 2_____, 20 1 0 (date), at _CHERAAME K_ (city), California.
                                          Oakdale

By: _VPknez_____
(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR

California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____ (name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered  mail, certified mail, or first-class mail.  Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate):_____.

Service Address: _____.

Executed on _2 - 2_____, 20 1 3 (date), at _____(city), California.

By: _____
(signature of person serving)

# EXHIBIT "H"

**This page is part of your document - DO NOT DISCARD**



## 20180162795





**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/16/18 AT 04:14PM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**LEADSHEET**



201802161900033

00014905530



008912808

**SEQ:**
**02**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

E528330

Recording Requested By and When Recorded Mail To:

Santa Fe General Construction, Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located.)

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant  Santa Fe General Construction, Inc.

7912 Ventura Canyon Ave., Panorama City, CA 91402          (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of   Los Angeles          , State of California, said land described as follows:

**STREET ADDRESS:**  3859 Sherwood Place, Sherman Oaks, CA 91423
          and/or
**LEGAL DESCRIPTION:**  Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:

General construction repair including electrical, plumbing, and HVAC.          (describe generally). Claimant is owed $ 141,231.00          for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is:   Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:

Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST.
3859 Sherwood Place, Sherman Oaks, CA 91423

Name of Claimant: Santa Fe General Construction, Inc.

Date: 2 - 2 - 18          By: _____
                                          Signature
                                 Jubilio Escalera, President
                                 Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the  Jubilio Escalera, President    (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien: I am authorized to make this verification for the Claimant: I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  2 - 2 - 18 , 20 ___ at  Los Angeles  California.          _____
                                                        Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012                                    Page One

## NOTICE OF MECHANICS LIEN

### ATTENTION!

(Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)).  Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor.  Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien.  This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER
California Civil Code Section 8416 (a)(7) and (c)(1)

I,  Jubilio Escalera_____(name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served:  Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST_____

Title or capacity of person or entity served: Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST

Service Address:  818 Poppy Ct, Oakdale, CA 95381_____.

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on  2 - 2 , 20 1 8 (date), at  Oakdale  (city), California.

By: X_____
(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR
California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____(name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered  mail, certified mail, or first-class mail.  Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate):_____

Service Address: _____.

Executed on_____, 20____ (date), at _____(city), California.

By:_____
(signature of person serving)

# EXHIBIT "I"

**This page is part of your document - DO NOT DISCARD**

# 20190326560





**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/12/19 AT 01:30PM**

| | |
|---|---:|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**L E A D S H E E T**



201904120730022

**00016487629**



009752215

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By and When Recorded Mail To:

Santa Fe General Construction, Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Space above this line for recorder's use only
*(To be recorded in the county recorder's office
in the county in which the property is located.)*

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant __Santa Fe General Construction, Inc.__

__7912 Ventura Canyon Ave., Panorama City, CA 91402__ (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of __Los Angeles__, State of California, said land described as follows:

**STREET ADDRESS:** 3859 Sherwood Place, Sherman Oaks, CA 91423
   and/or
**LEGAL DESCRIPTION:** Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:

__General construction repair including electrical, plumbing, and HVAC.__ (describe generally). Claimant is owed $__141,231.00__ for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is: __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
__Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__
3859 Sherwood Place, Sherman Oaks, CA 91423

Name of Claimant: __Santa Fe General Construction, Inc.__

Date: __04-19-2019__      By: _____
                                         Signature
                                __Jubilio Escalera, President__
                                  Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the __Jubilio Escalera, President__ (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien: I am authorized to make this verification for the Claimant; I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __04/19__, 20__19__ at __Los Angeles__ California.
                                                          _____
                                                          Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012                                    Page One

## NOTICE OF MECHANICS LIEN
## ATTENTION!
(Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)). Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER
California Civil Code Section 8416 (a)(7) and (c)(1)

I, CESAR MORALES (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: Humberto Lepe of the Kingsley Trust and Clearview Trust

Title or capacity of person or entity served: CO - TRUSTEE

Service Address: 3859 Sherwood Place, Sherman Oaks, CA 91423

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on 4 - 10 , 2019 (date), at Los Angeles (city), California.

By: _____
(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR
California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____(name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered mail, certified mail, or first-class mail. Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate): _____

Service Address: _____

Executed on_____, 20____ (date), at _____(city), California.

By: _____
(signature of person serving)

# EXHIBIT "J"

**This page is part of your document - DO NOT DISCARD**



# 20190281558



Pages:
0004

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/01/19 AT 11:40AM**

|  |  |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |



**L E A D S H E E T**



201904010660021

00016426423

009724482

**SEQ:**
**01**

**DAR - Courier (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

**JOHN WHITE**

AND WHEN RECORDED MAIL DOCUMENT TO:

**JOHN WHITE**
**2901 N RAINBOW BLVD #1077**
**LAS VEGAS  NV  89108**

SPACE ABOVE FOR RECORDER'S USE ONLY

# GRANT DEED

### Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☑ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING**
**INFORMATION ($3.00 Additional Recording Fee Applies)**

JOHN WHITE

**When recorded mail document to:**

JOHN WHITE

2901 N RAINBOW Blvd #1077

Las Vegas NV 89108

APN: 2272-005-016

Above Space for Recorder's Use Only

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARES(S)

DOCUMENTARY TRANSFER TAX is $___0.00_____         CITY TAX $___0.00 [GIFT]___

☐ computed on full value of property conveyed, or
☐ computed on full value of items or encumbrances remaining at time of sale,
☐ Unincorporated area    ☐ City of_LOS ANGELES_____, and

FOR A FULL VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

__THE KINGSLEY TRUST_____hereby

GRANT(s) to__JOHN WHITE_____the following

described real property in the City of_____SHERMAN OAKS_____ County of _LOS ANGELES____, State of California:

Described as: Lot 28 TRACT No.10150, IN THE CITY OF AGOURA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143, PAGE(S) 21 THROUGH 24 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OF SAID COUNTY.  Commonly known as: 3859 SHERWOOD PL. SHERMAN OAKS CA 91423

Dated: __02/11/2019_____

THE KINGSLEY TRUST

By:_____

ROBERT B. SAUTTER, Authorized Trustee

MAIL TAX STATEMENT TO ADDRESS AS SHOWN ABOVE

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.

**STATE OF** ~~CALIFORNIA~~ TEXAS

} SS

**COUNTY OF** BEXAR

On 02/11/2019 Before Me JEAN ALBERT NGuende POKAM, Notary Public

(Insert Name of Notary Public and Title)

Personally appeared ROBERT B. SAUTTER who proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JEAN ALBERT NGUENDE-POKAM
Notary Public, State of Texas
Comm. Expires 06-27-2020
Notary ID 120026531

_____ (NOTARY SEAL)
Notary Signature