UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

**FILED & ENTERED**

NOV 14 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

| | |
|---|---|
| In re:<br><br>ROBERT BENJAMIN SAUTTER,<br><br>Debtor.<br><br>ROBERT BENJAMIN SAUTTER,<br><br>Plaintiff,<br>v.<br><br>SANTA FE GENERAL CONSTRUCTION, INC., a California corporation; JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; JOHN WHITE, an individual; All Persons Or Entities Unknown Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint, or any Cloud On Title Thereto; Does 1 to 10, Inclusive,<br><br>Defendants. | CHAPTER 13<br><br>Case No.: 1:19-bk-11301-MT<br>Adv. No.: 1:19-ap-01074-MT<br><br>**NOTICE OF TENTATIVE RULING RE MOTION TO SET ASIDE ENTRY OF DEFAULT BY SANTA FE GENERAL CONSTRUCTION, INC. AND JUBILIO ESCALERA**<br><br>Date:       November 6, 2019<br>Time:      10:00 a.m.<br>Courtroom: 302 |

-1-

-2-

//

At the above date and time, the Court held a hearing on the Motion to Set Aside Entry of Default (the "Motion"), filed by Santa Fe General Construction, Inc. and Jubilio Escalera.  Appearances are as noted on the record for the hearing.  At the hearing, the Court adopted its tentative ruling on the Motion.  A copy of the Court's tentative ruling is attached to this cover page.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

//

Plaintiff Robert Sautter ("Plaintiff") filed a verified Complaint against Santa Fe General Construction, Inc., Julio Escalera, et. al. The Complaint alleged (1) fraud; (2) civil conspiracy; (3) expungement of mechanic's liens; (4) quiet title; (5) cancellation of instruments; (6) title slander; (7) elder abuse; (8) declaratory relief; and (9) injunctive relief. The court entered default. Santa Fe General Construction, Inc. ("Santa Fe") and Jubilio Escalera (collectively, "Defendants") now move the court to set aside the default and resolve the issues on the merits ("Motion").

Plaintiff, who is 88 years old, owns and resides on a property located in Sherman Oaks, California ("Property"). Plaintiff and his wife purchased the Property and placed it in a trust. When Plaintiff's wife died, Plaintiff became the trust's sole trustee. The events leading to the adversary proceeding arose when Plaintiff's home went into foreclosure, and Plaintiff was introduced to Escalera, who allegedly promised to assist Plaintiff in saving his home from foreclosure. Escalera allegedly induced Plaintiff to sign over a fractional interest of the Property to a trust, which Escalera allegedly had formed without Plaintiff's knowledge. Plaintiff alleges that he has no affiliation with the trust, did not participate in the trust's formation, and is not aware of the named trustees whom he has never met. Plaintiff asserts that on the day before the foreclosure sale, one of the trustees, Lorena, filed a chapter 13 bankruptcy petition without Plaintiff's authorization and knowledge. Lorena included the Property as one of her assets. Later, Santa Fe, Escalera, and other defendants allegedly recorded mechanic's liens against the Property with neither Plaintiff's knowledge nor a written agreement with Plaintiff authorizing any work on the Property. Plaintiff also alleges that someone purporting to be him conveyed title to the Property to one of the defendants.

Santa Fe is a corporation and is unrepresented by counsel. A corporation or other artificial entity must be represented by counsel in federal court. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). A corporation may appear without counsel to file a proof of claim, to support an application for professional compensation, or to file a reaffirmation agreement if signed by an authorized representative of the entity. LBR 9011-2(a). Here, Escalera, who is not an attorney, is improperly representing Santa Fe. The Motion is DENIED as to Santa Fe because Santa Fe is unrepresented by counsel.

There are separate grounds for denial of the Motion as to both Defendants. Under Federal Rules of Bankruptcy Procedure ("FRBP") 7055, Federal Rules of Civil Procedure ("FRCP") 55 applies in adversary proceedings. Under FRCP 55, the court may set aside an entry of default for "good cause," and it may set aside a default judgment under Rule 60(b). The court evaluates whether a party has shown good cause by assessing three factors: (1) whether the defendant's culpable conduct contributed to the default; (2) whether setting aside the default will prejudice plaintiff; and (3) whether the defendant lacks a meritorious defense. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds*, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). The party seeking to vacate a default

judgment bears the burden of demonstrating that these factors favor setting aside the entry of default. TCI Group Life Ins., 244 F.3d at 696. The standard for determining whether to vacate an entry of default is the same as the standard used to determine whether to set aside a default judgment under Rule 60(b). United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). The factors are disjunctive, such that a finding that any one of these factors is true is sufficient reason for the court to set aside the default. Id.

A court has the discretion to grant or deny a motion to vacate a default judgment. Pena v. Seguros La Commercial, 770 F.2d 811, 814 (9th Cir. 1985). This discretion is limited, however, by two important policy considerations. Id. First, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Mesle, 615 F.3d at 1091 (quoting Falk v. Allen, 739 F.2d 461 (9th Cir. 1984)). Additionally, relief from judgment is remedial and must be liberally applied. Mesle, 615 F.3d at 1091. Moreover, although the same test applies for motions seeking relief from entry of default under Rule 55(c) and default judgment under Rule 60(b), the test is more liberally applied in the Rule 55(c) context. Id., n.1.

Culpable Conduct

A party's conduct is culpable if he or she has received actual or constructive notice of an action's filing *and* intentionally failed to answer. Id. at 697 (citation omitted). A defendant's failure to answer is intentional if it is willful, deliberate, or evidence of bad faith. Id. (citation omitted). A defendant, who neglectfully fails to answer, and provides a credible, good faith explanation, which negates any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not acting intentionally. Id. Such a defendant is not necessarily culpable. Id. In determining culpability, courts consider the circumstances, such as whether legal counsel represented the defendant, exigent circumstances, or the defendant's mental state. Mesle, 615 F.3d at 1093 (determining that party's conduct not culpable because party not represented by counsel); TCI Group Life Ins., 244 F.3d at 699.

Here, Defendants failed to answer after Plaintiff served them with notice of the summons and complaint at their last known address and at the address currently listed with the California Secretary of State. Escalera provided no evidence whatsoever of his claim of not receiving notice of the summons and complaint. There is no declaration and no statement about the address or service – simply a recitation of rote legal standards. Defendants have not disputed that the address for service was correct. Defendants are also not allegedly represented by counsel, as the Motion lists no attorneys for Defendants. The Motion is, however, clearly not a pro se pleading. It is a detailed, well-formatted legal pleading reciting case law and formulaic default judgment standards. It includes a "request for judicial notice" with legal citations. Although it contains no facts and no declarations, it is clearly done by counsel who has not disclosed it.

Prejudice to Plaintiff

The standard for determining prejudice is whether setting aside a default will hinder a plaintiff's ability to pursue a claim. TCI Group Life Ins., 244 F.3d at 701 (citations omitted). The setting aside of a default must result in greater harm to the plaintiff than merely delaying the case's resolution. Id. For a delay to be prejudicial, it "must result in tangible harm, such as loss of evidence, increased difficulties in discovery, or greater opportunity for fraud or collusion." Id. (quoting Thompson v. American Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996). Merely being forced to litigate on the merits or incurring costs to litigate is not prejudicial. TCI Group Life Ins., 244 F.3d at 701.

Here, Defendants filed the Motion to vacate entry of default in less than one month after the entry of default and have also filed an opposition to Plaintiff's motion for default judgment. They have done nothing, however, to explain the delay. Plaintiff is an 88-year-old veteran who was at risk of losing his home due to foreclosure on an allegedly invalid reverse mortgage and invalid mechanic's liens. Any delay in resolving this action puts a vulnerable plaintiff at further risk.

Plaintiff credibly argues that vacating the entry of default will result in prejudice in the form of Escalera engaging in more fraud or collusion. Plaintiff details in the Complaint that Escalera acted in bad faith by recording various mechanic's liens on the property despite having no contract with Plaintiff and having performed no work. Plaintiff attaches the supporting documents to his Complaint. The adversary proceeding has yet to be litigated and resolved, however, the Complaint provides considerable detail along with attachments of recorded documents and dates of transfers. Defendants provide no response of any sort to these detailed allegations. The court finds that setting aside the entry of default will significantly prejudice Plaintiff.

Meritorious Defense

A party in default must provide a meritorious defense. TCI Group Life Ins., 244 F.3d at 700; Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (1986). The underlying concern for this requirement is determining whether there is some possibility that the lawsuit's outcome after a full trial will be contrary to the result caused by the default. Stone, 794 F.2d. at 513. While the burden on the party seeking to vacate a default judgment is not extraordinarily heavy, Defendants have not presented any facts or law sufficient to assert a defense. The question of whether the defenses are true is determined in the later litigation, but there are no specific facts on which to even determine what defenses there are. To justify vacating a default judgment, a party must present the district court with specific facts that would constitute a defense. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004)(citation omitted). A mere general denial or conclusory statements without facts to support it is not enough to justify vacating a default or default judgment. Id.

     Defendants not only failed to produce any evidence to support their defenses, but also failed to present specific statements of any sort.  Defendants allege having filed an answer, but none was filed or attached to the Motion.  Defendants did assert nine boilerplate defenses in the Motion, which they repeat in their opposition to Plaintiff's motion for default judgment.  Defendants assert that they have acted in good faith; Plaintiff acted in bad faith for the improper, immoral, or illegal purpose and to harass the defendants; the doctrine of laches bars Plaintiff's claims; Plaintiffs claims are estopped; among other defenses.  Although the standard for Defendants to present a defense is not extraordinarily heavy, Defendants' asserted defenses are unsupported by specific facts.  Defendants have not satisfied their burden to present a meritorious defense.

     Motion to vacate default and opposition to default judgment are DENIED.

###

Date: November 14, 2019

Maureen A. Tighe
United States Bankruptcy Judge