1  Matthew Resnik, Esq. (SBN 182562)
   matthew@rhmfirm.com
2  David M. Kritzer, Esq. (SBN 170545)
   david@rhmfirm.com
3  **RESNIK HAYES MORADI LLP**
4  17609 Ventura Blvd, Suite 314
   Encino, California 91316
5  Telephone: (818) 285-0100
6  Facsimile: (818) 855-7013

7
   Attorneys for Debtor
8  ROBERT BENJAMIN SAUTTER

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11             **SAN FERNANDO VALLEY DIVISION**

12
   In re:                                    )    Case No.: 1:19-bk-11301-MT
13     ROBERT BENJAMIN SAUTTER,              )
                                             )    Adv. No.: 1:19-ap-01074-MT
14         Debtor,                           )
                                             )
15  ─────────────────────────────────       )    Chapter 13
    ROBERT BENJAMIN SAUTTER,                 )
16                                           )
                                             )    **AMENDED DECLARATION**
17         Plaintiff,                        )    **OF ROBERT BENJAMIN**
    vs.                                      )    **SAUTTER IN SUPPORT OF**
18                                           )    **ENTRY OF DEFAULT**
    SANTA FE GENERAL CONSTRUCTION,           )    **JUDGMENT**
19  INC., a California corporation; JUBILIO  )
    ESCALERA, an individual; CHAIDEZ         )
20  CONSTRUCTION, INC., a California         )    Date: 12/18/2019
    corporation; CESAR CHAIDEZ, an individual; )  Time: 11:00am
21                                           )    Courtroom: 302
    LORENA LARA, an individual; HUMBERTO     )
22  LARA, an individual; JOHN WHITE, an      )
    individual; All Persons Or Entities Unknown )
23  Claiming Any Legal Or Equitable Right, Title, )
    Estate, Lien, Or Interest In The Property )
24  Described In The Complaint, or any Cloud On )
    Title Thereto; Does 1 to 10, Inclusive,  )
25                                           )
                                             )
26                                           )
                                             )
27         Defendants.                       )
                                             )
28  ─────────────────────────────────

                                        1
   ───────────────────────────────────────────────────────
   **AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF**
   **DEFAULT JUDGMENT**

## DECLARATION OF ROBERT BENJAMIN SAUTTER

**I, ROBERT BENJAMIN SAUTTER, DO HEREBY DECLARE AND STATE AS FOLLOWS:**

1.     I am the Plaintiff and Debtor in this action.  I am presently 89 years of age and my date of birth is June 21, 1930.

2.     I make this Declaration based upon my personal knowledge and my review of documents provided to me in support of my Motion for Entry of a Default Judgment against Defendants, **SANTA FE GENERAL CONSTRUCTION, INC., a California** corporation ('SANTA FE'); **JUBILIO ESCALERA, an individual** ("ESCALERA"); **CHAIDEZ CONSTRUCTION, INC., a California corporation** ("CCI"); **CESAR CHAIDEZ, an individual** ("CHAIDEZ"); **LORENA LARA, an individual** ("LORENA"); **HUMBERTO LARA, an individual** ("HUMBERTO"); and **JOHN WHITE, an individual** ("WHITE")(collectively "Defendants"). If called as witness, I could and would competently testify thereto.

3.     I am the sole owner and resident of real property commonly known as **3859 SHERWOOD PLACE, SHERMAN OAKS, CALIFORNIA 91423** (hereinafter the "Subject Property") legally described as **LOT(S) 28 OF TRACT NO. 10150, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143 PAGE(S) 21 TO 24, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. ASSESSOR'S PARCEL NUMBER 2272-005-016.**

4.     In 1978, I purchased the Subject Property with my then wife MISUE SAUTTER via an Grant Deed dated February 22, 1978 which was recorded with the Los Angeles County Recorder's Office on May 1, 1978 as Instrument Number 78-456664, a true and correct copy of which is attached hereto as **Exhibit "A"** and is incorporated herein by this reference as though set forth in full.

5.    In October 2002, MISUE SAUTTER and I created the MISUE SAUTTER TRUST and subsequently placed the Subject Property in the MISUE SAUTTER TRUST with MISUE SAUTTER and I serving as Co-Trustees thereof.

6.    I am aware that on July 16, 2005, MISUE SAUTTER as Trustee for the MISUE SAUTTER TRUST executed a Deed of Trust ("DOT") favor of FINANCIAL FREEDOM SENIOR FUNDING CORP a subsidiary of INDYMAC BANK, F.S.B. ("FF") securing a reverse mortgage against the Subject Property in a maximum amount of $1,354,374.00 from FF (hereinafter the "subject loan").    A true and correct copy of the DOT for the subject loan, recorded with the Los Angeles County Recorder's Office on July 21, 2005 as Instrument Number 05-1725467 is attached hereto as **Exhibit "B"** and is incorporated herein by this reference as though set forth in full.    Identified in the DOT as "Lender", and "Trustee" are FF and ALLIANCE TITLE (hereinafter "ALLIANCE") respectively.

7.    On May 29, 2016, my wife MISUE SAUTTER died, and as a result I became the sole Trustee of the MISUE SAUTTER TRUST.

8.    I am informed and believe, and based upon such information and belief, thereon allege, that at an unknown time, CLEAR RECON CORP. (hereinafter "CLEAR") became the Trustee for the subject loan.

## NOTICE OF DEFAULT

9.    I am informed and believe, and based upon such information and belief, thereon allege, that on October 26, 2016, CLEAR presumably at the request of FF or its successor, executed a Notice of Default ("NOD"), alleging a balance owing on the subject loan of $1,476,689.02 as of October 26, 2016.    A true and correct copy of the NOD recorded with the Los Angeles County Recorder's Office on October 28, 2016 as Instrument Number 20161331981 is attached hereto as **Exhibit "C"** and is incorporated herein by reference as though set forth in full.

## NOTICE OF TRUSTEE'S SALE

10.    I am informed and believe, and based upon such information and

AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT

1  belief, thereon allege, that on January 30, 2017, CLEAR executed a Notice of

2  Trustee's Sale ("NOTS") against the Subject Property, identifying a sale date of

3  March 1, 2017 at 10:30 am. A true and correct copy of the NOTS recorded with the

4  Los Angeles County Recorder's Office on February 8, 2017 as Instrument Number

5  20170158341 is attached hereto as **Exhibit "D"** and is incorporated herein by

6  reference as though set forth in full.

7      11.    In or about February 2017, I was introduced to Defendant **JUBILIO**

8  **ESCALERA** (hereinafter "ESCALERA") who, under the guise of promising me

9  assistance with saving my home from foreclosure, induced me to sign a fractional

10  interest in the Subject Property to a trust he had formed without my knowledge or

11  authority, THE KINGSLEY TRUST.

12                    **FRAUDULENT GRANT DEED 1**

13      12.    On February 27, 2017, under the influence and direction of Defendant

14  ESCALERA, I executed a Grant Deed (hereinafter "GD1") in which I conveyed a

15  one-eighth (1/8) interest in the Subject Property to ROBERT B. SAUTTER as Co-

16  Trustee of THE KINGSLEY TRUST. A true and correct copy of GD1 recorded

17  with the Los Angeles County Recorder's Office on February 28, 2017 as Instrument

18  Number 20170232407 is attached hereto as **Exhibit "E"** and is incorporated herein

19  by reference as though set forth in full.

20      13.    I have no affiliation with THE KINGSLEY TRUST, did not participate

21  in its formation and am unaware of who the named trustees or beneficiaries are for

22  THE KINGSLEY TRUST. I am informed and believe that Defendants LORENA

23  and HUMBERTO apparently are Co-Trustees of the KINGSLEY TRUST along

24  with me. I never met LORENA or HUMBERTO and do not know them or

25  otherwise conduct any business with them. As a result, I contend that GD1 is

26  fraudulent, void, and of no force and effect as to my title to the Subject Property.

27                  **UNAUTHORIZED BANKRUPTCY FILING**

28      14.    I am informed and believe, and based upon such information and

**AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF
DEFAULT JUDGMENT**

1  belief, thereon allege, that on February 28, 2017, **the day before the foreclosure**
2  **sale**, unbeknownst to me LORENA dba THE KINGSLEY TRUST filed a petition
3  under Chapter 13 of the United States Bankruptcy Code in the United States
4  Bankruptcy Court for the Eastern District of California-Modesto Division, Case
5  Number 17-90146 in which she included her interest in the Subject Property as one
6  of her assets.

7      15.    I did not know about this filing beforehand, I do not know LORENA,
8  and did not authorize her to include the Subject Property in her bankruptcy filing.

9      16.    I am informed that on March 30, 2017, LORENA's bankruptcy case
10  was dismissed.

11  ## FIRE AT THE SUBJECT PROPERTY

12      17.    On May 25, 2017, the Subject Property suffered a devastating fire
13  which rendered it uninhabitable. In fact, the Subject Property was subsequently "red
14  tagged" by the City of Los Angeles and remains largely unrepaired.

15  ## FALSE MECHANIC LIENS

16      18.    Unbeknownst to me Defendants ESCALERA and CHAIDEZ on
17  behalf of their companies SANTA FE and CCI and HUMBERTO as Co-Trustee of
18  THE KINGSLEY TRUST engineered a scheme to interfere with my title to the
19  Subject Property by executing and recording false Mechanics Liens against the
20  Subject Property despite the absence of any written contract with me or any
21  authorization by me to conduct any work at the Subject Property.

22      19.    Specifically, a review of a title report reveals the following
23  unauthorized Mechanics Liens recorded against the Subject Property:

24          a. On September 1, 2017, Defendant SANTA FE by and through
25              Defendant ESCALERA recorded a Mechanics Lien (hereinafter
26              "ML1") in the amount of $141,231.00 against the Subject Property
27              with the Los Angeles County Recorder's Office as Instrument Number
28              20171000698, a true and correct copy of which is attached hereto as

**AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT**

Exhibit **"F"** and is incorporated herein by this reference as though set forth in full. Notably, ML1 references that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST";

b. On February 16, 2018, Defendant CCI by and through Defendant CHAIDEZ recorded a Mechanics Lien (hereinafter "ML2") in the amount of $91,250.00 against the Subject Property with the Los Angeles County Recorder's Office as Instrument Number 20180162794, a true and correct copy of which is attached hereto as Exhibit **"G"** and is incorporated herein by this reference as though set forth in full. Notably, ML2 also references that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST";

c. On February 16, 2018, Defendant SANTA FE by and through Defendant ESCALERA recorded a Mechanics Lien (hereinafter "ML3") in the amount of $141,231.00 against the Subject Property with the Los Angeles County Recorder's Office as Instrument Number 20180162795, a true and correct copy of which is attached hereto as Exhibit **"H"** and is incorporated herein by this reference as though set forth in full. Notably, ML3 references also that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST" and is for the exact same amount as ML1, and further appears to just be an altered version of ML1, which I believe is an improper way to circumvent the statutory deadlines by Defendant;

d. On April 11, 2019, Defendant SANTA FE by and through Defendant ESCALERA recorded a Mechanics Lien (hereinafter "ML4") in the amount of $141,231.00 against the Subject Property with the Los

AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF
DEFAULT JUDGMENT

Angeles County Recorder's Office as Instrument Number 20190326560, a true and correct copy of which is attached hereto as **Exhibit "I"** and is incorporated herein by this reference as though set forth in full. Notably, ML4 references also that the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST" and is for the exact same amount as ML1 and ML3, and further appears to just be an altered version of ML3, which I believe is an improper way to circumvent the statutory deadlines by Defendant;

20.    None of ML1 through ML4: 1) was supported by any written or verbal contract with me; 2) was preceded by any required Preliminary Notice (as mandated under California *Civil Code* sections 8100, et seq. and 8410) or 3) was the subject of any action to enforce said liens within the 90 day period set forth in California *Civil Code* section 8460.

21.    I further believe that ML1, ML3, and ML4 are not based upon separate claims but are all duplicative of one another and were recorded fraudulently by Defendants SANTA FE, CC, CHAIDEZ, and ESCALERA solely to renew their false claims against me and the Subject Property so as to fraudulently extend any expired statute of limitation for enforcement of said liens.

22.    I am aware that Defendants failed to bring an action to enforce the ML1 through ML4 liens within 90 days after the recordation of the claim of lien, as required by California *Civil Code* § 8460. No action has been filed to foreclose the liens; no extension of credit has been recorded; and the time period during which suit can be brought to foreclose the lien has expired. Moreover, ML4 is merely duplicative of the previously expired ML3 and is therefore subject to expungement in full.

23.    A recent review of a Title Report for the Subject Property reveals that ML1 through ML4 were still recorded against the Subject Property, thereby

AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF
DEFAULT JUDGMENT

1  clouding title thereto.

2      24.    As a result, I am entitled to an Order expunging the **Exhibits "F"**

3  through **"I"** ML1 through ML4.

4  ### **FRAUDULENT GRANT DEED 2**

5      25.    On February 11, 2019, without my knowledge or authorization

6  someone purporting to be me in his capacity of authorized Trustee for the

7  KINGLSEY TRUST executed a second Grant Deed (hereinafter "GD2") in which I

8  allegedly conveyed title to the Subject Property to Defendant WHITE. A true and

9  correct copy of GD2 recorded with the Los Angeles County Recorder's Office on

10  April 1, 2019 as Instrument Number 20190281558 is attached hereto as **Exhibit**

11  **"J"** and is incorporated herein by reference as though set forth in full.

12      26.    Once again, I have no affiliation with THE KINGSLEY TRUST, did

13  not participate in its formation and am unaware of who the named trustees or

14  beneficiaries are for THE KINGSLEY TRUST. I also did not sign the **Exhibit "J"**

15  GD2, do not know Defendant WHITE and did not authorize anyone to sign GD2 on

16  my behalf. As a result, I contend that GD2 is fraudulent, void, and of no force and

17  effect as to my title to the Subject Property.

18      27.    It is my position that Defendants ESCALERA, CHAIDEZ and their

19  companies SANTA FE and CC intentionally created false Mechanics Liens (ML1

20  through ML4) without my knowledge and without performing any work,

21  intentionally re-recorded duplicative Mechanics Liens so as to renew the statute of

22  limitations period, and refused to release the Mechanics Liens when they expired so

23  that they could interfere with my title to the Subject Property.

24      28.    I further believe that the Defendants ESCALERA, CHAIDEZ and their

25  companies SANTA FE and CC intentionally misrepresented that they had a written

26  agreement with me or that I ever consented to or otherwise authorized any work to

27  be performed at the Subject Property by them.

28      29.    I am further informed and believe that Defendant HUMBERTO

1  fraudulently represented himself as an owner of the Subject Property in order to

2  allegedly authorize Defendants ESCALERA, CHAIDEZ and their companies

3  SANTA FE and CC to perform work at the Subject Property as a precursor of

4  recording the false ML1 through ML4.

5      30.    I further contend that Defendant ESCALERA misrepresented to

6  Plaintiff the true purpose of the **Exhibit "E"** GD1, took advantage of Plaintiff's

7  diminished capacity, and convinced him to sign it and thereafter recorded it in

8  Official Records Recorder's office, Los Angeles County, California.

9      31.    I further believe that Defendants ESCALERA, LORENA and

10  HUMBERTO created THE KINGSLEY TRUST and named themselves as Co-

11  Trustees thereof in order to improperly acquire an interest in the Subject Property for

12  no consideration in order to deprive me, a senior citizen, of my property.

13     32.    Finally I contend that the **Exhibit "J"** GD2, is fraudulent,

14  unauthorized, void was not signed by me or with my authorization and was recorded

15  it in Official Records Recorder's office, Los Angeles County, California without my

16  knowledge or authority.

17     33.    At no time did I ever agree to voluntarily transfer any interest in the

18  Subject Property and I would not have transferred any interest if I had known the

19  Defendants' true motive which was to steal my property from me.

20     34.    Prior to filing this action, my counsel and I made demands upon the

21  Defendants to release their liens from the Subject Property and to cancel the

22  fraudulent Grant Deeds. However, despite this, the Defendants were unable or

23  unwilling to release their liens or cancel the Deeds, requiring court intervention to

24  release the liens and cancel the Deeds.

25     35.    I claim the sole right to title to the Subject Property, I do not know the

26  Defendants other than ESCALERA who runs SANTA FE, did not conduct any

27  business with any of them except as indicated above, did not authorize the

28  preparation of the **Exhibit "E"** GD1 or transfer any part of the Subject Property, did

AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF
DEFAULT JUDGMENT

1  not enter into any contract with ESCALERA, SANTA FE or any of the other

2  Defendants to perform any work claimed to support the **Exhibits "F"** through **"I"**

3  ML1 through ML4 and did not sign or authorize the **Exhibit "J"** GD2, and am not

4  liable to any of the Defendants for any amounts.

5      36.    If the Order cancelling the fraudulent **Exhibit "E"** GD1, the **Exhibits**

6  **"F"** through **"I"** ML1 through ML4 and the **Exhibit "J"** GD2 are not released by

7  the Court, there is an absolute certainty that I will suffer serious and irreparable

8  injury as I may lose my home to foreclosure due to no fault of my own.

9      37.    I therefore respectfully request that the Court enter a Default Judgment

10 in my favor and against all of the Defendants  and order: 1) that the fraudulent

11 **Exhibit "E"** GD1, the **Exhibits "F"** through **"I"** ML1 through ML4 and the

12 **Exhibit "J"** GD2 are cancelled in full as to the Subject Property; 2) find that I am

13 the sole owner of the Subject Property; and 3) find that the Defendants have no right,

14 title, interest, or lien in and to the Subject Property.

15     38.    As a result of Defendants' fraud and deceit and the facts herein alleged,

16 I was forced to take actions to undo the fraudulent recordings by Defendants

17 including retaining counsel to file the instant Chapter 13 Petition and to file this

18 adversary proceeding against the Defendants. I therefore am entitled to an award of

19 attorney's fees and costs of suit according to proof at the conclusion of this case

20 which I will seek via a Motion for Attorney's Fees later.

21     I declare under penalty of perjury that the foregoing is true and correct under

22 the laws of the United States of America.

23 Executed on ~~November~~ DECEMBER 02 2019, in Encino, California.

24

25 ROBERT BENJAMIN SAUTTER

26

27

28

AMENDED DECLARATION OF ROBERT BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF
DEFAULT JUDGMENT

# EXHIBIT "A"

78- 456664

RECORDING REQUESTED BY
RECORDED AT THE REQUEST OF CALIF. LAND TITLE CO

AND WHEN RECORDED MAIL TO

Name
Robert & Misue Sautter
Street Address
3859 Sherwood Place
Sherman Oaks, Ca.
City & State

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

MAY 1 1978 AT 8 A.M.

Recorder's Office

MAIL TAX STATEMENTS TO

Name
Street Address
City & State

RECORDING REQUESTED BY AND MAIL TO

SPACE ABOVE THIS LINE FOR RECORDER'S USE

FEE
$4
2T

## Grant Deed

THIS FORM FURNISHED BY COMMONWEALTH LAND TITLE COMPANY

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ __154.00__
(XX) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: (XX) City of __Los Angeles__ , and

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

MELVIN B. BOXER, an unmarried man, and
JANET M. ZAVATTO, a single woman
hereby GRANT(S) to

ROBERT SAUTTER AND MISUE SAUTTER, husband and wife, as joint tenants

the following described real property in the city of Los Angeles
County of Los Angeles , State of California:

Lot 28 of Tract 10150 as per map recorded in Book 143 Pages 21
through 24 inclusive of maps in the office of the County Recorder
of said County.

Dated __February 22, 1978__

MELVIN B. BOXER

STATE OF CALIFORNIA,
COUNTY OF __Los Angeles__
On __Feb. 27__ , 1978 before me, the under-
signed, a Notary Public in and for said State, personally appeared
__Melvin B. Boxer, and__
__Janet M. Zavatto__

JANET M. ZAVATTO

, known to me
to be the person _s_ whose name _s_ _are_ subscribed to the within
instrument and acknowledged that __they__ executed the same.
WITNESS my hand and official seal.

Signature __Frances Sievert__

Name (Typed or Printed)

OFFICIAL SEAL
FRANCES SIEVERT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires DEC. 1 1980

(This area for official notarial seal)

Title Order No. _____    Escrow or Loan No. _____

MAIL TAX STATEMENTS AS DIRECTED ABOVE    8707084-20

'78- 456664

2

(Individual)

STATE OF CALIFORNIA }
COUNTY OF Los Angeles } ss.

On April 5, 1978 before me, the undersigned, a Notary Public in and for said State, personally appeared MELVIN B. BOXER

, known to me

to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same.

WITNESS my hand and official seal.

Signature _Frances Sievert_

Name (Typed or Printed)

OFFICIAL SEAL
FRANCES SIEVERT
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
My comm. expires DEC. 1, 1980

(This area for official notarial seal)

→ STAPLE HERE ←

END OF RECORDED DOCUMENT

Requested By:   ,   Printed: 3/5/2019 12:33 PM

Page 2 of 2

Order: QuickView_
Doc: 1978-456664

# EXHIBIT "B"

▲   This page is part of your document - DO NOT DISCARD   ▲

**05 1725467**

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**07/21/05 AT 08:00am**

# TITLE(S) :

▲



L E A D   S H E E T

| FEE | | D.T.T. |
|---|---|---|
| FEE $50 — M | 13 | |
| DAF $ 4 | 2T | |
| C-20 | | |

CODE
20

CODE
19

CODE
9

NOTIFICATION SENT $4

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**

▲   THIS FORM IS NOT TO BE DUPLICATED   ▲

WHEN RECORDED MAIL TO

NAME: FINANCIAL FREEDOM
SENIOR FUNDING CORP

MAILING ADDRESS: 3009 DOUGLAS BLVD

CITY, STATE ZIP CODE: ROSEVILLE CA
95661

05  1725467

2

_SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE_

### TITLE(S)

DEED OF TRUST

7/21/05

**Recording Requested by:**
Financial Freedom Senior Funding Corp
a Subsidiary of IndyMac Bank, F.S.B.

05 1725467

3

**When recorded mail to:**
Financial Freedom Senior Funding Corp
a Subsidiary of IndyMac Bank, F.S.B.
3009 Douglas Boulevard, Suite 210
Roseville, California 95661

**LOAN NO: 7044079**

------- [Space Above This Line for Recording Data] -------

## DEED OF TRUST

### THIS DEED OF TRUST SECURES A REVERSE MORTGAGE LOAN.

**THIS DEED OF TRUST SECURES AN OPEN-END (REVOLVING) LINE OF CREDIT
WHICH PROVIDES FOR PAYMENTS, FUTURE ADVANCES AND A VARIABLE RATE OF
INTEREST AS SET FORTH IN A CASH ACCOUNT ADJUSTABLE RATE REVERSE
MORTGAGE LOAN ACCOUNT DISCLOSURE STATEMENT AND AGREEMENT DATED
THE SAME DATE AS THIS DEED OF TRUST ("AGREEMENT"). THE PROVISIONS OF
THE AGREEMENT ARE INCORPORATED HEREIN BY THIS REFERENCE.**

THIS DEED OF TRUST ("Security Instrument") is made on **JULY 16, 2005**. The trustor is **MISUE
SAUTTER, TRUSTEE OF THE MISUE SAUTTER TRUST DATED OCTOBER 29, 2002 (A
MARRIED PERSON'S SEPARATE PROPERTY TRUST)**, ("Borrower") (unless the context
indicates otherwise, the terms "Borrower", "I", "we", "us", "me", "my", "mine" and "our" refer
collectively to all trustors under this Security Instrument). The trustee is **ALLIANCE TITLE**
("Trustee") with a mailing address of 3005 DOUGLAS BOULEVARD, SUITE 200, ROSEVILLE,
CA 95661. The beneficiary is Financial Freedom Senior Funding Corporation, a Subsidiary of
IndyMac Bank, F.S.B., a Delaware corporation, and whose office address is 3009 Douglas
Boulevard, Suite 210, Roseville, California 95661 ("Lender") (unless the context indicates otherwise,
the terms "Lender", "you" and "your" refer to Financial Freedom Senior Funding Corporation, a
Subsidiary of IndyMac Bank, F.S.B.. "Loan" and "Account" refer to the loan evidenced by the
Agreement. Borrower owes Lender a maximum principal sum of **ONE MILLION THREE
HUNDRED FIFTY FOUR THOUSAND THREE HUNDRED SEVENTY FOUR DOLLARS
AND NO CENTS (U.S. $1,354,374.00)**, plus all interest and other amounts due as set forth below.

This debt is evidenced by the Agreement, which provides for a single payment due and payable in the
ordinary course, upon the earliest to occur of any of the Maturity Events as set forth more fully in

7/21/05

Section 6 of the Agreement, which are as follows: (a) the sale, conveyance, transfer or assignment of any part of the Property, as defined below, or any of Borrower's rights in the Property, whether voluntarily or involuntarily, by operation of law or otherwise, to a person other than any of the original Borrowers, without Lender's prior written consent, (b) the Borrower's death or, if there is more than one Borrower, the death of the last living Borrower; and (c) all Borrowers ceasing to use the Property as their principal residence.

4

This Security Instrument secures to you (a) repayment of the debt evidenced by the Agreement, including principal (which includes the Initial Advance (as referred to in the Agreement) and all future Advances made after the date of this Security Instrument), all interest thereon, all other amounts and charges set forth in the Agreement or this Security Instrument and all renewals, replacements, extensions and modifications of the Agreement and this Security Instrument; (b) the payment of all other amounts, with interest, advanced under the Agreement or Section 6 of this Security Instrument to protect the security of this Security Instrument; and (c) the performance of my obligations and agreements under this Security Instrument and the Agreement. For this purpose, I irrevocably grant and convey to Trustee, in trust, with power of sale, the following described property located in **LOS ANGELES** County, California:

[See Exhibit "A" attached hereto.]

which has the address of **3859 SHERWOOD PLACE, SHERMAN OAKS, CALIFORNIA 91423** ("Property Address");

TOGETHER WITH all the improvements now or in the future erected on such property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures which are now or in the future become a part of said property. All replacements and additions shall also be covered by this Security Instrument. All of the property described above and in Exhibit "A" is referred to in this Security Instrument as the "Property".

I HEREBY WARRANT that all of the statements and representations I have made in the Agreement with respect to the Property are true and correct.

I FURTHER COVENANT AND AGREE as follows:
1   **Payment of Principal, Interest and Fees.**
    I will promptly pay, or cause to be paid, to Lender when due the principal of the debt evidenced by the Agreement (the "Principal Amount"), all interest thereon, and all fees, charges and other amounts due under the Agreement or this Security Instrument.
2   **Charges; Liens.**
    I will pay prior to delinquency all taxes, assessments, charges, fines and impositions attributable to the Property, and I will pay these obligations directly to the person or entity owed payment. I will, upon your request, promptly furnish to you all notices of amounts to be paid under this Section and all receipts evidencing those payments.

    I will promptly discharge any lien on the Property which may attain priority over this Security Instrument (other than as listed in the title insurance policy ("Title Policy") issued to you and insuring this Security Instrument) unless I (a) agree in writing to pay the obligation secured by the lien in a manner acceptable to you; (b) contest in good faith the lien by, or defend against enforcement of the lien in, legal proceedings which in your opinion operate to prevent

D02.00.1 CA Deed                              2        **05 1725467**        Rev 05/2005

7/21/05

enforcement of the lien or forfeiture of any part of the Property; or (c) secure from the holder of the lien an agreement satisfactory to you subordinating the lien to this Security Instrument. If you determine that any part of the Property is subject to a lien, you may immediately cease making any further Advances, and give me a notice identifying the lien. I will satisfy the lien or take one or more of the actions set forth above within ten (10) days of your giving me this notice.

5

3    **Hazard Insurance.**
I will keep the improvements now existing or erected in the future on the Property insured against loss by fire, hazards included within the terms "extended coverage" and "all risk", and any other hazards, including floods or flooding, for which you require insurance, through an insurance company and on terms satisfactory to you, and which provides you with at least ten (10) days prior written notice before any change or cancellation can be made. I understand that all insurance policies and renewals must be acceptable to you and include a standard mortgagee clause in your favor. You have the right to hold the policies and renewals. If you require, I will promptly give you all receipts for paid premiums and renewal notices. In the event of loss, I will give prompt notice to the insurance carrier and to you. You may submit proof of loss if I do not do so promptly. I hereby authorize you to contact the insurance carrier to verify the coverage and to ensure that you are named as loss payee under a standard mortgagee clause. In the event that you are not so named, I authorize you to instruct the insurance carrier to so name you.

If I do not provide you with evidence of insurance satisfactory to you upon your request you may, but are not obligated to, in accordance with Section 6, obtain such insurance on your own behalf or on my behalf, at your option, naming you as the insured or otherwise, at your sole option. I acknowledge that insurance you obtain in this way may provide less protection to me and may be more expensive than insurance I could obtain.

Unless you and I agree differently in writing, insurance proceeds will be applied to restore or repair the damaged Property, if (a) the restoration or repair is economically feasible within a reasonable period of time, (b) I am willing and able to repair or restore the Property as necessary within a reasonable period of time, and (c) the value of your security would not be lessened. If the foregoing requirements are not all met you may, at your option, use the insurance proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not they are then due, with any excess paid to me. If I abandon the Property or do not answer within 30 days a notice from you that the insurance carrier has offered to settle a claim, you may collect the insurance proceeds and use them to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not they are then due. The thirty-day period will begin when the notice is given.

If under this Security Instrument you acquire the Property, my right to any insurance policies and proceeds resulting from damage to the Property before you acquire it will pass to you to the extent of the amounts secured by this Security Instrument immediately prior to the acquisition.

4    **Preservation and Maintenance of Property.**
I will at my expense keep the Property in at least the same condition as it exists on the later of the date of this Security Instrument or the date upon which all repairs, if any, funded by you from the Initial Advance made under the Agreement are completed. I will not remove or

05 1725467

7/21/05

demolish any building on the Property, and I will repair and restore promptly and in good and workmanlike manner any building which may be damaged or destroyed thereon and will pay, when due, all claims for labor performed and materials furnished therefor. I will comply with all laws affecting the Property or requiring any alterations or improvements to be made thereon. I will not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property, nor will I commit, suffer or permit any act upon the Property in violation of law or any required insurance policy relating to the Property. I will cultivate, irrigate, fertilize, fumigate, prune and do all other acts, which from the character or use of the Property may be reasonably necessary to maintain its condition as required by the Agreement and this Security Instrument.

I understand that I will be in default under this Security Instrument if any forfeiture action or proceeding, whether civil or criminal, is begun that in your good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or your security interest. You may immediately cease making any further Advances upon the commencement of any such forfeiture action or proceeding, and give me a notice identifying the proceeding. I may cure this default and reinstate, as provided in Section 13, by causing the action or proceeding to be dismissed with a ruling that, in your good faith determination, precludes forfeiture of my interest in the Property or other material impairment of the lien created by this Security Instrument or your security interest. I understand that I will also be in default if I gave materially false or inaccurate information or statements to you (or failed to provide you with any material information) in connection with the Agreement, including, but not limited to, representations concerning my occupancy of the Property as a principal residence.

5    **Hazardous Substances.**
I will not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on, in, or from the Property. The preceding sentence does not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses, as distinct from commercial uses, and to maintenance of the Property. I will not do, nor allow anyone else to do, nor am I aware of, anything affecting the Property that is in violation of any Environmental Law.

I will promptly give you written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge. If I learn, or am notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I will promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this Section and in the Agreement, "Hazardous Substances" means hazardous wastes, hazardous substances, toxic substances, hazardous air pollutants, pesticides, contaminants or other pollutants as those terms are used in any Environmental Law, and the following substances: gasoline, diesel fuel, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, lead paint, and radioactive materials. As used in this Section and in the Agreement, "Environmental Law" means federal laws and regulations and laws and regulations of each of the other jurisdictions in which the Property is located that relate to health, safety or environmental protection, including laws regulating the handling, use, storage, disposal or transportation of Hazardous Substances.

05  1725467

7/21/05

**6    Protection of Lender's Rights in Property.**

6.1    If I fail to perform any of my material obligations contained in the Agreement or any of my obligations set forth in this Security Instrument, or if legal proceedings are commenced that may significantly affect your rights in the Property (such as proceedings in bankruptcy, probate, for condemnation or to enforce laws or regulations), then you may, but are not obligated to, do or pay for whatever is necessary to protect the value of the Property and your rights in the Property. This may include, for example, paying the cost of maintaining the Property during my absence; paying all taxes, assessments, charges, fines and impositions attributable to the Property; discharging liens, appearing in court and paying reasonable attorneys' fees; paying insurance premiums or paying the cost of repair or to prevent deterioration or waste to the Property; all as provided in the Agreement or in this Security Instrument. Any payments you make will not create an obligation on your part to make any further payment.

6.2    If you do make such payments, you may at your option add any amounts paid to the balance of my Account owed under the Agreement and reduce my Advance Limit by an equal amount. Any amounts so paid and added to the balance of my Account will be secured by this Security Instrument and have priority as if made on the date of this Security Instrument. These amounts will bear interest from the date of disbursement at the interest rate provided under the Agreement and will be payable at the same time as other debt is payable under the Agreement or this Security Instrument.

**7    Inspection.**

I will permit you or your representative to visit and walk through the Property on reasonable prior notice (at least 24 hours).

**8    Condemnation of the Property.**

I hereby assign to you the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, and the same are to be paid to you.

In the event of a total taking of the Property or a conveyance in lieu of condemnation, the proceeds will be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to me. If the Property is partially taken and the Appreciated Value of the Property (as determined pursuant to Section 8(a) of this Security Instrument) immediately before the taking is equal to or greater than the sums secured by this Security Instrument immediately before the taking, unless you and I otherwise agree in writing, the sums this Security Instrument secures will be reduced by applying thereto a portion of the proceeds equal to the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the Appreciated Value of the Property immediately before the taking as so determined. Any balance will be paid to me. If the Property is partially taken and the Appreciated Value of the Property (as determined pursuant to Section 8(a) of this Security Instrument) immediately before the taking is less than the amounts secured immediately before the taking, unless you and I agree otherwise in writing or unless applicable law otherwise provides, the proceeds will be applied to the sums secured by this Security Instrument, whether or not they are then due.

If I abandon the Property or if, after you notify me that the condemnor has offered to make an award or settle a claim for damages, I fail to respond to you within thirty (30) days after the date the notice is given, you are authorized to collect and apply the proceeds, at your option, either to restore or repair the Property or to the amounts secured by this Security Instrument, whether or not they are then due.

7/21/05

(a) **Appreciated Value.** The "Appreciated Value" of the Property will be determined as follows:

(i)    Except as provided in paragraphs (ii), (iii), (iv) or (v) below, the Appreciated Value of the Property will be the larger of (a) the total value given for or gross selling price of the Property in any sale or transfer of the Property (including all consideration to the seller or transferor and before subtracting selling costs and repaying the Account) to a bona fide third-party purchaser unrelated to Borrower, or (b) the appraised value of the Property as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, as of the first occurrence of a Maturity Event as described in Section 6 of the Cash Account Loan Agreement or the date on which you declare the Account due and payable, whichever date you in your sole discretion choose. If the Property is sold or transferred you may, if you desire, base the Appreciated Value of the Property on the gross selling price of the Property and not conduct an appraisal of the Property. I will advise you of the total value given for (or the gross selling price of) the Property sufficiently in advance of the closing to permit the Account to be repaid directly from the proceeds of the sale or transfer.

(ii)   If I prepay the entire unpaid balance of the Account in full, the Appreciated Value of the Property will be the appraised value of the Property, as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, if applicable, as of the later of thirty (30) days prior to the date of prepayment or the date you receive my written notice that I intend to prepay.

(iii)  If you foreclose on the Property and acquire the Property at the foreclosure sale, the Appreciated Value of the Property will be the larger of (a) the appraised value of the Property as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, if applicable, as of the date upon which repayment became due, or (b) the price at which you resell the Property pursuant to the Security Instrument.

(iv)   If you foreclose on the Property and someone other than you acquires the Property at the foreclosure sale, the Appreciated Value of the Property will be the total consideration paid for the Property at the foreclosure sale.

(v)    If the Property is totally condemned, or totally taken by eminent domain, its Appreciated Value will be equal to the proceeds of any award or claim for damages in connection with the condemnation or taking (or for conveyance in lieu of condemnation) (the "Condemnation Award"); provided, however, that if you have not received timely written notice of any condemnation proceedings, or you have not had an opportunity to participate in those proceedings, then the Appreciated Value of the Property will be whichever of the following you in your sole discretion

05  1725467

7/21/05

choose: (a) the amount of the Condemnation Award, or (b) the value of the Property as of the day immediately before the condemnation or taking as determined by appraisal as provided in the Equity Guard Feature Addendum to the Cash Account Loan Agreement, if applicable. If the Property is partially condemned or partially taken by eminent domain, its Appreciated Value will be determined by appraisal as provided in the Equity Guard Feature Rider to the Cash Account Loan Agreement, if applicable, as of the day immediately before the condemnation or taking.

**9    Borrower Not Released; Forbearance by Lender Not a Waiver.**
I understand that any extension of the time for payment of the amounts secured by this Security Instrument which you grant to me or to any of my successors in interest will not operate to release my liability or that of my successors in interest. You will not be required to start proceedings against any successor in interest or refuse to extend time for payment of the amounts secured by this Security Instrument by reason of any demand made by me or any of my successors in interest. Any forbearance by you in exercising any of your rights or remedies will not constitute a waiver, or preclude the exercise, of any of your other rights or remedies.

**10   Successors and Assigns Bound; Joint and Several Liability.**
The warranties and agreements of this Security Instrument and the Agreement shall bind and benefit you and your successors and assigns, and me and my executors, administrators, heirs, successors and assigns. Borrower's warranties and agreements are and will be joint and several. Anyone who co-signs this Security Instrument as a Borrower but does not execute the Agreement (i) is co-signing this Security Instrument only to mortgage, grant, warrant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (ii) is not personally obligated to pay the amounts secured by this Security Instrument; and (iii) agrees that Lender and any other Borrower may agree, subject to applicable law, to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Agreement without that Borrower's consent.

**11   Notices.**
Any notice to me described in the Agreement or in this Security Instrument will be given by private delivery service or by mailing it by first class mail, postage prepaid, unless applicable law or the terms of this Security Instrument or the Agreement require using another method. The notice will be directed to the Property Address or any other address all Borrowers designate to you in writing. I understand that any notice to you must be given by private delivery service or by first class mail, postage prepaid, to your address stated in this Security Instrument or any other address you designate to me in writing, unless applicable law or the terms of this Security Instrument or the Agreement require using another method. Any notice given by private delivery service in this way will be considered to have been given when delivered, and any notice given by mail in this way will be considered to have been given five (5) business days after being deposited in the mail.

**12   Governing Law; Severability.**
This Security Instrument will be governed by applicable federal law (including the Federal Arbitration Act as it applies to this Security Instrument through the arbitration provisions as specified in Section 17 herein), and, where not preempted by applicable federal law, the laws of the state where the Property is located (without regard to such sate's rules pertaining to conflict of laws), The provisions of this Security Instrument are severable, as provided in Section 17.8 of the Agreement.

05  1725467

7/21/05

10

**13   Borrower's Right to Reinstate.**
If, upon the occurrence of an Event of Default as described in Section 13 of the Agreement and, after demanding mandatory prepayment of the Loan, you seek enforcement of this Security Instrument by commencing foreclosure, whether pursuant to any power of sale contained in this Security Instrument or by filing an action in a court of law, if I meet certain conditions, I will have the right to have enforcement of this Security Instrument discontinued at any time before the earlier of (i) five (5) business days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (ii) entry of a judgment enforcing this Security Instrument. Those conditions are that I (a) pay you all amounts which then would be due under this Security Instrument and the Agreement had you not required mandatory prepayment; (b) cure any breach or default in the performance of any other warranty or agreement; (c) pay all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) take any action you may reasonably require to ensure that the lien of this Security Instrument, your rights in the Property and my obligation to pay the amounts secured by this Security Instrument continue unchanged. Upon my reinstatement, this Security Instrument and the obligations it secures will remain fully effective as if you had not required mandatory prepayment.

**14   Events of Default; Mandatory Prepayment and Other Remedies.**
I understand that if an Event of Default occurs, as described in Section 13 of the Agreement (including but not limited to the sale, conveyance, transfer or assignment of all or any part of the Property, or any of my rights in the Property, whether voluntarily or involuntarily, by operation of law or otherwise, to a person other than any of the original Borrowers, without your prior written consent ("Due on Sale")), and is continuing, you may immediately stop making any further Advances, and that if I do not cure that default within the period specified in the notice of Event of Default described in this Section, you may require mandatory prepayment of the Loan together with all other amounts owed under the Agreement and this Security Instrument. You will notify me, following the occurrence of an Event of Default, before requiring mandatory prepayment, specifying (i) the Event of Default; (ii) the action required to cure the default; (iii) a date by which the default must be cured; and (iv) that if I do not cure the default on or before the date specified in the notice you may require mandatory prepayment of the Loan or sale of the Property, or both. The notice will further inform me of my right to reinstate after you have called for mandatory prepayment and of my right to assert the non-existence of an Event of Default or any other defense I may have to mandatory prepayment and sale.

If the default is not cured on or before the date specified in the notice, you may at your option, subject to applicable law, require immediate prepayment in full of all amounts due under the Agreement and this Security Instrument without further demand, and may foreclose on the Property and invoke any other remedies provided by the Agreement or this Security Instrument or permitted by applicable law.

Any forbearance by you in exercising any right or remedy under this Section will not waive your right to exercise any right or remedy in the future. Your exercise of this right will not cure or waive any default or notice of Event of Default under this Security Instrument, or invalidate any act done pursuant to such a notice.

**15   Procedures for Sale.**
If you invoke the power of sale, you will execute, or cause the Trustee to execute, a written notice of the occurrence of an Event of Default and of your election to cause the Property to

D02.00.1 CA Deed                                    8                              Rev 05/2005

05  1725467

7/21/05

be sold. The Trustee will cause this notice to be recorded in the county in which the Property is located. You or the Trustee will mail copies of the notice to me and other persons as prescribed by applicable law. The Trustee will give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law the Trustee, without demand on me, will sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale. The Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender may bid at any foreclosure sale.

The Trustee will deliver to the purchaser a Trustee's deed conveying the Property without any covenant or warranty, express or implied. Recitals in the Trustee's deed will be prima facie evidence of the truth of the statements made in the deed.

If you acquire the Property at a foreclosure sale, your only obligation to me will be to pay me out of your proceeds from reselling the Property to a third party an amount, if any, equal to the resale price less the sum of all debt secured by this Security Instrument plus all expenses of the resale, including but not limited to any brokerage commissions.

16    **Reconveyance.**
Upon payment of all amounts secured by this Security Instrument, you will request the Trustee to reconvey the Property and will surrender this Security Instrument and any notes evidencing debt secured by this Security Instrument to the Trustee; provided, however, that if my Account balance is $0.00 at any time prior to the occurrence of a Maturity Event or your demand for early repayment, you shall not request the Trustee to reconvey this Security Instrument unless I specifically instruct you in writing to terminate my Account under the Agreement, and then only if there are no unpaid finance charges, attorneys' fees or any other sum owing to you under the Agreement. The Trustee will reconvey the Property without warranty, at the charge agreed to in the Agreement, to the person or persons legally entitled to it. That person or persons will pay any recordation costs.

17    **Substitute Trustee.**
You may, at your option, from time to time appoint a successor trustee to any Trustee appointed under this Security Instrument by an instrument executed and acknowledged by you and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee in this Security Instrument and by applicable law. This procedure for substitution of trustee will govern to the exclusion of all other provisions for substitution, except to the extent applicable law requires otherwise.

18    **Statement of Obligation Fee.**
You may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

19    **Remedies Cumulative.**
All of your remedies under this Security Instrument are cumulative to any other right or remedy under this Security Instrument or the Agreement, or which is afforded by law or equity, and may be exercised concurrently, independently or successively.

05  1725467

*7/21/05*

*12*

**20** **Arbitration.**

> Any controversy or claim arising out of or relating to this Security Instrument, the
> Agreement or any other document relating to the Account, the breach of any of them or the
> default under any of them, other than an action or proceeding to foreclose on the Property
> pursuant to this Security Instrument, will be settled by binding arbitration under the
> jurisdiction of the American Arbitration Association in accordance with its Commercial
> Arbitration Rules.  The arbitration will be conducted in the county in which the Property is
> located, unless you and I agree in writing on a different location.  Judgment upon any award
> rendered by the arbitrator may be entered in any appropriate court.  Such arbitration may
> not, however, without your consent, delay or adversely affect your ability to exercise any of
> the remedies available to you under this Security Instrument or the Agreement.  Your
> pursuit of such remedies will not constitute a waiver by you of your rights to submit any
> controversy or claim to arbitration.  No arbitration conducted hereunder shall be
> consolidated or combined with any other arbitration absent Lender's express written consent.

Notwithstanding anything that may be contained in this Section to the contrary, this Section
does not limit your right to foreclose against the Property (whether judicially or non-judicially
by exercising your right of sale or otherwise), to exercise self-help remedies such as set-off,
or to obtain injunctive relief for the appointment of a receiver from any appropriate court,
whether before, during or after any arbitration.

**21** **Request for Notices.**
I request that a copy of any notice of default and a copy of any notice of sale thereunder be
mailed to me at my address, which is the Property Address.

**22** **Loan Advances.**
This Security Instrument secures future advances.  All advances and indebtedness arising and
accruing from time to time under the Agreement or under this Security Instrument shall be
secured by this Security Instrument.  Advances shall be made and indebtedness shall be
incurred from time to time on and after the date of this Security Instrument under the
Agreement, but each such advance or indebtedness shall be secured by this Security Instrument
and have priority as if made on the date of this Security Instrument.

**23** **Counterpart Execution.**
This Security Instrument may be executed by one or more of the parties hereto on any number
of separate counterparts and all of said counterparts taken together shall be deemed to
constitute one and the same document.  One set of the copies of this Security Instrument
signed by all the parties shall be submitted for recordation.

05  1725467

7/21/05

24. **Riders to this Security Instrument.**
If I execute one or more riders and they are recorded together with this Security Instrument, the warranties and agreements of each such rider shall be incorporated into and shall amend and supplement the warranties and agreements of this Security Instrument as if the rider(s) were part of this Security Instrument. [Check applicable box(es):

13

☐ Condominium Rider            ☐ PUD Rider

☐ 1-4 Family Rider             ☐ Other:

BY SIGNING BELOW, I hereby accept and agree to the terms and agreements contained in this Security Instrument and in any rider(s) I execute and which are recorded with it.

BORROWER:

_____          07-16-05
MISUE SAUTTER (Borrower)                  Date

MISUE SAUTTER TRUST
_____          07-16-05
MISUE SAUTTER, AS TRUSTEE                 Date

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On July 16, 2005, before me, Christina Rust, notary public, personally appeared MISUE SAUTTER personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____

My commission expires on: March 14, 2007

[Notary Seal:]
CHRISTINA RUST
Commission # 1405379
Notary Public · California
Ventura County
My Comm. Expires Mar 14, 2007

7/21/05

**Exhibit "A"**

14

Legal description of property:

LOT 28 OF TRACT 10150 AS PER MAP RECORDED IN BOOK 143 PAGES 21 THROUGH 24
INCLUSIVE MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN
NO: 2272-005-016

*m. A.*
_____
Borrower's Initials

_____
Borrower's Initials

# EXHIBIT "C"



**This page is part of your document - DO NOT DISCARD**

## 20161331981





**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/28/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 34.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 34.00 |



**L E A D S H E E T**



201610280240035

00012850510



007906290

**SEQ:**
**02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

160274576 DL

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

**Clear Recon Corp.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**
**866-931-0036**

T.S. No.: 048361-CA
APN: 2272-005-016                                  SPACE ABOVE THIS LINE FOR RECORDER'S USE
**Property Address: 3859 SHERWOOD PLACE,**    Title Order No.: 160274576-CA-VOI
**SHERMAN OAKS, CALIFORNIA 91423**

# NOTICE OF DEFAULT

### Pursuant to CA Civil Code 2923.3
**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT
ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA
NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG
TÀI LIỆU NÀY**

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION, and you may have legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days
prior to the date set for the sale of your property. No sale date may be set until
approximately 90 days from the date this notice of default may be recorded (which date of
recordation appears on this notice).**

**This amount is $1,476,689.02 as of 10/26/2016, and will increase until your account becomes
current. While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage. If you fail to
make future payments on the loan, pay taxes on the property, provide insurance on the
property, or pay other obligations as required in the note and deed of trust or mortgage, the
beneficiary or mortgagee may insist that you do so in order to reinstate your account in**

CRC NOD 09122014

Trustee Sale No.: **048361-CA**  Title Order No.: **160274576-CA-VOI**

good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**CIT BANK, N.A.**
C/O Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117
Phone: 858-750-7600

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN:  CLEAR RECON CORP. is either the original trustee, the duly appointed substituted trustee or the designated agent of the holder of the beneficial interest under a deed of trust dated 7/16/2005, executed by MISUE SAUTTER, TRUSTEE OF THE MISUE SAUTTER TRUST DATED OCTOBER 29, 2002 (A MARRIED PERSON'S SEPARATE PROPERTY TRUST), as Trustor, to secure certain obligations in favor of the beneficiary thereunder, recorded 7/21/2005, as Instrument No. 05-1725467, of Official Records in the Office of the Recorder of  Los Angeles County, California, encumbering the land as fully described on said Deed of Trust

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

CRC NOD 09122014

Trustee Sale No.: 048361-CA   Title Order No.: 160274576-CA-VOI

**FAILURE TO PAY THE PRINCIPAL BALANCE WHICH BECAME ALL DUE AND PAYABLE BASED UPON THE DEATH OF ALL MORTGAGORS.**

That by reason thereof, CIT BANK, N.A., the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

CLEAR RECON CORP.

Date Executed: OCT 2 6 2016        BY: _____ , Authorized Signor

FIDEL GARZA, JR.
CLEAR RECON CORP.
4375 Jutland Drive Suite 200
San Diego, California 92117

CRC NOD 09122014

## Declaration of Mortgage Servicer Pursuant to
## Civil Code §2923.55(c)

Borrower(s): Misue Sautter
Mortgage Servicer: CIT Bank, N.A.
Property Address: 3859 Sherwood Place Sherman Oaks, CA 91423
T.S. No.:

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code §2923.55(f), but has not made contact despite such due diligence. Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☒ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4. ☐ The requirements of California Civil Code §2923.55 do not apply because the loan encumbering the above-referenced property is not secured by a first lien mortgage or first lien deed of trust that secures a loan, or that encumbers real property, described in California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

CIT Bank, N.A.

Dated: 08/31/2016          By: _Donnetta McGrew_ _____
                          Name (Print): Donnetta McGrew
                          Title (Print): Specialist IV

# EXHIBIT "D"



**This page is part of your document - DO NOT DISCARD**

## 20170158341





**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/08/17 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 28.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 28.00 |



**LEADSHEET**



201702080120018

00013338001



008132789

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

160274576 SP

E400070

RECORDING REQUESTED BY
And When Recorded Mail To:

**CLEAR RECON CORP.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**
**Phone: 866-931-0036**

T.S. No. 048361-CA
APN: 2272-005-016

Space Above This Line For Recorder's Use

# NOTICE OF TRUSTEE'S SALE

### Pursuant to CA Civil Code 2923.3
#### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 7/16/2005. UNLESS YOU TAKE ACTION TO
PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION
OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER

On 3/1/2017 at 10:30 AM, CLEAR RECON CORP., as duly appointed trustee under and pursuant to Deed of
Trust recorded 7/21/2005, as Instrument No. 05-1725467, of Official Records in the office of the County Recorder
of Los Angeles County, State of CALIFORNIA executed by:

**MISUE SAUTTER, TRUSTEE OF THE MISUE SAUTTER TRUST DATED OCTOBER 29, 2002 (A
MARRIED PERSON'S SEPARATE PROPERTY TRUST)**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A
STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A
CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS
ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND
AUTHORIZED TO DO BUSINESS IN THIS STATE:

**BEHIND THE FOUNTAIN LOCATED IN CIVIC CENTER PLAZA, 400 CIVIC CENTER PLAZA,
POMONA, CA 91766**

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said
County and State described as:

**LOT 28 OF TRACT 10150 AS PER MAP RECORDED IN BOOK 143 PAGES 21 THROUGH 24
INCLUSIVE MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

The street address and other common designation, if any, of the real property described above is purported to be:
**3859 SHERWOOD PLACE**
**SHERMAN OAKS, CALIFORNIA 91423**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common
designation, if any, shown herein.

CRC NOS 012914

T.S. No. 048361-CA

## NOTICE OF TRUSTEE'S SALE

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$1,511,615.01**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (844) 477-7869 or visit this Internet Web site WWW.STOXPOSTING.COM, using the file number assigned to this case 048361-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR SALES INFORMATION: (844) 477-7869

Date Executed: _1|30|17_

CLEAR RECON CORP.

_Chatzlah_ Authorized Signature

CHRISTINE RATZLAFF

**CLEAR RECON CORP.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**

CRC NOS 012914

# EXHIBIT "E"



**This page is part of your document - DO NOT DISCARD**





## 20170232407

**Pages:
0002**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/28/17 AT 09:26AM**

| | |
|---|---|
| FEES: | 42.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 42.00 |

**PCOR SURCHARGE $20.00**



**LEADSHEET**



201702280940011

**00013413742**



008173191

**SEQ:
01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

E516356

ORECORDING REQUESTED BY:

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

The Kingsley Trust
3859 Sherwood Pl.
Sherman Oaks, Ca. 91423

APN: 2272-005-016

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):    DOCUMENTARY TRANSFER TAX IS $ NONE TRANSFER TO A TRUST
_____ Computed on full value of property conveyed, or
  X   Computed on full value less liens and encumbrances remaining at time of sale.
_____ Unincorporated area  X  City of Los Angeles

For valuable consideration, receipt of which is hereby acknowledged,

Robert B. Sautter, Co-Trustee of The Misue Sautter Trust Dated October 29, 2002

Hereby GRANT(S) to        Robert B. Sautter, Co-Trustee, The Kingsley Trust

An undivided one eighth interest in
the real property situated in the County of Los Angeles  State of California, more particularly described as
follows:  Lot 28 of Tract 10150 as per Map recorded in Book 143 pages 21 through 24 inclusive of Maps in
the office of the County Recorder of said County.
Commonly known as 3859 Sherwood Pl. Sherman Oaks, Ca. 91423

Dated:  July 2, 2016

Robert B. Sautter, Co-Trustee of The Misue Sautter Trust
Dated October 29, 2002

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

STATE OF CALIFORNIA                )
COUNTY OF  LOS ANGELES           ) SS.
                                 )
On  2/07/17      before me,  ERIKA ZECCA          , Notary Public, personally
appeared  ROBERT B. SAUTTER
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature_____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

ERIKA ZECCA
Commission # 2141520
Notary Public - California
Los Angeles County
My Comm. Expires Mar 1, 2020

# EXHIBIT "F"



**This page is part of your document - DO NOT DISCARD**





## 20171000698

**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/01/17 AT 01:27PM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201709010740020

00014190298



008565986

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By and When Recorded Mail To:

Santa Fe General Construction, Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located.)

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant __Santa Fe General Construction, Inc.__

__7912 Ventura Canyon Ave., Panorama City, CA 91402__        (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of __Los Angeles__, State of California, said land described as follows:

**STREET ADDRESS:**  3859 Sherwood Place, Sherman Oaks, CA 91423
     and/or
**LEGAL DESCRIPTION:** Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

     The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:
__General construction repair including electrical, plumbing, and HVAC.__         (describe generally). Claimant is owed $__141,231.00__ for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

     The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is:  __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__

     The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
__3859 Sherwood Place, Sherman Oaks, CA 91423__  *Humberto Lara, CoTrustee of THE KINGSLEY TRUST and CLEARVIEW TRUST*

Name of Claimant: __Santa Fe General Construction, Inc.__

Date: __Aug. 14, 2017__

By: _____
                    Signature
__Jubilio Escalera, President__
Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the __Jubilio Escalera, President__ (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien: I am authorized to make this verification for the Claimant. I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __Aug 14__, 20 __17__ at __Los Angeles__ California.         _____
                                          Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012

Page One

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)). Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER
California Civil Code Section 8416 (a)(7) and (c)(1)

I, Jubilio Escalera _____ (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST

Title or capacity of person or entity served: Owner, Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST

Service Address: 818 Poppy Ct, Oakdale, CA 95361

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on Aug 14, 2017 (date), at Los Angeles (city), California.

By: _____
(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR
California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____ (name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered mail, certified mail, or first-class mail. Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate): _____

Service Address: _____

Executed on _____, 20 ___ (date), at _____ (city), California.

By: _____
(signature of person serving)

## NOTICE OF MECHANIC'S LIEN
## ATTENTION!

Upon the recording of the enclosed MECHANIC'S LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanic's lien is recorded.

The party identified in the mechanic's lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanic's lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanic's lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANIC'S LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.

# EXHIBIT "G"

**This page is part of your document - DO NOT DISCARD**

## 20180162794





Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/16/18 AT 04:14PM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**LEADSHEET**



201802161900033

00014905529



008912808

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By and When Recorded Mail To:

Chaidez Construction

4050 Camino DeLa Cumbre
Sherman Oaks. Ca 91423

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located.)

# MECHANICS LIEN

NOTICE IS HEREBY GIVEN that Claimant  Chaidez Construction  , 4050 Camino DeLa
Cumbre Sherman Oaks, Ca. 91423  (legal name and address), claims a lien for labor, service,
equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises
hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party
holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or
structures, now upon that certain parcel of land situated in the County of  Los Angeles  , State of
California, said land described as follows:

STREET ADDRESS:  3859 Sherwood Place, Sherman Oaks, CA 91423
            and/or
LEGAL DESCRIPTION:  Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive
of Maps in the Office of the County Recorder of Said County

        The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:
General construction repair including electrical, plumbing, and HVAC.  (describe generally).  Claimant
is owed $  91,250 00  for work furnished to the work of improvement, after deducting all just credits and
offsets, plus interest at the legal rate from the date of this lien.

        The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work
is:  Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST

        The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST.
    3859 Sherwood Place, Sherman Oaks, CA 91423
                Name of Claimant: Chaidez Construction

Date: 2 - 2 - 18        By: _____
                            Signature
                        Cesar Chaidez    president
                            Print Name & Authorized Capacity

                    president,
                Cesar Chaidez    Verification
I, the undersigned, declare:  I am the _____ (authorized capacity/title), for the Claimant named in the foregoing
claim of mechanics lien: I am authorized to make this verification for the Claimant: I have read the foregoing claim of mechanics lien and know the
contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

Executed on 2 - 2 - 18, 20 18 at Los Angeles California. _____
                                    Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012                        Page One

## NOTICE OF MECHANICS LIEN

### ATTENTION!

(Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)).  Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor.  Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien.  This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER

California Civil Code Section 8416 (a)(7) and (c)(1)

I, _Cesar Chaidez_ (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served:  _Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST_

Title or capacity of person or entity served: _Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST_

Service Address:  _818 Poppy Ct, Oakdale, CA 95361_

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on _2 - 2_, 20_10_ (date), at _Chername V._ (city), California.

By: _Vchaer_
(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR

California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____ (name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail.  Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate): _____

Service Address: _____

Executed on _2 - 2_, 20_12_ (date), at _____ (city), California.

By: _____
(signature of person serving)

# EXHIBIT "H"

**This page is part of your document - DO NOT DISCARD**



# 20180162795



Pages:
0004

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/16/18 AT 04:14PM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**

201802161900033

00014905530

008912808

**SEQ:**
**02**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By and When Recorded Mail To:

Santa Fe General Construction, Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Space above this line for recorder's use only
*(To be recorded in the county recorder's office
in the county in which the property is located)*

# MECHANICS LIEN

NOTICE IS HEREBY GIVEN that Claimant  Santa Fe General Construction, Inc.

7912 Ventura Canyon Ave., Panorama City, CA 91402       (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein.  The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of  Los Angeles       , State of California, said land described as follows:

STREET ADDRESS:  3859 Sherwood Place, Sherman Oaks, CA 91423
    and/or
LEGAL DESCRIPTION:  Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:

General construction repair including electrical, plumbing, and HVAC              (describe generally).  Claimant is owed $ 141,231.00       for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is:   Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:

Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST.
3859 Sherwood Place, Sherman Oaks, CA 91423

Name of Claimant: Santa Fe General Construction, Inc.

Date: 2 - 2 - 18             By: _____
                                          Signature
                                 Jubilio Escalera, President
                                 Print Name & Authorized Capacity

### Verification

I, the undersigned, declare:  I am the Jubilio Escalera, President    (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien:  I am authorized to make this verification for the Claimant:  I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge.  I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2 - 2 -18, 20___ at Los Angeles California.    _____
                                                            Signature of Claimant or authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012                    Page One

## NOTICE OF MECHANICS LIEN

### ATTENTION!

(Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded.  That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items.  You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property.  The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property.  This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)). Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER

California Civil Code Section 8416 (a)(7) and (c)(1)

I, __Jubilio Escalera_____ (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__.

Title or capacity of person or entity served: _Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST_

Service Address: _818 Poppy Ct. Oakdale, CA 95381_____

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on _2 - 2 - 20 18_ (date), at _Oakdale_ (city), California.

By: X _____
(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR

California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____ (name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered mail, certified mail, or first-class mail. Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate):_____

Service Address: _____

Executed on_____ 20____ (date), at _____ (city), California.

By:_____
(signature of person serving)

EXHIBIT "I"

**This page is part of your document - DO NOT DISCARD**



## 20190326560





**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/12/19 AT 01:30PM**

| | |
|---|---|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**L E A D S H E E T**



201904120730022

00016487629



009752215

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By and When Recorded Mail To:

Santa Fe General Construction, Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located.)

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant __Santa Fe General Construction, Inc.__

__7912 Ventura Canyon Ave., Panorama City, CA 91402__ (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of __Los Angeles__, State of California, said land described as follows:

**STREET ADDRESS:** 3859 Sherwood Place, Sherman Oaks, CA 91423
**and/or**
**LEGAL DESCRIPTION:** Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:
__General construction repair including electrical, plumbing, and HVAC.__ (describe generally). Claimant is owed $ __141,231.00__ for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is: __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
__Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__
3859 Sherwood Place, Sherman Oaks, CA 91423

Name of Claimant: __Santa Fe General Construction, Inc.__

Date: __04-19-2019__     By: _____
                                              Signature
                              __Jubilio Escalera, President__
                              Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the __Jubilio Escalera, President__ (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien; I am authorized to make this verification for the Claimant. I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __02/19__, 20 __19__ at __Los Angeles__ California

                                              -Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012                              Page One

## NOTICE OF MECHANICS LIEN
## ATTENTION!
(Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)). Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

## AFFIDAVIT FOR SERVICE ON THE OWNER

California Civil Code Section 8416 (a)(7) and (c)(1)

I, CESAR MORALES _____ (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: HUMBERTO LEPE of THE KINGSLEY TRUST and Clearview Trust

Title or capacity of person or entity served: CO - TRUSTEE

Service Address: 3859 Sherwood Place, Sherman Oaks, CA 91423

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on 4-10 , 2019 (date), at Los Angeles (city), California.

By: _____
(signature of person serving)

## ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR

California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____ (name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered mail, certified mail, or first-class mail. Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate): _____

Service Address: _____

Executed on _____ , 20 ___ (date), at _____ (city), California.

By: _____
(signature of person serving)

# EXHIBIT "J"



**This page is part of your document - DO NOT DISCARD**



## 20190281558



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/01/19 AT 11:40AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |



LEADSHEET



201904010660021

00016426423



009724482

SEQ:
01

DAR - Courier (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

**JOHN WHITE**

AND WHEN RECORDED MAIL DOCUMENT TO:

**JOHN WHITE**
**2001 N RAINBOW BLVD #1077**
**LAS VEGAS NV 89108**

SPACE ABOVE FOR RECORDER'S USE ONLY

# GRANT DEED

### Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☑ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING
INFORMATION ($3.00 Additional Recording Fee Applies)**

JOHN WHITE

**When recorded mail document to:**

JOHN WHITE

2901 N RAINBOW Blvd  #1077

Las Vegas NV 89108

APN: **2272-005-016**

Above Space for Recorder's Use Only

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARES(S)

DOCUMENTARY TRANSFER TAX is $ ___0.00_____    CITY TAX $ ___0.00 [GIFT]___
- □ computed on full value of property conveyed, or
- □ computed on full value of items or encumbrances remaining at time of sale,
- □ Unincorporated area   □ City of _LOS ANGELES_____ , and

FOR A FULL VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

__THE KINGSLEY TRUST_____ hereby

GRANT(s) to __JOHN WHITE_____ the following

described real property in the City of_____SHERMAN OAKS____ County of _LOS ANGELES___ , State of California:

Described as: **Lot 28  TRACT No.10150, IN THE CITY OF AGOURA,  COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143, PAGE(S) 21 THROUGH 24 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OF SAID COUNTY.  Commonly known as: 3859 SHERWOOD PL. SHERMAN OAKS CA 91423**

Dated: __02/11/2019_____

THE KINGSLEY TRUST

By: _____

ROBERT B. SAUTTER, Authorized Trustee

MAIL TAX STATEMENT TO ADDRESS AS SHOWN ABOVE

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.

STATE OF ~~CALIFORNIA~~ TEXAS

COUNTY OF BEXAR } SS

On 02/11/2019 Before Me JEAN ALBERT NGuende POKAM, Notary Public

(Insert Name of Notary Public and Title)

Personally appeared ROBERT B. SAUTTER who proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Jean Albert Ngu Pok_    (NOTARY SEAL)

Notary Signature

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is: **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **AMENDED DECLARATION OF BENJAMIN SAUTTER IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **12/4/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Matthew D Resnik** - matt@rhmfirm.com,
  ResnikMR81240@notify.bestcase.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com

- **United States Trustee (SV)** – ustpregion16.wh.ecf@usdoj.gov

**II.    SERVED BY U.S. MAIL:** On **12/4/2019**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Santa Fe General Construction, Inc.<br>7912 Ventura Canyon Ave<br>Panorama City Ca 91402 | Jubilio Escalera<br>7912 Ventura Canyon Ave<br>Panorama City Ca 91402 |
| Chaidez Construction, Inc.<br>2658 Fernley Dr<br>Duarte Ca 91010 | Chaidez Construction, Inc.<br>2658 Fernley Dr<br>Duarte Ca 91010 |
| Cesar Nicanor Chaidez<br>2658 Fernley Dr<br>Duarte Ca 91010 | Humberto Lara<br>818 Poppy Court<br>Oakdale, Ca 95381 |
| Lorena Lara<br>818 Poppy Court<br>Oakdale, Ca 95381 | John White<br>2901 N. Rainbow Blvd., #1077<br>Las Vegas, Nv 89108 |
| The Honorable Maureen A. Tighe<br>21041 Burbank Boulevard, Suite 324<br>Woodland Hills, CA 91367 | |

Proof of Service

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR
EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR,
on _____ I served the following person(s) and/or entity(ies) by personal delivery, overnight mail
service, or (for those who consented in writing to such service method), by facsimile transmission and/or email
as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be
completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
correct.

| 12/4/2019 | Rebeca B. Benitez | /s/ Rebeca B. Benitez |
|-----------|-------------------|-----------------------|
| *Date* | *Type Name* | *Signature* |

Proof of Service