Matthew Resnik, Esq. (SBN 182562)
matthew@rhmfirm.com
David M. Kritzer, Esq. (SBN170545)
david@rhmfirm.com
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd, Suite 314
Encino, California 91316
Telephone: (818) 285-0100
Facsimile: (818) 855-7013

Attorneys for Debtor
ROBERT BENJAMIN SAUTTER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BENJAMIN SAUTTER,<br><br>     Debtor, | Case No.: 1:19-bk-11301-MT<br><br>Adv. No.: 1:19-ap-01074-MT<br><br>Chapter 13 |
| ROBERT BENJAMIN SAUTTER,<br><br>     Plaintiff,<br><br>vs.<br><br>SANTA FE GENERAL CONSTRUCTION, INC., a California corporation; JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; JOHN WHITE, an individual; All Persons Or Entities Unknown Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint, or any Cloud On Title Thereto; Does 1 to 10, Inclusive,<br><br>     Defendants | **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES; DECLARATION OF DAVID M. KRITZER** |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES**

1  **TO THE HONORABLE MAUREEN TIGHE, U.S. BANKRUPTCY JUDGE**

2  **AND TO ALL INTERESTED PARTIES:**

3     **COMES NOW PLAINTIFF, ROBERT BENJAMIN SAUTTER** (hereinafter

4  "Plaintiff" or "SAUTTER") and does hereby offer the following Supplemental Points and

5  Authorities and Declaration in support of his claim for an award of damages in the amount

6  of $11,066.50 against Defendants, **SANTA FE GENERAL CONSTRUCTION, INC., a**

7  **California corporation** ("SANTA FE"); **JUBILIO ESCALERA, an individual**

8  ("ESCALERA"); **CHAIDEZ CONSTRUCTION, INC., a California corporation**

9  ("CCI"); **CESAR CHAIDEZ, an individual** ("CHAIDEZ"); **LORENA LARA, an**

10 **individual** ("LORENA"); **HUMBERTO LARA, an individual** ("HUMBERTO"); and

11 **JOHN WHITE, an individual** ("WHITE")(collectively "Defendants"):

12                                     **I.**

13                              **INTRODUCTION**

14     Plaintiff, a geriatric with diminished physical and mental capacity was the victim of

15 a scheme which involves fraudulent mechanic liens repeatedly recorded against the

16 Plaintiff's real property by Defendants and other parties for work never performed and

17 more importantly never authorized by Plaintiff. Additionally, several fraudulent grant

18 deeds were executed without Plaintiff's authority which adversely affects Plaintiff's title

19 to the subject real property.

20     When Defendants refused to release their bogus liens and to reverse the fraudulent

21 transfers which affected the ability to sell the home and avoid a foreclosure, Plaintiff had

22 no choice except to file the instant Chapter 13 Petition and this adversary proceeding in

23 order to cancel the fraudulent documents and to quiet title in Plaintiff's name alone, free

24 and clear of the bogus liens.

25     All of the Defendants were properly served with the Summons and Complaint in

26 this matter; failed to response thereto, leading to the Clerk entering Default against all

27 Defendants and this Court to enter a Default Judgment against all Defendants, leaving the

28 issue of damages to be determined at a later date.

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
CLAIM FOR DAMAGES**

1    Plaintiff now submits this Memorandum to support entry of an award of damages

2    in the amount of $17,129.00 in his favor and against all Defendants on the causes of action

3    set forth herein representing the attorney's fees and costs incurred by Plaintiff in

4    successfully prosecuting this matter.

5    ## II.

6    ## STATEMENT OF RELEVANT FACTS

7    Plaintiff is presently 89 years of age and his date of birth is June 21, 1930.

8    Plaintiff is the sole owner and resident of real property commonly known as **3859**

9    **SHERWOOD PLACE, SHERMAN OAKS, CALIFORNIA 91423** (hereinafter the

10    "Subject Property") legally described as **LOT(S) 28 OF TRACT NO. 10150, IN THE**

11    **CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF**

12    **CALIFORNIA, AS PER MAP RECORDED IN BOOK 143 PAGE(S) 21 TO 24,**

13    **INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF**

14    **SAID COUNTY. ASSESSOR'S PARCEL NUMBER 2272-005-016.**

15    As set forth more fully in Plaintiff's previous Motion for Entry of Default

16    Judgment in this matter [Docket Nos. 37 and 38], Plaintiff was the victim of a scheme

17    engineered by the Defendants to defraud him out of the home, which involved the

18    manufacture, forgery and recording of certain mechanic's liens and grant deeds

19    transferring fractional interests in the Subject Property.

20    At no time did Plaintiff ever agree to voluntarily transfer any interest in the Subject

21    Property and he would not have transferred any interest if he had known the Defendants'

22    true motive which was to steal his property from him. He also never consented to any

23    work being performed on the Subject Property which was the alleged basis for the

24    fraudulent mechanic's liens being recorded against the property.

25    Prior to filing this action, Plaintiff's counsel made demands upon the Defendants to

26    release their liens from the Subject Property and to cancel the fraudulent Grant Deeds.

27    However, despite this, the Defendants were unable or unwilling to release their liens or

28    cancel the Deeds, requiring court intervention to release the liens and cancel the Deeds.

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES**

1  As a result of Defendants' fraud and deceit and the facts herein alleged, Plaintiff
2  was forced to take actions to undo the fraudulent recordings by Defendants including
3  retaining counsel to file the instant Chapter 13 Petition and to file this adversary
4  proceeding against the Defendants to cancel the Grant Deeds and Mechanic's Liens.

5  As the prevailing party, Plaintiff therefore is entitled to an award of attorney's fees
6  and costs of suit associated with his successful prosecution of this action, which as
7  supported by the attached Declarations totals $17,129.00.

8  ### III.

9  ### PROCEDURAL SUMMARY

10  Plaintiff filed the instant Adversary proceeding, Case Number. 1:19-ap-01074-MT
11  on June 24, 2019.

12  Under Rule 12, all Defendants were required to plead or otherwise respond to the
13  Complaint by July 25, 2019. The time to plead or otherwise respond to the Complaint was
14  not extended by any agreement of the parties or any other of the Court and on August 1,
15  2019, Plaintiff applied for entry of default against all defendants.

16  On August 2, 2019, the clerk entered default against all Defendants.

17  On August 30, 2019, Defendants ESCALERA and SANTA FE filed a Motion
18  seeking to set aside the defaults entered against them.

19  On September 26, 2019, Plaintiff filed his Motion for Entry of Default Judgment
20  against all Defendants except ESCALERA in order to permit the Court to rule on this
21  Motion.

22  On November 6, 2019, the Court denied Defendants ESCALERA's and SANTA
23  FE's Motion and requested the instant supplemental brief while continuing the hearing
24  until December 18, 2019.

25  On December 18, 2020, this Court entered a Default Judgment in favor of Plaintiff
26  on all of causes of action [See Docket No. 41] and reserved the question of damages to a
27  later date while providing Plaintiff 60 days to submit this brief with evidence of his
28  damages.

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
CLAIM FOR DAMAGES**

# IV.

## ARGUMENT

**A.    AS THE PREVAILING PARTY, THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES AGAINST DEFENDANTS**

### 1. The Plaintiff is Entitled to Recover His Attorney's Fees Associated with his Third Cause of Action for Expungement of Mechanic's Liens

California *Civil Code* section 8480 provides that, "(a) The owner of property or the owner of any interest in property subject to a claim of lien may petition the court for an order to release the property from the claim of lien if the claimant has not commenced an action to enforce the lien within the time provided in Section 8460." Cal. Civ. Code § 8480.

Despite repeated demands by Plaintiff, Defendants were unwilling to execute a release of the Mechanic's Liens in this matter and as a result Plaintiff was forced to file this bankruptcy case and the instant adversary proceeding to which they did not see fit to respond.

As part of the Court's Judgment, Plaintiff was granted an Order expunging the Mechanic's Liens in full and as a result, as the prevailing party Plaintiff is entitled to recovery of his attorney's fees associated with his efforts to have the liens expunged in the total amount of $17,129.00. See, California *Civil Code* section 8488.

### 2. The Plaintiff is Entitled to Recover His Attorney's Fees Associated with his Sixth Cause of Action for Slander of Title.

Plaintiff's Sixth Cause of Action was for Slander of Title.

The question of damages for Slander of Title was considered by the California Court of Appeals in the case of *Sumner Hill Homeowner's Assn., Inc. v. Rio Mesa Holdings, LLC*, (2012) 205 Cal. App. 4th 999 ("Sumner Hill") where the court found:

> Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof "'some special pecuniary loss or damage.'" (*Fearon v. Fodera* (1915) 169 Cal. 370, 379-380 [148 P. 200].) The elements of the tort are (1) a publication, (2) without privilege or

justification, (3) falsity, and (4) direct pecuniary loss. (*Truck Ins. Exchange v. Bennett* (1997) 53 Cal.App.4th 75, 84 [61 Cal.Rptr.2d 497]; *Howard v. Schaniel, supra,* 113 Cal.App.3d at pp. 263-264 & fn. 2.)

While it is true that an essential element of a cause of action for slander of title is that the plaintiff suffered pecuniary damage as a result of the disparagement of title (*Manhattan Loft, LLC v. Mercury Liquors, Inc., supra,* 173 Cal.App.4th at p. 1057), the law is equally clear that the expense of legal proceedings necessary to remove the doubt cast by the disparagement and to clear title is a recognized form of pecuniary damage in such cases (*Seeley v. Seymour, supra,* 190 Cal.App.3d at p. 865; *Wright v. Rogers, supra,* 172 Cal.App.2d at pp. 366-367; Rest.2d Torts, § 633, subd. (1)(b)). Since California law expressly recognizes that attorney fees and costs are a form of pecuniary damages in slander of title cases, it would seem that in the absence of legal authority to the contrary, such damages are presumptively sufficient to satisfy the pecuniary damage element of the cause of action. No cogent authority to the contrary has been brought to our attention. . . . ***we hold that at least in cases such as this one where title was disparaged in a recorded instrument, attorney fees and costs necessary to clear title or remove the doubt cast on it by defendant's falsehood are, by themselves, sufficient pecuniary damages for purposes of a cause of action for slander of title.***

*Sumner Hill* at 1031 [emphasis added].

When a defendant's tortious conduct (i.e., the unprivileged publication of a falsehood constituting a slander of title) forces the plaintiff to litigate in order to clear his title, the plaintiff's attorney fees and costs necessary to accomplish that purpose constitute actual harm or injury to the plaintiff that was proximately caused by the tort and therefore should be compensated. (*Wright v. Rogers, supra,* 172 Cal.App.2d at p. 366, 342 P.2d 447; *Contra Costa County Title Co. v. Waloff, supra,* 184 Cal.App.2d at pp. 67–68, 7 Cal.Rptr. 358.) *Sumner Hill,* at 1032.

Given the present condition of the subject property it is virtually impossible to determine with any degree of accuracy the losses suffered by Plaintiff in the form of damage to the marketability of the property. Nonetheless, Plaintiff suffered substantial damages in the form of attorney's fees and costs associated with this adversary action all of which are recoverable under the holding in *Sumner Hill.*

The publication and recordings of the false Grant Deeds and Mechanic's Liens made it necessary for Plaintiff to retain attorneys and to bring this action to cancel the

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
CLAIM FOR DAMAGES

instruments casting doubt on Plaintiff's title and as a direct and proximate result thereof, the Plaintiff is entitled to recover attorneys' fees incurred in cancelling the Grant Deeds and Mechanic's Liens in the amount of $17,129.00.

### 3. The Plaintiff is Entitled to Recover His Attorney's Fees Associated with his Seventh Cause of Action for Elder Abuse

Plaintiff's Seventh Cause of Action was brought pursuant to California *Welfare & Institutions Code* sections 15600 et seq. (The Elder Abuse and Dependent Adult Protection Act).

At the time of Defendants and each of them acts, Plaintiff was 87 years old. He was an "elder" as defined by California *Welfare & Institutions Code* section 15610.27 and was, therefore, entitled to the statutory protections from abuse provided by *Welfare & Institutions Code* sections 15610.07. Defendants knew Plaintiff was an elder.

By their actions, Defendants are responsible for elder abuse because their treatment of Plaintiff resulted in physical harm and/or pain and/or mental suffering in violation of California *Welfare & Institutions Code* § 15610.07(a) and Plaintiff is entitled to the remedies provided by the Elder Abuse Act. As a legal result of Defendants' conduct, Plaintiff has incurred, attorney's fees and costs in this litigation totaling $11,066.50 which he is entitled to recover from Defendants, under the provisions of California *Welfare & Institutions Code* Section 15657.5(b) which provides that, "in addition to compensatory damages and all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs." Cal. Welf. & Inst. Code § 15657.5(b). As a direct and proximate result thereof, the Plaintiff is entitled to recover his attorneys' fees incurred in ending the abusive practices of the Defendants in the amount of $17,129.00.

### B.  PLAINTIFF IS ENTITLED TO RECOVERY OF HIS REASONABLE ATTORNEY'S FEES BASED ON THE LODESTAR METHOD

This Court exercises broad discretion in setting the amount of a fee award. *(PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095-96.) While the loadstar of hours times hourly rate is the usual starting point for computing a fee award *(Id.),* the Court is not

1  confined to that measure in awarding fees.

> It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court.... The value of legal services performed in a case is a matter in which the trial court has its own expertise. The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.

*(PLCM Group, Inc.*, *supra* at 1096 (citations omitted) (quoting *Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623-24).)

Moreover, despite the broad discretion the Court has in considering numerous factors in setting a reasonable attorneys' fee amount, "it is inappropriate to consider the losing party's financial status." *(Walker v. Ticor Title Co. of Calif.* (2012) 204 Cal.App.4th 363, 373.)

Here, however, Plaintiff merely seeks an award equal to his counsel's lodestar of hours times a reasonably hourly rate without any enhancement by so-called multiplier factors. As shown below an award in that amount is fully warranted and eminently reasonable given the complexity, difficulty of issues and duration of this litigation.

### 1.  <u>The Attorneys' Fees Charged by RESNIK HAYES MORADI LLP Were Reasonable</u>

By this motion, Defendant Plaintiff seeks recovery of $17,129.00 in attorneys' fees for services rendered on his behalf by the law firm of RESNIK HAYES MORADI LLP. [See Kritzer Decl.; <u>**Exhibit "1"**</u>].

Matthew D. Resnik, a managing partner of RESNIK HAYES MORADI LLP, spent a total of 15.4 hours on this matter through February 13, 2020. [See Kritzer Decl., ¶¶ 12-14; <u>**Exhibits "1"**</u>]. Mr. Resnik's time was spent reviewing the title reports, correspondence and meetings with the client and his representative and revisions to pleadings. *(Id.)* As a result, all of Mr. Resnik's time spent on this matter was reasonable and should be recoverable.

1       David M. Kritzer, a Senior Litigation Associate of RESNIK HAYES MORADI

2 LLP, spent a total of 23.0 hours on this matter through February 13, 2020. [See Kritzer

3 Decl., ¶¶ 15-17; **Exhibit "1"**].   Mr. Kritzer's time was spent reviewing the client's

4 documents, preparing the Complaint researching servicing information for the defendants,

5 opposing and replying to all motions, appearing at hearings, arguing motions, litigation

6 strategy, and communicating with the client. *(Id.)* In addition, Mr. Kritzer spent an

7 additional 4.2 hours preparing this memorandum for a total of 27.2 hours. *(Id.)* As a result,

8 all of Mr. Kritzer's time spent on this matter was reasonable and should be recoverable.

9       Pardis Akhavan, a Junior Associate of RESNIK HAYES MORADI LLP, spent a

10 total of .70 hours on this matter through February 13, 2020. [See Kritzer Decl., ¶¶ 18-20;

11 **Exhibit "1"**].   Ms. Akhavan's time was spent appearing at a status conference in August

12 2019. *(Id.)* As a result, all of Ms. Akhavan's time spent on this matter was reasonable and

13 should be recoverable.

14             **2.   The Hourly Rates Charged by Plaintiff's Attorneys Were Reasonable**

15       Courts have ruled that rates in the range of $250 to $500 per hour for the work of

16 attorneys of similar skill level are reasonable for defense of other civil cases. (See, e.g.,

17 *Williams v. Wells Fargo Bank, N.A.* (N.D. Cal. Oct. 30, 2017) 2017 WL 4877439, at *2

18 (awarding $262,260.47 in attorneys' fees through trial at hourly rates between $275 and

19 $365); *Makreas* v. *First Nat'l Bank of N. California* (N.D. Cal. June 9, 2014) 2014 WL

20 2582027, at *6 (awarding $312,946.50 through summary judgment based on hourly rates

21 between $ 180 to $425); *Ng v. US Bank, NA* (N.D. Cal. Nov. 30,2016) 2016 WL 6995884,

22 at *7, *aff'd sub nom. Ng v. U.S. Bank, NA* (9th Cir. 2018) 712 F. App'x 665 (awarding

23 $38,373 after lender prevailed on motion to dismiss, at hourly rates between $300 and

24 $450); *Becker v. Wells Fargo Bank, NA, Inc.* (E.D. Cal. Dec. 30, 2014) 2014 WL 7409447,

25 at *8 (collecting cases; awarding $146,493.50 after summary judgment, at rates hourly

26 rates between ranging between $265 and $330); *Hopkins v. Wells Fargo Bank, N.A. (E.D.*

27 Cal. July 1,2014) 2014 WL 2987753, at *4 (awarding $49,410.00 after judgment on the

28 pleadings, at hourly rates between $240 and $496).)

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
CLAIM FOR DAMAGES**

1    Here, Mr. Resnik is the managing partner at RESNIK HAYES MORADI LLP has

2    been practicing law in the state of California for over 23 years and is a certified specialist

3    in the area of Bankruptcy Law. Mr. Resnik concentrates his practice in bankruptcy and

4    corporate - business litigation. He has represented upwards of 3,000 businesses and

5    individuals in bankruptcy proceedings over the past 23 years. He has extensive experience

6    in civil litigation in real estate and other business litigation matters. He has been a panelist

7    at numerous seminars especially relating to the Bankruptcy Abuse Prevention and

8    Consumer Protection Act of 2005 and is a member of the Central District Consumer

9    Bankruptcy Attorneys Association. (Kritzer Decl., ¶14.)

10    Based on Mr. Resnik's background and expertise, his hourly rate of $485.00 is not

11    only reasonable, but is substantially below market rates for Managing Partners in small

12    firms in Southern California. (Kritzer Decl., ¶15.)

13    David M. Kritzer has been licensed in California for over 25 years and has

14    substantial experience in and out of the courtroom.  He is very active in all of the firm's

15    litigation matters, regularly appearing in state and federal courts.  He has extensive

16    experience in general business litigation, unlawful detainers, real estate litigation, general

17    commercial and business financial litigation, and debtor-creditor litigation, and judgment

18    enforcement with significant discovery, law and motion and trial practice experience.

19    (Kritzer Decl., ¶16.)  His hourly rate of $350.00 is commensurate and reasonable compared

20    to other hourly rates charged by senior associates working at small firms in Southern

21    California. (Kritzer Decl., ¶17.)

22    Pardis Akhavan has been licensed in California for almost 2 years and has already

23    gained substantial experience in and out of the courtroom, regularly meeting with clients

24    and appearing on their behalf in both state and federal courts. (Kritzer Decl., ¶19.)  Her

25    hourly rate of $200.00 is commensurate and reasonable compared to other hourly rates

26    charged by junior associates working at small firms in Southern California. (Kritzer Decl.,

27    ¶20.)

28    Accordingly, Plaintiff respectfully requests that the Court award him his attorney's

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
CLAIM FOR DAMAGES

1  fees in the sum of $17,129.00 for reasonable services incurred up and through February 13,
2  2020. (Kritzer Decl., ¶¶21-22.)

3  **V.**

4  **CONCLUSION**

5      For all the foregoing reasons, **PLAINTIFF, ROBERT BENJAMIN SAUTTER** hereby
6  respectfully requests that the Court enter an award of damages in the amount of $17,129.00
7  against **Defendants, SANTA FE GENERAL CONSTRUCTION, INC., a California**
8  **corporation; JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a**
9  **California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual;**
10  **HUMBERTO LARA, an individual; and JOHN WHITE, an individual.**

11                          Respectfully submitted,

12                          **RESNIK HAYES MORADI, LLP**

13

14  Dated: February 14, 2020        By:    /s/ Matthew D. Resnik
                                           MATTHEW D. RESNIK,
15                                         DAVID M. KRITZER,
                                           Attorneys for Plaintiff,
16                                         ROBERT BENJAMIN SAUTTER

17

18

19

20

21

22

23

24

25

26

27

28

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S**
**CLAIM FOR DAMAGES**

## DECLARATION OF DAVID M. KRITZER

**I, DAVID M. KRITZER, DO HEREBY DECLARE AND STATE AS FOLLOWS:**

1.       I am an attorney duly licensed to practice law before all of the courts of the State of California, and employed as a Senior Associate Attorney by RESNIK HAYES MORADI LLP, attorneys of record for the **Plaintiff herein, ROBERT BENJAMIN SAUTTER** (hereinafter "Plaintiff" or "SAUTTER").

2.       I make this declaration based upon my personal knowledge and my review of our firm's records  in support of the Plaintiff's request for an Order granting an award of damages in the amount of $17,129.00 against Defendants, **SANTA FE GENERAL CONSTRUCTION, INC., a California corporation** ("SANTA FE"); **JUBILIO ESCALERA, an individual** ("ESCALERA"); **CHAIDEZ CONSTRUCTION, INC., a California corporation** ("CCI"); **CESAR CHAIDEZ, an individual** ("CHAIDEZ"); **LORENA LARA, an individual** ("LORENA"); **HUMBERTO LARA, an individual** ("HUMBERTO");   and   **JOHN   WHITE,   an   individual**   ("WHITE")(collectively "Defendants"):

3.       The following facts are true of my own personal knowledge, except those matters stated, or by their context indicated they are made, upon information and belief, and as to those matters, I believe them to be true.

4.       Our office filed the instant Adversary proceeding, Case Number. 1:19-ap-01074-MT on behalf of Plaintiff on June 24, 2019 and thereafter served all Defendants at their last known addresses.

5.       Under Rule 12, all Defendants were required to plead or otherwise respond to the Complaint by July 25, 2019. The time to plead or otherwise respond to the Complaint was not extended by any agreement of the parties or any other of the Court and on August 1, 2019, Plaintiff applied for entry of default against all Defendants.

6.       On August 2, 2019, the clerk entered default against all Defendants.

7.       On August 30, 2019, Defendants ESCALERA and SANTA FE filed a

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES**

1   Motion seeking to set aside the defaults entered against them.

2       8.    On September 26, 2019, Plaintiff filed his Motion for Entry of Default

3   Judgment against all Defendants except ESCALERA in order to permit the Court to rule on

4   this Motion.

5       9.    On November 6, 2019, the Court denied Defendants ESCALERA's and

6   SANTA FE's Motion and requested the instant supplemental brief while continuing the

7   hearing until December 18, 2019.

8       10.   On December 18, 2020, this Court entered a Default Judgment in favor of

9   Plaintiff on all of causes of action [See Docket No. 41] and reserved the question of

10  damages to a later date while providing Plaintiff 60 days to submit this brief with evidence

11  of his damages.

12      11.   Despite our best efforts to avoid this matter, Plaintiff was left with no option

13  except to file the instant adversary complaint in order to recover title to his home from the

14  Defendants. As a result, he was forced to incur substantial attorney's fees and costs for our

15  office's services to assist him in this matter. Attached hereto as **Exhibit "1"** are true and

16  correct copies of each invoice, appropriately redacted, between April 2019 and the present,

17  reflecting the time spent by attorneys and paralegals at RESNIK HAYES MORADI LLP,

18  on this matter.

19      12.   Matthew D. Resnik, a managing partner of RESNIK HAYES MORADI LLP,

20  spent a total of 15.4 hours on this matter through February 13, 2020.  Mr. Resnik's time

21  was spent reviewing the title reports, correspondence and meetings with the client and his

22  representative and revisions to pleadings. As a result, all of Mr. Resnik's time spent on this

23  matter was reasonable and should be recoverable.

24      13.   Mr. Resnik is the managing partner at RESNIK HAYES MORADI LLP has

25  been practicing law in the state of California for over 23 years and is a certified specialist

26  in the area of Bankruptcy Law. Mr. Resnik concentrates his practice in bankruptcy and

27  corporate - business litigation. He has represented upwards of 3,000 businesses and

28  individuals in bankruptcy proceedings over the past 23 years.  He has extensive experience

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
CLAIM FOR DAMAGES**

1    in civil litigation in real estate and other business litigation matters. He has been a panelist

2    at numerous seminars especially relating to the Bankruptcy Abuse Prevention and

3    Consumer Protection Act of 2005 and is a member of the Central District Consumer

4    Bankruptcy Attorneys Association.

5         14.     Based on Mr. Resnik's background and expertise, his hourly rate of $485.00

6    is not only reasonable, but is substantially below market rates for Managing Partners in

7    small firms in Southern California.

8         15.     I am a Senior Litigation Associate of SIMON RESNIK HAYES LLP and

9    RESNIK HAYES MORADI LLP. I spent a total of 23.0 hours on this matter through

10    February 13, 2020 and my time was spent reviewing the client's documents, preparing the

11    Complaint researching servicing information for the defendants, opposing and replying to

12    all motions, appearing at hearings, arguing motions, litigation strategy, and communicating

13    with the client. *(Id.)* In addition, I spent an additional 4.2 hours preparing this

14    memorandum for a total of 27.2 hours. *(Id.)* As a result, all of my time spent on this matter

15    was reasonable and should be recoverable.

16         16.     I have been licensed in California for over 25 years and have substantial

17    experience in and out of the courtroom. I am very active in all of the firm's litigation

18    matters, regularly appearing in state and federal courts. I have extensive experience in

19    general business litigation, unlawful detainers, real estate litigation, general commercial

20    and business financial litigation, and debtor-creditor litigation, and judgment enforcement

21    with significant discovery, law and motion and trial practice experience.

22         17.     My hourly rate of $350.00 is commensurate and reasonable compared to

23    other hourly rates charged by senior associates working at small firms in Southern

24    California.

25         18.     Pardis Akhavan, a junior associate of RESNIK HAYES MORADI LLP,

26    spent a total of .70 hours on this matter through February 13, 2020. Ms. Akhavan's time

27    was spent appearing at a status conference in August 2019. As a result, all of Ms.

28    Akhavan's time spent on this matter was reasonable and should be recoverable.

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
CLAIM FOR DAMAGES**

19.    Ms. Akhavan has been licensed in California for almost 2 years and has already gained substantial experience in and out of the courtroom, regularly meeting with clients and appearing on their behalf in both state and federal courts.

20.    Ms. Akhavan's hourly rate of $200.00 is commensurate and reasonable compared to other hourly rates charged by junior associates working at small firms in Southern California.

21.    The total time incurred by our firm in defense of this matter through February 14, 2020 is $17,129.00 which includes work on this memorandum and the attached exhibits.

22.    As such, Plaintiff respectfully requests that the Court enter an award of attorneys' fees to be recovered from Defendants in the total sum of $17,129.00.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of February, 2020 at Encino, California.

_____
DAVID M. KRITZER

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES**

# EXHIBIT 1

**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
(818) 285-0100
Matt@rhmfirm.com



Sautter, Robert

| Invoice Date | Invoice Number |
|---|---|
| 02/14/2020 | 24272 |
| | **Service Through** |
| | 02/14/2020 |

**In Reference To: Litigation (Labor)**

| Date | By | Services | Hours | Rates | Amount |
|---|---|---|---|---|---|
| 04/22/2019 | DMK | **Review:** Review additional documents; revisions to complaint | 1.00 | $ 350.00/hr | $ 350.00 |
| 05/10/2019 | DMK | **Phone Call:** Phone call and email with Frank V. re: starting litigation | 0.40 | $ 350.00/hr | $ 140.00 |
| 05/16/2019 | MDR | **Review:** REVIEW OF 5th amended prelim and revealed many more mechanics liens and other nefarious conduct . Reveiwed Central Dist Pacer to identify title owners | 0.90 | $ 485.00/hr | $ 436.50 |
| 06/06/2019 | MDR | **Preparation for::** Reviewed outline for QT action and provided additional info related to the C/A . Discussed with broker the idea of short sale and what the liens are Representative of | 1.80 | $ 485.00/hr | $ 873.00 |
| 06/07/2019 | MDR | **Review:** reviewed appraisal and lien structure to determine the FMV and the encumbrance on title | 0.60 | $ 485.00/hr | $ 291.00 |
| 06/10/2019 | MDR | **Review:** reviewed QT Causes of action - annotated iwth case law and edit corrected infomation related to the underlying lawsuit | 1.80 | $ 485.00/hr | $ 873.00 |
| 06/11/2019 | MDR | **Revise:** review of revised complaint. Edit for errors and provided additional case law from research for filing | 1.10 | $ 485.00/hr | $ 533.50 |
| 06/13/2019 | DMK | **Revise:** Revise Complaint | 1.00 | $ 350.00/hr | $ 350.00 |
| 06/19/2019 | DMK | **Revise:** Finalize Complaint and Exhibits for filing | 0.50 | $ 350.00/hr | $ 175.00 |
| 06/20/2019 | MDR | **Research:** review of previous addendum, PA and Short Sale aproval - discussed the issues relating to the liens on title and the title concens | 0.90 | $ 485.00/hr | $ 436.50 |
| 06/24/2019 | DMK | **Revise:** Finalize Summons and Cover Sheet | 0.30 | $ 350.00/hr | $ 105.00 |
| 06/27/2019 | DMK | **Research:** Research addresses for all defendants | 0.50 | $ 350.00/hr | $ 175.00 |

**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
(818) 285-0100
Matt@rhmfirm.com



**Sautter, Robert**

| Invoice Date | Invoice Number |
|---|---|
| 02/14/2020 | 24272 |
| | **Service Through** |
| | 02/14/2020 |

| | | | | | |
|---|---|---|---|---|---|
| 07/17/2019 | MDR | **Phone Call:** Tc with broekr ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ | 0.80 | $ 485.00/hr | $ 388.00 |
| 07/29/2019 | DMK | **Draft:** Prepare Default Requests for all defendants | 2.00 | $ 350.00/hr | $ 700.00 |
| 07/30/2019 | MDR | **Review:** revew default notices related to lawsuit from mec lien etc - prepared by DK and signed off after review | 0.90 | $ 485.00/hr | $ 436.50 |
| 08/21/2019 | PA | **Court Time:** Attended the status conference. | 0.70 | $ 200.00/hr | $ 140.00 |
| 09/09/2019 | MDR | **Review:** rev dec in support of default. finalized edits and changes | 0.40 | $ 485.00/hr | $ 194.00 |
| 09/09/2019 | DMK | **Draft:** Prepare Default Declaration and Motion for Default Judgment | 1.50 | $ 350.00/hr | $ 525.00 |
| 09/09/2019 | DMK | **Review:** Receipt and Review Motion to Vacate from Jubilio Escalera | 0.50 | $ 350.00/hr | $ 175.00 |
| 09/17/2019 | MDR | **Correspondence:** tc with client and meeting with Viteri re ▓▓▓▓▓▓▓▓▓▓▓▓ lawsuits and the feasibility moving forward. Discussed strategy▓▓▓▓▓ ▓▓▓▓ | 1.10 | $ 485.00/hr | $ 533.50 |
| 09/26/2019 | DMK | **Draft:** Work on Proposed Order and Exhibits | 1.30 | $ 350.00/hr | $ 455.00 |
| 10/09/2019 | DMK | **Draft:** Research and begin preparation of Opposition to Escalera Motion to set aside judgment | 1.30 | $ 350.00/hr | $ 455.00 |
| 10/09/2019 | DMK | **Review:** Review Opposition to Motion for Default Judgment | 0.30 | $ 350.00/hr | $ 105.00 |
| 10/10/2019 | MDR | **Review:** review opp to set side default. prep outline for rough draft to file brief on the opposition | 1.10 | $ 485.00/hr | $ 533.50 |
| 10/10/2019 | DMK | **Draft:** Work on Opposition to Jubilio's Motion to Set Aside Default | 2.10 | $ 350.00/hr | $ 735.00 |
| 10/18/2019 | MDR | **Revise:** edit and finalize opp to set aside a default and annotate with cases | 1.40 | $ 485.00/hr | $ 679.00 |

**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
(818) 285-0100
Matt@rhmfirm.com



**Sautter, Robert**

| Invoice Date | Invoice Number |
|---|---|
| 02/14/2020 | 24272 |
| | **Service Through** |
| | 02/14/2020 |

| | | | | | |
|---|---|---|---|---|---|
| 11/06/2019 | MDR | **Review:** review and prep Rough draft for opp by Jubilio of our reply to their concerns. Fabricated fire damage and issues and clearly a friv reply to our opp. | 0.90 | $ 485.00/hr | $ 436.50 |
| 11/06/2019 | DMK | **Travel:** Travel to/from court for hearings | 0.50 | $ 350.00/hr | $ 175.00 |
| 11/06/2019 | DMK | **Court Time:** Attend hearings on Motion to Vacate and Enter Judgment; Prepare Order denying Motion | 0.80 | $ 350.00/hr | $ 280.00 |
| 11/07/2019 | DMK | **Draft:** Research and prepare Supplemental Brief for Motion for Default Judgment | 3.30 | $ 350.00/hr | $ 1,155.00 |
| 11/15/2019 | DMK | **Revise:** Work on Amended Client Declaration | 0.50 | $ 350.00/hr | $ 175.00 |
| 11/15/2019 | DMK | **Revise:** Revise and Finalize Supplemental Memorandum in support of Default Judgment | 0.50 | $ 350.00/hr | $ 175.00 |
| 11/18/2019 | DMK | **Revise:** Revisions to Motion for Default Judgment | 0.30 | $ 350.00/hr | $ 105.00 |
| 11/27/2019 | MDR | **Phone Call:** tc with mike schulzinger and viteri re ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | 0.80 | $ 485.00/hr | $ 388.00 |
| 12/04/2019 | DMK | **Revise:** Revise and finalize Supp P&A and Amended Client Dec and Exhibits for filing | 0.50 | $ 350.00/hr | $ 175.00 |
| 12/17/2019 | DMK | **Review:** Review Court Tentative Ruling and Prepare for hearing on 12/18/19 | 1.00 | $ 350.00/hr | $ 350.00 |
| 12/18/2019 | DMK | **Travel:** Travel to/from court for hearing | 0.60 | $ 350.00/hr | $ 210.00 |
| 12/18/2019 | DMK | **Court Time:** Attend Default Judgment Hearing | 0.80 | $ 350.00/hr | $ 280.00 |
| 12/18/2019 | DMK | **Draft:** Prepare Proposed Default Judgment | 0.50 | $ 350.00/hr | $ 175.00 |
| 12/19/2019 | DMK | **Correspondence:** Emails with Frank V. re: results of hearing | 0.20 | $ 350.00/hr | $ 70.00 |
| 12/20/2019 | MDR | **Phone Call:** tc with elsie from escrow re finalizing the draft and order for court | 0.90 | $ 485.00/hr | $ 436.50 |
| 12/20/2019 | DMK | **Review:** Receipt and review of signed Judgment; email to client | 0.20 | $ 350.00/hr | $ 70.00 |

**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
(818) 285-0100
Matt@rhmfirm.com



**Sautter, Robert**

| Invoice Date | Invoice Number |
|---|---|
| 02/14/2020 | 24272 |
| | **Service Through** |
| | 02/14/2020 |

| 01/03/2020 | DMK | **Review:** Review Court records to verify no appeal filed | 0.20 | $ 350.00/hr | $ 70.00 |
|---|---|---|---|---|---|
| 02/12/2020 | DMK | **Phone Call:** Phone calls re: Judgment | 0.40 | $ 350.00/hr | $ 140.00 |
| 02/13/2020 | DMK | **Research:** Research re: Attorney's Fees Motion | 1.80 | $ 350.00/hr | $ 630.00 |
| 02/13/2020 | DMK | **Draft:** Work on Request for Attorney's Fees | 2.40 | $ 350.00/hr | $ 840.00 |

| | |
|---|---|
| **Total Hours** | 43.30 hrs |
| **Total Labor** | $ 17,129.00 |
| **Total Invoice Amount** | **$ 17,129.00** |
| **Previous Balance** | **$ 0.00** |
| 4/5/2019  Payment - Check | ($10,000.00) |
| **Balance (Amount Due)** | **$ 7,129.00** |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is: **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES; DECLARATION OF   DAVID M. KRITZER** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **2/17/2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Matthew D Resnik** - matt@rhmfirm.com,
  ResnikMR81240@notify.bestcase.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@r
  hmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.
  com;russ@rhmfirm.com;rebeca@rhmfirm.com

- **United States Trustee (SV)** - ustpregion16.wh.ecf@usdoj.gov

**II.    SERVED BY U.S. MAIL:** On **2/17/2020,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Santa Fe General Construction. Inc.<br>7912 Ventura Canyon Ave<br>Panorama City Ca 91402 | Jubilio Escalera<br>7912 Ventura Canyon Ave<br>Panorama City Ca 91402 |
| Chaidez Construction, Inc.<br>2658 Fernley Dr<br>Duarte Ca 91010 | Chaidez Construction, Inc.<br>2658 Fernley Dr<br>Duarte Ca 91010 |
| Cesar Nicanor Chaidez<br>2658 Fernley Dr<br>Duarte Ca 91010 | Humberto Lara<br>818 Poppy Court<br>Oakdale, Ca 95381 |
| Lorena Lara<br>818 Poppy Court<br>Oakdale, Ca 95381 | John White<br>2901 N. Rainbow Blvd., #1077<br>Las Vegas, Nv 89108 |
| The Honorable Maureen A. Tighe<br>21041 Burbank Boulevard, Suite 324<br>Woodland Hills, CA 91367 | |

## III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/17/2020 | Rebeca B. Benitez | /s/ Rebeca B. Benitez |
|---|---|---|
| *Date* | *Type Name* | *Signature* |