1  Matthew Resnik, Esq. (SBN 182562)
   matthew@rhmfirm.com
2  David M. Kritzer, Esq. (SBN170545)
   david@rhmfirm.com
3  **RESNIK HAYES MORADI LLP**
4  17609 Ventura Blvd, Suite 314
   Encino, California 91316
5  Telephone: (818) 285-0100
   Facsimile: (818) 855-7013
6
7  Attorneys for Debtor
   ROBERT BENJAMIN SAUTTER
8

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11              **SAN FERNANDO VALLEY DIVISION**

12
   In re:                                          ) Case No.: 1:19-bk-11301-MT
13                                                 )
   ROBERT BENJAMIN SAUTTER,                        ) Adv. No.: 1:19-ap-01074-MT
14                                                 )
15              Debtor,                            ) Chapter 13
                                                   )
16  ROBERT BENJAMIN SAUTTER,                       ) **PLAINTIFF'S MOTION TO AMEND**
                                                   ) **DEFAULT JUDGMENT;**
17              Plaintiff,                         ) **MEMORANDUM OF POINTS AND**
                                                   ) **AUTHORITIES, DECLARATIONS IN**
18  vs.                                            ) **SUPPORT THEREOF**
                                                   )
19  SANTA FE GENERAL CONSTRUCTION,                 ) Date: April 1, 2020
   INC., a California corporation;  JUBILIO        ) Time: 10:00am
20  ESCALERA, an individual; CHAIDEZ               ) Courtroom: 302
   CONSTRUCTION, INC., a California               )
21  corporation; CESAR CHAIDEZ, an                 )
   individual; LORENA LARA, an individual;         )
22  HUMBERTO LARA, an individual; JOHN             )
   WHITE, an individual; All Persons Or           )
23  Entities Unknown Claiming Any Legal Or         )
   Equitable Right, Title, Estate, Lien, Or        )
24  Interest In The Property Described In The       )
   Complaint, or any Cloud On Title Thereto;       )
25  Does 1 to 10, Inclusive,                        )
                                                   )
26
27              Defendants

28

                                    1

**TO THE HONORABLE MAUREEN TIGHE, U.S. BANKRUPTCY JUDGE AND TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on April 1, 2020 at 10:00am, or as soon thereafter as may be heard in Courtroom 302 of the above-entitled Court located at 21041 Burbank Blvd. Woodland Hills, CA 91367, **PLAINTIFF, ROBERT BENJAMIN SAUTTER** (hereinafter "Plaintiff" or "SAUTTER") and does hereby move this Court for an Order Amending the Amended Default Judgment entered on March 4, 2020 against Defendants, **SANTA FE GENERAL CONSTRUCTION, INC., a California corporation** ("SANTA FE"); **JUBILEO ESCALERA, an individual** ("ESCALERA"); **CHAIDEZ CONSTRUCTION, INC., a California corporation** ("CCI"); **CESAR CHAIDEZ, an individual** ("CHAIDEZ"); **LORENA LARA, an individual** ("LORENA"); **HUMBERTO LARA, an individual** ("HUMBERTO"); and **JOHN WHITE, an individual** ("WHITE")(collectively "Defendants") in order to include an additional duplicate Mechanic's Lien in said Judgment and thereby correct an error which mistakenly omitted this lien from Plaintiff's original claim. Said error was just discovered when Plaintiff attempted to sell the Subject Property and was unable to close the transaction because of the Subject Lien.

This Motion is made pursuant to F.R.C.P. 59(e), made applicable to this case by F.R.B.P. 9023, and is based upon the ground that when Plaintiff's Complaint and subsequent Motion for Default Judgment was prepared, Plaintiff and his counsel mistakenly omitted a Mechanic's Lien recorded with the Los Angeles County Recorder on December 20, 2018 as Instrument No. 20181294803 (hereinafter the "Subject Lien") which is clearly duplicative of other Mechanic's Liens recorded against the subject property which were cancelled and released as a result of the Default Judgment previously entered in this matter.

**PLEASE TAKE FURTHER NOTICE** that under Local Bankruptcy Rule 9013-1(f) each interested party opposing or responding to the motion must file and serve the response on the moving party and the United States Trustee not later than fourteen (14)

1  days before the date designated for hearing. The response must advise the adverse party

2  that any reply must be filed with the court and served on the responding party not later than

3  7 days prior to the hearing on the Motion.

4        This Motion is based on the accompanying Memorandum of Points and Authorities

5  and Declarations of Plaintiff SAUTTER and David M. Kritzer and evidence submitted

6  therewith, all pleadings and papers on file in this action and upon any other evidence and

7  argument submitted on or before the hearing.

8                              Respectfully submitted,

9                              **RESNIK HAYES MORADI, LLP**

10

11  Dated: March 5, 2020              By:    /s/ Matthew D. Resnik_____
                                            MATTHEW D. RESNIK,
12                                          DAVID M. KRITZER,
                                            Attorneys for Plaintiff,
13                                          ROBERT BENJAMIN SAUTTER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

# I.    **INTRODUCTION**

Plaintiff, a geriatric with diminished physical and mental capacity is the victim of a scheme which involves fraudulent mechanic liens repeatedly recorded against the Plaintiff's real property commonly known as **3859 Sherwood Place, Sherman Oaks, California 91423** (hereinafter the "Subject Property") by Defendants and other parties for work never performed and more importantly never authorized by Plaintiff. Additionally, several fraudulent grant deeds were executed without Plaintiff's authority which adversely affects Plaintiff's title to the subject real property.

When Defendants refused to release their bogus liens and to reverse the fraudulent transfers which affected the ability to sell the home and avoid a foreclosure, Plaintiff had no choice except to file the instant Chapter 13 Petition and this adversary proceeding in order to cancel the fraudulent documents and to quiet title in Plaintiff's name alone, free and clear of the bogus liens.

All of the Defendants were properly served with the Summons and Complaint in this matter and failed to response thereto leading to the Clerk entering Default against all Defendants on August 2, 2019.

On December 18, 2019, the Court entered a Default Judgment against all of the Defendants which included cancellation of certain Mechanic's Liens and Grant Deeds adjudged to have been recorded as a result of fraud by Defendants. [Docket No. 41]. [See **Exhibit "A"**].

On March 4, 2020, after the Court considered the Plaintiff's supplemental memorandum concerning damages suffered by Plaintiff herein, and entered an Amended Default Judgment which added the damage amount against all Defendants. [Docket No. 45]. [See **Exhibit "B"**].

In connection with a proposed sale of the Subject Property, the Title Company reviewed the Default Judgment and determined that the Subject Lien which was duplicative of the other liens recorded and cancelled by this Court, needed to be included in the Judgment in order to have the transaction insured.

1  Plaintiff now submits this Motion to support entry of a Second Amended Default

2  Judgment in his favor and against all Defendants which adds the cancellation of the

3  Subject Lien to its prior findings.

4  ## II.    STATEMENT OF FACTS

5  Plaintiff is presently 89 years of age and his date of birth is June 21, 1930

6  Plaintiff is the sole owner and resident of the Subject Property having purchased it

7  in 1978 with his then wife who is now deceased.

8  ## ADDITIONAL FALSE MECHANIC LIEN

9  Unbeknownst to Plaintiff, Defendants ESCALERA and CHAIDEZ on behalf of

10  their companies SANTA FE and CCI and HUMBERTO as Co-Trustee of THE

11  KINGSLEY TRUST engineered a scheme to interfere/abscond with his title to the Subject

12  Property located at by executing and recording false Grant Deeds and Mechanics Liens

13  against the Subject Property despite the absence of any written contract with Plaintiff or

14  any authorization by Plaintiff to conduct any work at the Subject Property.

15  A review of a recent title report reveals an additional unauthorized Mechanics Lien

16  recorded against the Subject Property on December 20, 2018, Defendant SANTA FE by

17  and through Defendant ESCALERA recorded the Subject Lien in the amount of

18  $141,231.00 against the Subject Property with the Los Angeles County Recorder's Office

19  as Instrument Number 20181294803. [See **Exhibit "C"**]. Notably, similar to the other

20  Mechanic's Liens cancelled by this Court previously, the Subject Lien references also that

21  the work was allegedly performed on behalf of "Defendant HUMBERTO as Co-Trustee

22  of THE KINGSLEY TRUST and CLEARVIEW TRUST" and is for the exact same

23  amount as the liens previously cancelled in this matter, and further appears to just be an

24  altered version of the prior liens, which Plaintiff believes is an improper way to

25  circumvent the statutory deadlines by Defendants.

26  The Subject Lien like the others: 1) was unsupported by any written or verbal

27  contract with Plaintiff; 2) was not preceded by any required Preliminary Notice (as

28  mandated under California *Civil Code* sections 8100, et seq. and 8410) and 3) was never

1  the subject of any action to enforce said lien within the 90 day period set forth in

2  California *Civil Code* section 8460.

3     Plaintiff further believes that the Subject Lien was not based upon a claim separate

4  from the other Mechanic's Liens but was duplicative of the other lines and was recorded

5  fraudulently by Defendants SANTA FE, CC, CHAIDEZ, and ESCALERA solely to

6  renew their false claims against Plaintiff and the Subject Property so as to fraudulently

7  extend any expired statute of limitation for enforcement of said liens.

8     Defendants failed to bring an action to enforce the Subject Lien within 90 days

9  after the recordation of the claim of lien, as required by California *Civil Code* § 8460. No

10 action has been filed to foreclose the liens; no extension of credit has been recorded; and

11 the time period during which suit can be brought to foreclose the lien has expired. As a

12 result the Subject Lien is therefore subject to expungement in full and should be added to

13 the prior Amended Default Judgment.

14    A recent review of a recent Title Report for the Subject Property reveals that the

15 Subject Lien is still recorded against the Subject Property, thereby clouding title thereto.

16    As a result, Plaintiff is entitled to an Order adding the expunging of the **Exhibit**

17 **"C"** Subject Lien to the previous Amended Default Judgment.

18                    **III.    PROCEDURAL SUMMARY**

19    Plaintiff filed the instant Adversary proceeding, Case Number. 1:19-ap-01074-MT

20 on June 24, 2019.

21    Under Rule 12, all Defendants were required to plead or otherwise respond to the

22 Complaint by July 25, 2019. The time to plead or otherwise respond to the Complaint was

23 not extended by any agreement of the parties or any other of the Court and on August 1,

24 2019, Plaintiff applied for entry of default against all defendants.

25    On August 2, 2019, the clerk entered default against all Defendants including

26 ESCALERA and SANTA FE.

27    On August 30, 2019, Defendants ESCALERA and SANTA FE filed a Motion

28 seeking to set aside the defaults entered against them.

**PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

1    On September 26, 2019, Plaintiff filed his Motion for Entry of Default Judgment
2    against all Defendants except ESCALERA in order to permit the Court to rule on a
3    Motion to set aside the Default.

4    On November 6, 2019, the Court denied Defendants ESCALERA's and SANTA
5    FE's Motion and requested the instant supplemental brief while continuing the hearing
6    until December 18, 2019.

7    On December 18, 2019, the Court entered a Default Judgment against all of the
8    Defendants which included cancellation of certain Mechanic's Liens and Grant Deeds
9    adjudged to have been recorded as a result of fraud by Defendants. [Docket No. 41]. [See
10   **Exhibit "A"**].

11   On March 4, 2020, after the Court considered the Plaintiff's supplemental
12   memorandum concerning damages suffered by Plaintiff herein, and entered an Amended
13   Default Judgment which added the damage amount against all Defendants. [Docket No.
14   45]. [See **Exhibit "B"**].

## IV.    ARGUMENT

### A.    THE COURT IS EMPOWERED TO AMEND THE PRIOR DEFAULT JUDGMENT TO INCLUDE THE SUBJECT LIEN

Federal Rule of Civil Procedure Rule 59 entitled "New Trial; Altering or
Amending a Judgment" provides that, "(e) Motion to Alter or Amend a Judgment. A
motion to alter or amend a judgment must be filed no later than 28 days after the entry of
the judgment," Fed. Rule Civ. Proc. 59(e).

Further, Federal Rule of Bankruptcy Procedure Rule 9023 entitled "New Trials;
Amendment of Judgments Primary tabs" provides that, "[e]xcept as provided in this rule
and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new
trial or to alter or amend a judgment shall be filed, and a court may on its own order a new
trial, no later than 14 days after entry of judgment.," Fed. Rule Bank. Proc. 59(e).

There are four grounds upon which a Rule 59(e) motion may be granted: (1) the
motion is "necessary to correct manifest errors of law or fact upon which a judgment is

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  based," (2) the moving party presents "newly discovered or previously unavailable

2  evidence," (3) the motion is necessary "to prevent manifest injustice," (4) there is an

3  "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe. R. Co.,*

4  338 F.3d 1058, 1063 (9th Cir. 2003).

5      Clearly, the proposed relief here falls within grounds (1) and (3) described in

6  *Turner* based upon the mistakenly omitted Subject Lien which is preventing the Plaintiff

7  from selling the Subject Property and completing his Chapter 13 Bankruptcy. Moreover,

8  once the error was discovered, this Motion was timely prepared and submitted to the court

9  and served on all parties.

10     **B.    GOOD CAUSE EXISTS FOR THE AMENDMENT SOUGHT**

11        **1.   The Subject Lien is Deserving of Cancellation by the Court**.

12     Plaintiff has alleged and the uncontroverted facts already considered by the Court

13  establish that:

14     1) Defendants ESCALERA, CHAIDEZ and their companies SANTA FE and CC

15         intentionally created false Mechanics Liens without Plaintiff's knowledge and

16         without performing any work, intentionally re-recorded duplicative Mechanics

17         Liens so as to renew the statute of limitations period, and refused to release the

18         Mechanics Liens when they expired so that they could interfere with Plaintiff's

19         title to the Subject Property;

20     2) Defendants ESCALERA, CHAIDEZ and their companies SANTA FE and CC

21         intentionally misrepresented that they had a written agreement with Plaintiff or

22         that Plaintiff ever consented to or otherwise authorized any work to be

23         performed at the Subject Property by them;

24     3) Defendants HUMBERTO fraudulently represented himself as an owner of the

25         Subject Property in order to allegedly authorize Defendants ESCALERA,

26         CHAIDEZ and their companies SANTA FE and CC to perform work at the

27         Subject Property as a precursor of recording the false ML1 through ML4.

28     4) Defendants knowingly made false representations of a matter of fact that was

intended to deceive Plaintiff and Plaintiff's Lender to believe that the Mechanic's Liens were true and correct.

5) No actions were ever filed within the required time period to enforce the Subject Lien [**Exhibit "C"**] which is identical to several of the cancelled Mechanic's Liens except for the date and signature. See, California *Civil Code* sections 8460, 8480

All of the representations and concealments made by Defendants were in fact false. At no time did Plaintiff ever agree to voluntarily transfer any interest in the Subject Property and did not enter into any contracts with the Defendants to perform any work at the Subject Property.

Plaintiff therefore seeks Amendment of the Amended Default Judgment to include cancellation of the Subject Lien in order to restore full title in his name. See, California *Civil Code* section 3412 ("A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.").

## 2. The Court Should Correct the Mistaken Omission Discovered after Judgment was Entered

As supported by the attached Declarations, following entry of the Amended Default Judgment, it was discovered by the Title Company that one additional Mechanic's Lien was mistakenly not included in Plaintiff's original claim. Except for the date and signature, this lien is virtually identical to at least 3 other Mechanic's Liens recorded by Defendants ESCALERA and SANTA FE against the Subject Property. The amount is the same ($141,231.00), the description of the work is the same (General construction repair, including electrical, plumbing and HVAC) and the person allegedly authorizing the work is the same (Defendant HUMBERTO). The Subject Lien was mistakenly omitted in Plaintiff's Complaint and in the subsequent Default Judgment and is therefore deserving of cancellation/expungement along with the prior liens.

1    As soon as the error was discovered this Motion was prepared and filed seeking to

2    correct the mistake and it was served on all affected parties.

3    Finally, there will be no prejudice to the Defendants who have otherwise failed to

4    respond to the Complaint and other subsequent papers filed by the Plaintiff in this matter

5    if the Court grants the requested relief.

6    As a result it is incumbent upon the Court to grant this Motion and permit the

7    proposed Amendment to the Amended Default Judgment so that Plaintiff may proceed

8    with the proposed sale of the Subject Property.

9    **V.    CONCLUSION**

10    For all the forgoing reasons, therefore, the Court should grant Plaintiff's Motion in

11    full and enter a Second Amended Default Judgment in favor of Plaintiff and against

12    Defendants as follows [**Proposed Amendment Highlighted Below**]:

13    Judgment shall be entered in favor of Plaintiff and against Defendants on his First Cause

14    of Action for Fraud, Third Cause of Action for Expungement of Mechanic's Liens; Fourth

15    Cause of Action for Quiet Title; Fifth Cause of Action for Cancellation of Instruments;

16    Sixth Cause of Action for Slander of Title and Seventh Cause of Action for Elder Abuse;

17    **3.**        c. Plaintiff is awarded attorney's fees in the following amount: $17,129.00

18            e. Plaintiff is granted the following relief:

19    i)    The Subject Property as is used hereinafter is real property located at 3859

20    Sherwood Place, Sherman Oaks, California 91423 legally described as LOT(S) 28 OF

21    TRACT NO. 10150, IN THE CITY OF LOS ANGELES, COUNTY OF LOS

22    ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143

23    PAGE(S) 21 TO 24, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY

24    RECORDER OF SAID COUNTY. ASSESSOR'S PARCEL NUMBER 2272-005-016.

25    ii)    Plaintiff's request to quiet title to the Subject Property in Plaintiff's name

26    alone is granted;

27    iii)    The Grant Deed recorded with the Los Angeles County Recorder's Office

28    on February 28, 2017 as Instrument Number 20170232407 is hereby cancelled in full

1    as to the Subject Property;

2        iv)    Defendants CESAR CHAIDEZ, an individual; LORENA LARA, an

3    individual; HUMBERTO LARA, an individual; and JOHN WHITE, an individual and

4    have no right, title, estate, lien, or interest in the Subject Property;

5        v)    The Mechanic's Lien in favor of Defendant SANTA FE GENERAL

6    CONSTRUCTION, INC., a California corporation recorded with the Los Angeles

7    County Recorder's Office on September 1, 2017 as Instrument Number 20171000698

8    is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

9        vi)    Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California

10   corporation has no right, title, estate, lien, or interest in the Subject Property as a result

11   of this Mechanic's Lien;

12       vii)    The Mechanic's Lien in favor of Defendant CHAIDEZ CONSTRUCTION,

13   INC., a California corporation recorded with the Los Angeles County Recorder's

14   Office on February 16, 2018 as Instrument Number 20180162794 is hereby expunged

15   and canceled in full as to Plaintiff and as to the Subject Property;

16       viii)    Defendant CHAIDEZ CONSTRUCTION, INC., a California corporation

17   has no right, title, estate, lien, or interest in the Subject Property as a result of this

18   Mechanic's Lien;

19       ix)    The Mechanic's Lien in favor of Defendant SANTA FE GENERAL

20   CONSTRUCTION, INC., a California corporation recorded with the Los Angeles

21   County Recorder's Office on February 16, 2018 as Instrument Number 20180162795

22   is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

23       x)    Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California

24   corporation has no right, title, estate, lien, or interest in the Subject Property as a result

25   of this Mechanic's Lien;

26       **xi)    The Mechanic's Lien in favor of Defendant SANTA FE GENERAL**

27   **CONSTRUCTION, INC., a California corporation recorded with the Los Angeles**

28   **County Recorder's Office on December 20, 2018 as Instrument Number**

**PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

1    **2018294803 is hereby expunged and canceled in full as to Plaintiff and as to the**

2    **Subject Property;**

3    xii)    **Defendant SANTA FE GENERAL CONSTRUCTION, INC., a**

4    **California corporation has no right, title, estate, lien, or interest in the Subject**

5    **Property as a result of this Mechanic's Lien;**

6    xiii)    The Mechanic's Lien in favor of Defendant SANTA FE GENERAL

7    CONSTRUCTION, INC., a California corporation recorded with the Los Angeles

8    County Recorder's Office on April 12, 2019 as Instrument Number 20190326560 is

9    hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

10    xiv)    Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California

11    corporation has no right, title, estate, lien, or interest in the Subject Property as a result

12    of this Mechanic's Lien;

13    xv)    The Grant Deed recorded with the Los Angeles County Recorder's Office

14    on April 1, 2019 as Instrument Number 20190281558 is hereby cancelled in full as to

15    the Subject Property;

16    xvi)    Defendant JOHN WHITE has no right, title, estate, lien, or interest in the

17    Subject Property;

18    xvii)    The effect of this Judgment shall be to restore title to the Subject Property in

19    the name of Plaintiff ROBERT BENJAMIN SAUTTER alone, free and clear of any of

20    the aforementioned liens and deeds.

21                    Respectfully submitted,

22                    **RESNIK HAYES MORADI, LLP**

23

24    Dated: March 5, 2020        By:    /s/ Matthew D. Resnik
                                    MATTHEW D. RESNIK,
25                                    DAVID M. KRITZER,
                                    Attorneys for Plaintiff,
26                                    ROBERT BENJAMIN SAUTTER

27

28

**PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

## DECLARATION OF ROBERT BENJAMIN SAUTTER

**I, ROBERT BENJAMIN SAUTTER, DO HEREBY DECLARE AND STATE AS FOLLOWS:**

1.     I am the Plaintiff and Debtor in this action.  I am presently 89 years of age and my date of birth is June 21, 1930.

2.     I make this Declaration based upon my personal knowledge and my review of documents provided to me in support of my Motion for an Order Amending the Amended Default Judgment entered on March 4, 2020 against Defendants, **SANTA FE GENERAL CONSTRUCTION, INC., a California** corporation ('SANTA FE"); **JUBILIO ESCALERA, an individual** ("ESCALERA"); **CHAIDEZ CONSTRUCTION, INC., a California corporation** ("CCI"); **CESAR CHAIDEZ, an individual** ("CHAIDEZ"); **LORENA LARA, an individual** ("LORENA"); **HUMBERTO LARA, an individual** ("HUMBERTO"); and **JOHN WHITE, an individual** ("WHITE")(collectively "Defendants"). If called as witness, I could and would competently testify thereto.

3.     I am the sole owner and resident of real property commonly known as **3859 SHERWOOD PLACE, SHERMAN OAKS, CALIFORNIA 91423** (hereinafter the "Subject Property") legally described as **LOT(S) 28 OF TRACT NO. 10150, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143 PAGE(S) 21 TO 24, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. ASSESSOR'S PARCEL NUMBER 2272-005-016.**

4.     In 1978, I purchased the Subject Property with my then wife MISUE SAUTTER who died in May 2016.

5.     As discussed more fully in my previous Declaration submitted in support of entry of Default Judgment in this matter, I am the victim of a fraudulent scheme perpetrated by the Defendants against me, designed to steal title to the Subject Property from me.

**PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

1    6.    I am aware that as a result of my counsel's efforts, on December 18, 2019,

2    the Court entered a Default Judgment in my favor against all of the Defendants which

3    included cancellation of certain Mechanic's Liens and Grant Deeds adjudged to have been

4    recorded as a result of fraud by Defendants. [Docket No. 41]. A true and correct copy of

5    the Default Judgment is attached hereto as **Exhibit "A"** and is incorporated herein by

6    reference as though set forth in full.

7    7.    I am aware that as a result of my counsel's efforts and after providing

8    evidence of my damages, on March 4, 2020, the Court entered an Amended Default

9    Judgment which added the damage amount against all Defendants. [Docket No. 45]. A

10    true and correct copy of the Amended Default Judgment is attached hereto as **Exhibit "B"**

11    and is incorporated herein by reference as though set forth in full.

12    8.    I have been engaged in efforts to sell the Subject Property and was in the

13    process of completing a sale when I was notified by the Title Company that the Default

14    Judgment did not include an additional Mechanic's Lien recorded with the Los Angeles

15    County Recorder's Office on December 20, 2018 as Instrument Number 2018294803

16    (hereinafter the "Subject Lien") and therefore the sale could not close on time.

17    9.    I have reviewed a copy of the Subject Lien, a true and correct copy of which

18    is attached hereto as **Exhibit "C"** and is incorporated herein by reference as though set

19    forth in full and find it to be virtually identical to at least 3 other Mechanic's Liens

20    recorded by Defendants ESCALERA and SANTA FE against the Subject Property

21    virtually identical to 3 of the other Mechanic's Liens which were expunged by the Court's

22    prior Default Judgment.

23    10.    Specifically except for the date and signature on the Subject Lien, the

24    amount is the same ($141,231.00), the description of the work is the same (General

25    construction repair, including electrical, plumbing and HVAC) and the person allegedly

26    authorizing the work is the same (Defendant HUMBERTO).

27    11.    As with the other liens cancelled by the Court, the Subject Lien: 1) was not

28    supported by any written or verbal contract with me; 2) was not preceded by any required

1  Preliminary Notice (as I am informed is mandated under California *Civil Code* sections
2  8100, et seq. and 8410) and 3) was never the subject of any action to enforce said liens
3  within the 90 day period set forth in California *Civil Code* section 8460.

4       12.    I further believe that the Subject Lien, like the other liens is not based upon
5  a separate claim but was intentionally duplicative of the other liens and was recorded
6  fraudulently by Defendants SANTA FE, CC, CHAIDEZ, and ESCALERA solely to
7  renew their false claims against me and the Subject Property so as to fraudulently extend
8  any expired statute of limitation for enforcement of said liens.

9       13.    Because of this, I believe that the Subject Lien is just as deserving of
10 expungement as the rest of the liens included in the Default Judgment.

11      14.    The Subject Lien was mistakenly omitted in my Complaint and in the
12 subsequent Default Judgment and is therefore deserving of cancellation/expungement
13 along with the prior liens. Given the vast number of false deeds and liens involved it is
14 understandable that both my counsel and I did not notice that this specific lien was not
15 included in the prior papers and I would therefore respectfully request that the Court grant
16 my motion in full and permit an Amendment to the Amended Default Judgment to include
17 the Subject Lien which will permit me to close my pending sale transaction for the Subject
18 Property.

19      I declare under penalty of perjury that the foregoing is true and correct under the
20 laws of the United States of America.

21      Executed on March 5, 2020, in Encino, California.

22
23                              ROBERT BENJAMIN SAUTTER
24
25
26
27
28

PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT

1

## DECLARATION OF DAVID M. KRITZER

2 **I, DAVID M. KRITZER, DO HEREBY DECLARE AND STATE AS**

3 **FOLLOWS:**

4     2.    I am employed as a Senior Litigation Associate with the law office of

5 RESNIK HAYES MORADI, LLP, counsel of record for the the Plaintiff and Debtor in

6 this action **PLAINTIFF, ROBERT BENJAMIN SAUTTER** (hereinafter "Plaintiff" or

7 "SAUTTER").

8     3.    I make this Declaration based upon my personal knowledge and my review

9 of documents provided to me in support of Plaintiff's Motion for an Order Amending the

10 Amended Default Judgment entered on March 4, 2020 against Defendants, **SANTA FE**

11 **GENERAL CONSTRUCTION, INC., a California** corporation ('SANTA FE");

12 **JUBILIO ESCALERA, an individual** ("ESCALERA"); **CHAIDEZ**

13 **CONSTRUCTION, INC., a California corporation** ("CCI"); **CESAR CHAIDEZ, an**

14 **individual** ("CHAIDEZ"); **LORENA LARA, an individual** ("LORENA");

15 **HUMBERTO LARA, an individual** ("HUMBERTO"); and **JOHN WHITE, an**

16 **individual** ("WHITE")(collectively "Defendants"). If called as witness, I could and would

17 competently testify thereto.

18     4.    On March 5, 2019, I received and email and spoke via telephone with Bob

19 Elliot, Chief Title Officer at North American Title Company which is handling the

20 pending sale of the Plaintiff's real property located at **3859 SHERWOOD PLACE,**

21 **SHERMAN OAKS, CALIFORNIA 91423** (hereinafter the "Subject Property").

22     5.    During our telephone call Mr. Elliot informed me that North American Title

23 could not insure the proposed transaction because an additional lien was located on title

24 which was not included in the previous Default Judgment entered by the Court in this

25 matter.

26     6.    Unfortunately, it appears that this additional lien, a mechanic's lien which is

27 virtually identical to 3 of the mechanic's liens expunged by the Court's Order, was not

28 included in the Plaintiff's Complaint and subsequent Motion for Default Judgment. This

**PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

1  was an unfortunate error not noticed by our office or by the Plaintiff when he reviewed the

2  documents prior to entry of Default.

3       7.     There will be no prejudice to the Defendants who have otherwise failed to

4  respond to the Complaint and other subsequent papers filed by the Plaintiff in this matter

5  if the Court grants the requested relief.

6       8.     As a result, I would respectfully request that the Court grant the Plaintiff's

7  motion in full and permit an Amendment to the Amended Default Judgment to include the

8  Subject Lien which will permit the Plaintiff to close his pending sale transaction for the

9  Subject Property.

10       I declare under penalty of perjury that the foregoing is true and correct under the

11  laws of the United States of America.

12       Executed on March 5, 2020, in Encino, California.

14  DAVID M. KRITZER

**PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

# EXHIBIT "A"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Matthew Resnik - Bar # 182562<br>David M. Kritzer - Bar # 170545<br>Pardis Akhavan - Bar # 320342<br>RESNIK HAYES MORADI LLP<br>17609 Ventura Blvd., Suite 314<br>Encino, California 91316<br>Telephone: (818) 285-0100<br>Facsimile: (818) 855-7013<br>matt@rhmfirm.com<br>david@rhmfirm.com<br>pardis@rhmfirm.com<br><br>☐ Debtor(s) appearing without attorney<br>☒ Attorney for: **Plaintiff** | **FILED & ENTERED**<br><br>**DEC 18 2019**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY egonzale DEPUTY CLERK |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BENJAMIN SAUTTER,<br><br>Debtor(s) | CASE NO.: **1:19-bk-11301-MT**<br><br>CHAPTER: **13**<br><br>ADVERSARY NO.: **1:19-ap-01074-MT** |
| ROBERT BENJAMIN SAUTTER,<br><br>Plaintiff(s)<br><br>vs.<br><br>SANTA FE GENERAL CONSTRUCTION, INC., a California corporation, ET AL.<br><br>Defendant(s) | **DEFAULT JUDGMENT<br>(WITHOUT PRIOR JUDGMENT)**<br><br>DATE: December 18, 2019<br>TIME: 11:00am<br>COURTROOM: 302<br>PLACE: U.S. Bankruptcy Court<br>21041 Burbank Blvd.<br>Woodland Hills, CA 9136 |

Based on the Defendant's failure to respond to the Complaint, the court renders its judgment as follows:

1.    The Findings of Fact and Conclusions of Law set forth in the Court's Tentative Ruling which has become the Order of the Court [Docket No. ____] are incorporated herein by reference as though set forth in full.

2.    Judgment shall be entered in favor of Plaintiff (*specify name*): ROBERT BENJAMIN SAUTTER and against Defendants (*specify name*): SANTA FE GENERAL CONSTRUCTION, INC., a California corporation;  JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; and JOHN WHITE, an individual

3.  a.  ☐  Plaintiff is awarded damages in the following amount:                                      $_____

    b.  ☐  Plaintiff is awarded costs in the following amount:                                          $_____

    c.  ☐  Plaintiff is awarded attorney fees in the following amount:                          $

    d.  ☐  Plaintiff is awarded interest at the rate of _____% per year from the following date to the date of entry of this judgment (*specify date from which interest shall begin to run*): _____

    e.  ☒  Plaintiff is granted the following relief (*specify*):

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i.      The Subject Property as is used hereinafter is real property located at **3859 Sherwood Place, Sherman Oaks, California 91423** legally described as **LOT(S) 28 OF TRACT NO. 10150, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143 PAGE(S) 21 TO 24, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. ASSESSOR'S PARCEL NUMBER 2272-005-016.**

ii.     Plaintiff's request to quiet title to the Subject Property in Plaintiff's name alone is granted;

iii.    The Grant Deed recorded with the Los Angeles County Recorder's Office on February 28, 2017 as Instrument Number 20170232407 is hereby cancelled in full as to the Subject Property;

iv.     Defendants CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; and JOHN WHITE, an individual have no right, title, estate, lien, or interest in the Subject Property;

v.      The Mechanic's Lien in favor of Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on September 1, 2017 as Instrument Number 20171000698 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

vi.     Defendants JUBILIO ESCALERA and SANTA FE GENERAL CONSTRUCTION, INC., a California corporation have no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

vii.    The Mechanic's Lien in favor of Defendant CHAIDEZ CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on February 16, 2018 as Instrument Number 20180162794 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

viii.   Defendant CHAIDEZ CONSTRUCTION, INC., a California corporation has no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

ix.     The Mechanic's Lien in favor of Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on February 16, 2018 as Instrument Number 20180162795 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

x.      Defendants JUBILIO ESCALERA and SANTA FE GENERAL CONSTRUCTION, INC., a California corporation have no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

xi.     The Mechanic's Lien in favor of Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on April 12, 2019 as Instrument Number 20190326560 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

xii.    Defendants JUBILIO ESCALERA and SANTA FE GENERAL CONSTRUCTION, INC., a California corporation have no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

xiii.   The Grant Deed recorded with the Los Angeles County Recorder's Office on April 1, 2019 as Instrument Number 20190281558 is hereby cancelled in full as to the Subject Property;

xiv.    Defendant JOHN WHITE has no right, title, estate, lien, or interest in the Subject Property;

xv.     The effect of this Judgment shall be to restore title to the Subject Property in the name of Plaintiff ROBERT BENJAMIN SAUTTER alone, free and clear of any of the aforementioned liens and deeds.

xvi.    Defendants are adjudged to be liable to Plaintiff for damages flowing from the Slander of Title and Elder Abuse claims with the amount to be fixed at a later date upon filing by Plaintiff of a Motion for Attorney's Fees.

☐ See attached page

4.  ☐ This judgment or claim is determined to be non-dischargeable under:     ☐ Bankruptcy Code §523(a) _____
    ☐ Other (specify):

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. ☐ The court further orders:

   ☐ See attached page

###

Date: December 18, 2019

Maureen A. Tighe
United States Bankruptcy Judge

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                                    Page 3                                    F 7055-1.2.DEFAULT.JMT

# EXHIBIT "B"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Matthew Resnik - Bar # 182562<br>David M. Kritzer - Bar # 170545<br>Pardis Akhavan - Bar # 320342<br>RESNIK HAYES MORADI LLP<br>17609 Ventura Blvd., Suite 314<br>Encino, California 91316<br>Telephone: (818) 285-0100<br>Facsimile: (818) 855-7013<br>matt@rhmfirm.com<br>david@rhmfirm.com<br>pardis@rhmfirm.com | **FILED & ENTERED**<br><br>MAR 04 2020<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY egonzale DEPUTY CLERK |
| ☐ Debtor(s) appearing without attorney<br>☒ Attorney for: **Plaintiff** | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION

| In re:<br><br>ROBERT BENJAMIN SAUTTER,<br><br>Debtor(s) | CASE NO: **1:19-bk-11301-MT**<br><br>CHAPTER: **13**<br><br>ADVERSARY NO: **1:19-ap-01074-MT** |
|---|---|
| ROBERT BENJAMIN SAUTTER,<br><br>Plaintiff(s)<br><br>vs.<br><br>SANTA FE GENERAL CONSTRUCTION, INC., a California corporation, ET AL.<br><br>Defendant(s) | **AMENDED DEFAULT JUDGMENT** |
| | **DATE:** December 18, 2019<br>**TIME:** 11:00am<br>**COURTROOM:** 302<br>**PLACE:** U.S. Bankruptcy Court<br>21041 Burbank Blvd.<br>Woodland Hills, CA 9136 |

Based on the Defendant's failure to respond to the Complaint, the court renders its judgment as follows:

1.   The Findings of Fact and Conclusions of Law set forth in the Court's Tentative Ruling which has become the Order of the Court [Docket No. 40] are incorporated herein by reference as though set forth in full.

2.   Judgment shall be entered in favor of Plaintiff (*specify name*): ROBERT BENJAMIN SAUTTER and against Defendants (*specify name*): SANTA FE GENERAL CONSTRUCTION, INC., a California corporation;  JUBILIO ESCALERA, an individual; CHAIDEZ CONSTRUCTION, INC., a California corporation; CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; and JOHN WHITE, an individual

3.   a.  ☐  Plaintiff is awarded damages in the following amount:                    $_____

   b.  ☐  Plaintiff is awarded costs in the following amount:                       $_____

   c.  ☒  Plaintiff is awarded attorney fees in the following amount:              $17,129.00

   d.  ☐  Plaintiff is awarded interest at the rate of _____% per year from the following date to the date of entry of this judgment (*specify date from which interest shall begin to run*): _____

   e.  ☒  Plaintiff is granted the following relief (*specify*):

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i.      The Subject Property as is used hereinafter is real property located at **3859 Sherwood Place, Sherman Oaks, California 91423** legally described as **LOT(S) 28 OF TRACT NO. 10150, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143 PAGE(S) 21 TO 24, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. ASSESSOR'S PARCEL NUMBER 2272-005-016.**

ii.      Plaintiff's request to quiet title to the Subject Property in Plaintiff's name alone is granted;

iii.      The Grant Deed recorded with the Los Angeles County Recorder's Office on February 28, 2017 as Instrument Number 20170232407 is hereby cancelled in full as to the Subject Property;

iv.      Defendants CESAR CHAIDEZ, an individual; LORENA LARA, an individual; HUMBERTO LARA, an individual; and JOHN WHITE, an individual have no right, title, estate, lien, or interest in the Subject Property;

v.      The Mechanic's Lien in favor of Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on September 1, 2017 as Instrument Number 20171000698 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

vi.      Defendants JUBILIO ESCALERA and SANTA FE GENERAL CONSTRUCTION, INC., a California corporation have no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

vii.      The Mechanic's Lien in favor of Defendant CHAIDEZ CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on February 16, 2018 as Instrument Number 20180162794 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

viii.      Defendant CHAIDEZ CONSTRUCTION, INC., a California corporation has no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

ix.      The Mechanic's Lien in favor of Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on February 16, 2018 as Instrument Number 20180162795 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

x.      Defendants JUBILIO ESCALERA and SANTA FE GENERAL CONSTRUCTION, INC., a California corporation have no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

xi.      The Mechanic's Lien in favor of Defendant SANTA FE GENERAL CONSTRUCTION, INC., a California corporation recorded with the Los Angeles County Recorder's Office on April 12, 2019 as Instrument Number 20190326560 is hereby expunged and canceled in full as to Plaintiff and as to the Subject Property;

xii.      Defendants JUBILIO ESCALERA and SANTA FE GENERAL CONSTRUCTION, INC., a California corporation have no right, title, estate, lien, or interest in the Subject Property as a result of this Mechanic's Lien;

xiii.      The Grant Deed recorded with the Los Angeles County Recorder's Office on April 1, 2019 as Instrument Number 20190281558 is hereby cancelled in full as to the Subject Property;

xiv.      Defendant JOHN WHITE has no right, title, estate, lien, or interest in the Subject Property;

//
//
//
//
//
//
//
//
//

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013    Page 2    F 7055-1.2.DEFAULT.JMT

xv.       The effect of this Judgment shall be to restore title to the Subject Property in the name of Plaintiff ROBERT BENJAMIN SAUTTER alone, free and clear of any of the aforementioned liens and deeds.

4.    ☐   The court further orders:

☐   See attached page

###

Date: March 4, 2020

*Maureen A. Tighe*

Maureen A. Tighe
United States Bankruptcy Judge

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "C"

**This page is part of your document - DO NOT DISCARD**



# 20181294803





**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/20/18 AT 03:40PM**

| | |
|---|---|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**L E A D S H E E T**



201812200930026

00016096882



009532363

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E216767

Recording Requested By and When Recorded Mail To:

Santa Fe General Construction, Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located.)

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant ___Santa Fe General Construction, Inc.___

___7912 Ventura Canyon Ave., Panorama City, CA 91402___ (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of ___Los Angeles___, State of California, said land described as follows:

**STREET ADDRESS:** 3859 Sherwood Place, Sherman Oaks, CA 91423
    **and/or**
**LEGAL DESCRIPTION:** Lot 28 of Tract 10150 as per Map recorded in Book 143 Pages 21 through 24 inclusive of Maps in the Office of the County Recorder of Said County

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant: ___General construction repair including electrical, plumbing, and HVAC.___ (describe generally). Claimant is owed $ ___141,231.00___ for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is: ___Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST___

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
___Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST___
3859 Sherwood Place, Sherman Oaks, CA 91423
Name of Claimant: Santa Fe General Construction, Inc.

Date: ___12-19-2018___        By: _____
                                    Signature
                              Jubilio Escalera, President
                              Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the ___Jubilio Escalera, President___ (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien: I am authorized to make this verification for the Claimant: I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___12 / 19___, 20 ___18___ at ___Los Angeles___ California. _____
                                                        Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012                          Page One

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

   Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)). Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER
California Civil Code Section 8416 (a)(7) and (c)(1)

I, ~~Enrico Enriquez~~ CESAR MORALES (name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: __Humberto Lara, Co-Trustee of THE KINGSLEY TRUST and CLEARVIEW TRUST__

Title or capacity of person or entity served: _Owner_____

Service Address: _3859 Sherwood Place, Sherman Oaks, CA 91423_____

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on _12/19_____, 20_18_ (date), at _Los Angeles_____ (city), California.

By: _____
(signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR
California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____(name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered mail, certified mail, or first-class mail. Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate):_____

Service Address: _____

Executed on_____, 20____ (date), at _____(city), California.

By:_____
(signature of person serving)

## NOTICE OF MECHANICS LIEN CLAIM
## ATTENTION!

Upon the recording of the enclosed MECHANICS LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the enclosed mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is release.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is: **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS IN SUPPORT THEREOF** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/6/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Matthew D Resnik** - matt@rhmfirm.com,
  ResnikMR81240@notify.bestcase.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@r
  hmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.
  com;russ@rhmfirm.com;rebeca@rhmfirm.com

- **United States Trustee (SV)** - ustpregion16.wh.ecf@usdoj.gov

**II.    SERVED BY U.S. MAIL:** On **3/6/2020**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Santa Fe General Construction, Inc.<br>7912 Ventura Canyon Ave<br>Panorama City Ca 91402 | Jubilio Escalera<br>7912 Ventura Canyon Ave<br>Panorama City Ca 91402 |
| Chaidez Construction, Inc.<br>2658 Fernley Dr<br>Duarte Ca 91010 | Chaidez Construction, Inc.<br>2658 Fernley Dr<br>Duarte Ca 91010 |
| Cesar Nicanor Chaidez<br>2658 Fernley Dr<br>Duarte Ca 91010 | Humberto Lara<br>818 Poppy Court<br>Oakdale, Ca 95381 |
| Lorena Lara<br>818 Poppy Court<br>Oakdale, Ca 95381 | John White<br>2901 N. Rainbow Blvd., #1077<br>Las Vegas, Nv 89108 |
| The Honorable Maureen A. Tighe<br>21041 Burbank Boulevard, Suite 324<br>Woodland Hills, CA 91367 | |

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/6/2020 | Rebeca B. Benitez | /s/ Rebeca B. Benitez |
|----------|-------------------|------------------------|
| *Date* | *Type Name* | *Signature* |